RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
OCT 17 2025
DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. |
| | * | [18 U.S.C. § 2339B] |
| VERSUS | * | [18 U.S.C. § 1546(a)] |
| | * | |
| MAHMOUD AMIN YA'QUB | * | 6:25-cr-00285-01 |
| AL-MUHTADI | * | Judge Joseph |
| a/k/a "Abu Ala" | * | Magistrate Judge Whitehurst |

**INDICTMENT**

THE GRAND JURY CHARGES:

<u>COUNT 1</u>

**CONSPIRING TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION RESULTING IN DEATH
18 U.S.C. § 2339B**

On October 8, 1997, the United States Secretary of State designated HAMAS as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act. On October 31, 2001, the Secretary of State also designated HAMAS as a Specially Designated Global Terrorist under Executive Order 13224. The Secretary of State has also listed the following aliases for HAMAS: Islamic Resistance Movement, Harakat al Muqawama al-Islamiya, Students of Ayyash, Students of the Engineer, Yahya Ayyash Units, Izz Al-Din Al-Qassim Brigades, Izz Al-Din Al-Qassim Forces, Izz Al-Din Al Qassim Battalions, Izz al-Din Al Qassam Brigades, Izz al-Din Al Qassam Forces, and Izz al-Din Al Qassam Battalions. To date, and at all times relevant to this Indictment, HAMAS remains a designated FTO.

On or about October 7, 2023, outside the jurisdiction of any particular State or district and being found and arrested in the Western District of Louisiana after the conduct required for the offense occurred, the defendant, MAHMOUD AMIN YA'QUB AL-MUHTADI a/k/a "Abu Ala", did knowingly conspire with others, known and unknown to the Grand Jury, to provide material support and resources, namely, personnel (including himself), weapons, and services, to a foreign terrorist organization, namely HAMAS, knowing that HAMAS was a designated foreign terrorist organization and that HAMAS has engaged and engages in terrorist activity and terrorism, in violation of Title 18, United States Code, Section 2339B. [18 U.S.C.§ 2339B].

Pursuant to Title 18, United States Code, Section 2339B(a)(1), it is further alleged that death resulted from the commission of the offense.

## COUNT 2

### VISA FRAUD
### 18 U.S.C. § 1546(a)

On or about August 6, 2024, outside the jurisdiction of any particular State or district and being found and arrested in the Western District of Louisiana after the conduct required for the offense occurred, the defendant, MAHMOUD AMIN YA'QUB AL-MUHTADI a/k/a "Abu Ala", did knowingly make under oath a false statement with respect to a material fact in an application required by the immigrations laws and regulations prescribed thereunder, to wit Form DS-260, an Immigrant Visa Electronic Application, wherein the defendant asserted that:

a. He did not have specialized skills or training, including firearms or explosives, when in truth and in fact, and as the defendant then and there

well knew, he did have specialized skills or training, including firearms or explosives, due to his longtime affiliation with the Democratic Front for the Liberation of Palestine ("DFLP") and its paramilitary wing, the National Resistance Brigades ("NRB");

b. He had not ever served in, been a member of, or been involved with a paramilitary unit, vigilante unit, rebel group, guerilla group, or insurgent organization, when in truth and in fact, as the defendant then and there well knew, he had long been a member of DFLP and its paramilitary wing, NRB;

c. He had never engaged in terrorist activities, when in truth and in fact, as the defendant then and there well knew, he participated in the HAMAS-led attack against Israel on October 7, 2023;

d. He had never intended to provide financial assistance or other support to terrorists or terrorist organizations, when in truth and in fact, as the defendant then and there well knew, he had in fact provided material support to HAMAS, namely, personnel (including himself), weapons, and services by participating in the HAMAS-led attack against Israel on October 7, 2023; and

e. He had not committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of violence, when in truth and in fact, as the defendant then and there well knew, he had committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of violence through his participation in the HAMAS-led attack against Israel on October 7, 2023;

All in violation of Title 18, United States Code, Section 1546(a). [18 U.S.C. § 1546(a)].

## FORFEITURE ALLEGATION

The allegations contained in this Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeiture.

Pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), upon conviction of Count 1 of this Indictment, the defendant, MAHMOUD AMIN YA'QUB AL-MUHTADI a/k/a "Abu Ala", shall forfeit to the United States of America, any property, real or personal, that constitute proceeds of the charged conduct, and any property, real or personal, that was used, involved in, or facilitated, the planning or perpetrating of any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization.

Pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I) and 18 U.S.C. § 982(a)(6)(a)(I) and (ii)(II), upon conviction of Count 2 of this Indictment, the defendant, MAHMOUD AMIN YA'QUB AL-MUHTADI a/k/a "Abu Ala", shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds of the traceable offense, and/or which was involved in or facilitated the charged conduct.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

   c.     has been placed beyond the jurisdiction of the court;

   d.     has been substantially diminished in value; or

   e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

A TRUE BILL:

REDACTED

GRAND JURY FOREPERSON

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

ZACHARY A. KELLER
United States Attorney

By: _____
JOHN W. NICKEL, Bar No. 37819
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618

_____
ANDREW SIGLER, Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
National Security Division
United States Department of Justice