UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 6:25-cr-00285-01 |
| | * |
| VERSUS | * JUDGE JOSEPH |
| | * |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | * MAGISTRATE JUDGE WHITEHURST |

**JOINT MOTION TO CERTIFY CASE AS COMPLEX AND
EXTEND MOTION AND SPEEDY TRIAL ACT DEADLINES**

The United States of America, through its undersigned counsel, and the defendant, through his undersigned counsel, respectfully ask that this Court issue an order certifying the above-captioned matter as complex, extending the various pretrial deadlines, and setting the trial beyond the period set forth in the Speedy Trial Act.

1.

On October 17, 2025, a federal grand jury seated in the Western District of Louisiana returned a two count indictment charging violations of Title 18, United States Code, Section 2339B ("Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization Resulting in Death") and Section 1546(a) ("Visa Fraud"). [Rec. Doc. 1]  The initial appearance and arraignment on the indictment occurred on October 22, 2025. The defendant was detained. The Court held an initial Scheduling Conference on October 27, 2025.

2.

As set forth in the Complaint and Indictment, the allegations against the defendant are legally and factually complex. The charges against him are serious and carry a maximum sentence of life imprisonment.

Much of the evidence of the events of October 7, 2023, resides overseas, is in the possession of foreign governments, and is in foreign languages. The United States also sought information from Israel to corroborate its allegations regarding the defendant's participation in the October 7 attacks. Significant portions of the evidence supporting these allegations thus originate from, and are controlled by, Israel, including geolocation data reflecting the defendant's cell phone connecting to cell towers in Israel. The United States also expects to rely at trial on documents seized during Israeli operations in Gaza. Additionally, the United States anticipates calling witnesses from foreign countries and will need to utilize Mutual Legal Assistance Treaty requests to secure such testimony. Though the parties have recently taken steps to end hostilities, Israel remains locked in an ongoing conflict with Hamas that began on October 7, 2023.

Moreover, this case will involve litigation under the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III. The CIPA process has been explained at length in the United States's motion to set a hearing pursuant to CIPA Section 2, and that information is incorporated by reference here. [Doc 28.] The CIPA procedures will undoubtedly cause delay in preparing the present case for pretrial motions and trial. *See generally United States v. Noriega*, 748 F. Supp. 1548, 1559 (S.D. Fl. 1990)

(complex case finding based on, inter alia, discovery including many classified documents subject to elaborate security measures as well as the "time-consuming procedures in CIPA"). Notably, the United States is working to declassify as much of the discovery as possible to limit the need to invoke CIPA's protections; this process is ongoing.

Finally, the defendant's primary language is Arabic, necessitating a translator for all court hearings and all discussions between the defendant and his counsel. Additionally, as part of its investigation, the government sought and obtained warrants for numerous social media and email accounts. These warrants returned voluminous records, including evidence the government will seek to admit at trial. Nearly all of these warrant returns are in Arabic.

3.

The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id*. In considering whether to grant a continuance requested under such provision, one of the factors which the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*See* 18 U.S.C. § 3161(h)(7)(B)(ii). Similarly, the Court shall also consider whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." *Id.* § 3161(h)(7)(B)(iv).

Here, the parties agree that the case is "unusual and complex" within the meaning of the above statute, additional time is necessary for both parties to effectively prepare for trial, and thus a continuance of the trial is warranted. The parties assert that the nature and amount of evidence, the criminal offenses committed in this district and elsewhere, the nature of the prosecution, and the questions of facts and law in this case allow this Honorable Court to declare it to be an unusual and complex one pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B). It would be unrealistic to expect effective preparation by either party for the pretrial and trial proceedings in the time periods normally allocated by a typical Scheduling Order, or the time periods set forth in 18 U.S.C. § 3161, considering the vast amount of discovery for review, the need to translate large portions of that discovery from foreign languages, and the requirements of CIPA proceedings, among other factors. This case should be viewed together "under the totality of the nature of the prosecution," the "scope" and volume of evidence involved in the case, and the novel issues presented. *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002);

*United States v. Chalkias*, 971 F.2d 1206, 1211 (6th Cir. 1992); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1197-98 (2d Cir. 1989); *United States v. Kamer*, 781 F.2d 1380, 1389-90 (9th Cir. 1986); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985).

The parties submit that the periods of delay which are occasioned by this instant request for a continuance beyond the 70-day Speedy Trial period should be excluded. These delays are necessary for the defendants, the defendants' attorneys, and the United States to provide and review voluminous discovery and file and respond to motions; for the judge to consider motions, hold the required pretrial proceedings, and rule on motions; and for the parties to prepare for trial or engage in any meaningful plea negotiations. These requirements cannot be satisfactorily met if the standard deadlines are in place.

4.

The United States respectfully requests that the pre-trial schedule include two different motions and expert disclosure deadlines pursuant to Federal Rules of Criminal Procedure 12 and 16, respectively. The government intends to rely at trial on documents that were seized by the Israeli military from the battlefield in Gaza, and it will seek to authenticate these documents by use of an expert witness who is an Israeli government employee. The scope of the protections that the government will need to request under CIPA will be determined in part by the Court's ruling on the government's plan to authenticate these battlefield documents (and thus the early motion *in limine* and the CIPA motions hearings cannot be held simultaneously). The

government therefore proposes, and the defense consents to, early expert disclosure and motion *in limine* deadlines associated only with the battlefield document authentication expert, as well as an early motions hearing to address this motion *in limine*. The deadlines for all other disclosures and motions would be set on a more traditional timeline closer to trial, as proposed in Appendix 1, attached.

5.

Considering the foregoing, and with respect to the initial discovery deadlines, the parties make the following proposal:

1. Although voluminous, the evidence can be organized, numbered and ready for reproduction within approximately ninety days from the arraignment. Therefore, the parties seek a discovery deadline of ninety days following the arraignment to complete, organize and reproduce discovery, which is a reasonable request. Notably, the United States already has significant portions of discovery ready for production to the defense;

2. As this is an estimate, the United States reserves the right to request additional time upon a showing of good cause; and

3. The parties request a schedule as reflected in Appendix 1.

WHEREFORE, the parties further move this Honorable Court to certify this case as complex. The parties request that the Court grant a continuance in this case beyond the normal and customary 70-day period required by the Speedy Trial Act, based on the complexity of the matter and because the ends of justice are best served in doing so as contemplated by 18 U.S.C. § 3161(h)(7)(A) and (B). The parties request that the normal deadlines be suspended and extended, and that the period for

discovery be continued.  The parties further request that all motions deadlines be set accordingly thereafter, and that all delays be excluded under the Speedy Trial Act.

          Respectfully Submitted:

          JOHN A. EISENBERG
          Assistant Attorney General
          National Security Division

          ZACHARY A. KELLER
          United States Attorney

By:    s/John W. Nickel
          JOHN W. NICKEL, Bar No. 37819
          Assistant United States Attorney
          ZOE BEDELL, Bar No. 90543
          Special Assistant United States Attorney
          800 Lafayette Street, Suite 2200
          Lafayette, LA  70501
          Telephone: (337) 262-6618

By:    s/Andrew Sigler
          ANDREW SIGLER, Bar No. 5175-I72D
          Trial Attorney, Counterterrorism Section
          National Security Division
          United States Department of Justice
          950 Pennsylvania Avenue, NW
          Washington, D.C. 20530
          Telephone: (202) 514-0859


          REBECCA L. HUDSMITH
          FEDERAL PUBLIC DEFENDER
          FOR THE MIDDLE & WESTERN
          DISTRICT OF LOUISIANA


By:    s/ Aaron A. Adams
          Aaron A. Adams, La. Bar #37006
          Assistant Federal Public Defender
          102 Versailles Blvd., Suite 816
          Lafayette, Louisiana 70501
          (337) 262-6336 (Phone)