UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:25-cr-00285** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MAHMOUD AMIN YA'QUB AL-MUHTADI** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**ORDER GRANTING COMPLEX CASE DESIGNATION
AND SCHEDULING ORDER**

Considering the JOINT MOTION TO CERTIFY CASE AS COMPLEX AND EXTEND MOTION AND SPEEDY TRIAL ACT DEADLINES, (the "Joint Motion") filed by the United States of America and Defendant Mahmoud Amin Ya'qub Al-Muhtadi [Doc. 35],

**IT IS HEREBY ORDERED** that the case alleged by the indictment is classified and is certified as complex pursuant to the provisions of the Speedy Trial Act.

**IT IS FURTHER ORDERED** that the trial date in this case will be set beyond the 70-day period required by the Speedy Trial Act based on the complexity of the matter as described and for the reasons set forth in the Joint Motion [Doc. 35] and because the ends of justice are best served in doing so as contemplated by 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

**IT IS FURTHER ORDERED** that all motions deadlines will be set in a manner that will provide the parties a reasonable amount of time to review the voluminous discovery and that all such delays, including the setting of this matter for trial, are excluded under the Speedy Trial Act. Neither this Court nor the parties

under the circumstances outlined in the Joint Motion can be expected to prepare effectively for the pretrial and trial proceedings in the time periods as stated in 18 U.S.C. § 3161(c)(1).

**IT IS FURTHER ORDERED** that in order to ensure the accuracy of the record in all pretrial CIPA proceedings and trial involving classified information, each party shall provide a **real-time glossary** to the Court Reporter and to the CISO **no later than seven (7) days prior to Court scheduled evidentiary hearings and prior to trial**. Counsel shall coordinate with the CISO to ensure that the glossary contains **no classified information** and is properly marked.

The glossary, along with the corresponding Witness list and Exhibit List, shall include a glossary of names and unusual terms, and/or word index of terms likely to be stated on the record during hearings and trial that are technical, scientific, medical or otherwise uncommon. The glossary may be updated as necessary throughout the course of this case.

**IT IS FURTHER ORDERED** that the following pre-trial deadlines are entered, along with the corresponding pre-trial conference and trial date:

| | |
|---|---|
| **November 13, 2025** | **Defendant's Request for Discovery** (Fed. R. Crim. P. 16(a)) |
| **November 21, 2025** | **Government's Request for Discovery** (Fed. R. Crim. P. 16(b)) |
| **January 20, 2026** | **Discovery Deadline** (Fed. R. Crim. P. 16) |
| **May 1, 2026** | **Government's Expert Witness Disclosure** Israeli document authentication witness only. (Fed. R. Crim. P. 16) |

| | |
|---|---|
| **May 1, 2026** | **Government's Motion in Limine ("MIL") Deadline** (Authentication of Israeli battlefield documents only.) (Fed. R. Crim. P. 12) |
| **May 22, 2026** | **Defendant's Opposition to Government's MIL** (Fed. R. Crim. P. 12) |
| **May 29, 2026** | **Government's Reply to Defendant's Opposition** (Fed. R. Crim. P. 12) |
| **June 15, 2026** **10:00 a.m.** | **Hearing on Government's MIL** (Authentication of Israeli battlefield documents.) |
| **July 6, 2026** | **CIPA Section 4 Motion(s) due from Govt.** (18 U.S.C. App. III; *Ex Parte,* Classified Motion) |
| **July 6, 2026** | **Due From Govt: Public Motion Re: CIPA-Related Protections Sought** (Fed. R. Evid. 401, 402; Fed. R. Crim. P. 12, 16; 18 U.S.C. App. III) |
| **July 13, 2026** | **Defendant's *Ex Parte* Filing Re: Defense Strategy Deadline** (Filing at Defendant's Discretion) |
| **August 4, 2026** | **Government's Expert Disclosure Deadline: All Other Experts** (Fed. R. Crim. P. 16) |
| **August 19, 2026** | **Defendant's Expert Disclosure Deadline** (Fed. R. Crim. P. 16) |
| **September 3, 2026** | **Notice Deadline** (*See e.g.*, Fed. R. Crim. P. 404(b), 902(11); 12.2; and 12.3) |
| **September 3, 2026** | **Motions Deadline: All Other Motions** (*e.g.,* Suppression motions, *Daubert*, Motions in Limine, etc.) (Fed. R. Crim. P. 12) |
| **September 17, 2026** | **Opposition Briefs Due** (Fed. R. Crim. P. 12) |
| **September 24, 2026** | **Reply Briefs Due** (Fed. R. Crim. P. 12) |

| | |
|---|---|
| **October 1, 2026**<br>**10:00 a.m.** | **Motions Hearing: All Remaining Motions**<br>(Fed. R. Crim. P. 12) |
| **October 5, 2026** | **Exhibit Lists AND Electronic Versions of Exhibits Due** |
| **October 6, 2026** | **Plea Packet Deadline** (Fed. R. Crim. P. 11) |
| **October 12, 2026** | **Foreseeable Issues, Proposed Voir Dire, and Proposed Jury Instructions Due** |
| **October 19, 2026** | **Applications for Subpoena(s)**<br>(Fed. R. Crim. P. 17) |
| **October 19, 2026** | **Witness Lists** (with witnesses designated as "fact" or "expert," and expected length of testimony). |
| **October 19, 2026** | **Jencks Act Disclosures Due** |
| **October 28, 2026** | **Bench Books Due** (To court and Defense Counsel) |
| **NLT Seven (7) Days Prior to Hearings and Trial** | **Real-Time Deadline.** Real-time is available, and arrangements MUST be made with Judge Joseph's Court Reporter, Beth Delatte, at least one week prior to any Court scheduled evidentiary hearings and prior to trial. |
| **October 13, 2026**<br>**10:00 a.m.** | **Pre-Trial Conference** |
| **November 2, 2026**<br>**9:00 a.m.** | **TRIAL** |

THUS, DONE AND SIGNED in Chambers on this 6th day of November 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

# Appendix

## I. Pretrial Conference

### A. List of Foreseeable Issues

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing include, but are not limited to:

1. Extrinsic evidence questions under *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978);
2. Voluntariness of statements under 18 U.S.C. § 3501;
3. Admissibility questions; and/or
4. Any other issue resolvable by a pretrial hearing.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;
3. Waivers of foundation of documents where possible;
4. Exchange of *curriculum vitae* of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
7. Jury instructions/*voir dire* problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

### B. Proposed Voir Dire

The Court will conduct voir dire and allow counsel 10 minutes for any follow up questions. Counsel may submit proposed voir dire questions specific to a party or the case for the Court's consideration.

### C. Jury Instructions

Fifth Circuit Pattern Jury Instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction must be

accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient.

## II. Continuances

Any request for a continuance of the trial setting or a pretrial deadline **MUST** include the specific reasons why the scheduled trial date or pretrial deadlines do not afford sufficient time, the exact amount of additional time requested and, if the party is requesting a trial continuance, the motion **MUST** include the relevant provision(s) of 18 U.S.C. § 3161 authorizing the continuance. Continuance requests **MUST** comply with the Court's Standing Order regarding timely filing motions to continue. *See* Standing Order at **www.lawd.uscourts.gov** – under Chambers tab for Judge David C. Joseph.

## III. Other Requirements

A courtesy copy of all material required by this Scheduling Order should be submitted directly to chambers in order to facilitate prompt attention to all matters. Courtesy copies should be e-mailed to joseph_motions@lawd.uscourts.gov. All electronic submissions should be in Microsoft Word format.

## IV. Guilty Plea and Sentencing Procedures

### A. Guilty Pleas

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

1. The plea agreement;
2. An affidavit of understanding of maximum penalty and constitutional rights;
3. The elements of the offense;
4. A stipulated factual basis for the guilty plea[1]; and
5. A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

---

[1] The Court may accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

## B. <u>Sentencing</u>

Presentencing memoranda must be filed by counsel under seal **at least seven (7) days** prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office. *See* LCrR 32.2. Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least **three (3)** days prior to the scheduled sentencing date. The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen (14) days from the day of disclosure. *See* Fed. R. Crim. P. 32(f); LCrR 32.1.