UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE BRIEFING DEADLINES AND JUNE 15, 2026 HEARING AND FOR IN-PERSON STATUS CONFERENCE**

NOW INTO COURT, through undersigned counsel, comes the defendant, Mahmoud Al-Muhtadi, who respectfully moves this Court to continue the current briefing deadlines on the government's Motion in Limine to Admit Battlefield Evidence [Doc. 45] (the "Battlefield Documents Motion") and the June 15, 2026 evidentiary hearing set by the Court's November 6, 2025 Scheduling Order [Doc. 36]. The defendant further requests an in-person status conference to discuss revising the current scheduling order to address the significant legal and procedural issues raised by the government's May 1, 2026 filings. The defendant does not seek a continuance of the November 2, 2026 trial date. The United States does not oppose this request.

I.    Background

On November 6, 2025, this Court entered a Scheduling Order [Doc. 36] certifying this case as complex and establishing a phased pretrial litigation schedule. Since that order was entered, the parties have worked diligently together to advance the case, exchanging approximately half a million pages in discovery, significant

1

forensic productions of electronic devices, and substantial warrant returns. As relevant here, the Scheduling Order set the following deadlines for litigation over the government's anticipated authentication motion:

| | |
|---|---|
| **May 1, 2026:** | Government's expert witness disclosure and motion in limine deadline |
| **May 22, 2026:** | Defendant's opposition to the government's motion in limine |
| **May 29, 2026:** | Government's reply brief |
| **June 15, 2026:** | Hearing on the government's motion in limine (10:00 a.m.) |

On May 1, 2026, the government filed its Battlefield Documents Motion [Doc. 45] and its Notice of Intent to Call Expert Witness [Doc. 46] (the "Expert Disclosure"). The Expert Disclosure identifies the government's proposed authentication expert as a current officer of the Israeli National Bureau for Counter Terror Financing who will testify under the pseudonym "Avi." [Doc. 46 at 1.] Avi proposes to offer opinions on the authentication of documents seized during Israeli military operations in Gaza, the organizational structure of Hamas and related paramilitary groups, and the practices of Israeli military collection units. [Doc. 46 at 2–14.] The defendant has filed specific discovery requests pertaining to Avi's background, qualifications, and prior work, and to the chain of custody and provenance of the battlefield documents. Those requests remain pending.

II.   **The government's May 1, 2026 filings raise significant legal and procedural issues that must be addressed before the June 15, 2026 authentication hearing**

  A.   **The defendant intends to object to the government's use of an anonymous expert witness but requires time to investigate before filing that challenge**

The Expert Disclosure identifies the government's authentication expert solely

by the pseudonym "Avi," noting that "Avi will testify under a pseudonym to protect his identity." [Doc. 46 at 1 n.1.] The defendant intends to file a formal objection to this procedure, but cannot do so in a legally and factually grounded manner without first investigating the issues that objection will raise, receiving and reviewing the specific discovery requested from the government, and consulting with defense experts on the implications of the anonymous-witness procedure. The additional time requested by this motion is necessary to allow the defense to complete that foundational work.

**B.     The defendant is working to retain a defense expert but requires additional time given the difficulty of identifying a qualified candidate in this subject area**

Avi proposes to offer highly specialized opinions on the authentication of documents seized during active combat operations in Gaza, the practices of Israeli military collection units, and the organizational structure of Hamas and affiliated groups. [Doc. 46 at 8–14.] Defense counsel cannot evaluate the reliability of those opinions without a qualified expert. Since May 1, 2026, the defense has been actively working to identify, vet, and retain one. That process has proven more difficult than anticipated: the pool of candidates with genuine expertise in these subjects is narrow, and the sensitive nature of the case and the security considerations that credible candidates in this field are likely to face have further complicated the search. Additional time is needed to complete the retention, allow a retained expert to review the relevant materials, and prepare the defense's response to the Battlefield Documents Motion and anticipated *Daubert* challenge.

C.    **The defendant intends to file a *Daubert* challenge to Avi's proposed expert testimony but requires additional time and discovery before doing so**

The Expert Disclosure raises substantial questions about whether Avi's proposed testimony meets the reliability standards required by Federal Rule of Evidence 702 as construed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999). Among other issues, Avi's authentication methodology appears to rest in substantial part on subjective familiarity and pattern recognition rather than objectively verifiable criteria. [See Doc. 46 at 8–11.] Before the defendant can file that challenge, the defense requires time to retain a qualified expert and to receive the outstanding discovery. The Court's ruling on the *Daubert* challenge should also precede the authentication hearing, because its outcome will directly bear on whether, and in what form, Avi may testify at that proceeding.

D.    **Significant discovery pertaining to Avi and to the battlefield documents remains outstanding, and litigation over those requests is likely**

The defendant has filed specific discovery requests pertaining to Avi's background, qualifications, prior work, and the bases for his opinions, as well as to the chain of custody, collection procedures, and provenance of the battlefield documents. Those requests remain outstanding. The defendant anticipates the government will contest some of them, making court intervention necessary. Resolution of any discovery disputes and production of ordered materials must precede the defendant's opposition briefing, *Daubert* challenge, and anonymous-witness objection, because the requested materials are essential to all three.

E.    **The issues raised above may have significant CIPA implications that require the Court's attention, including the question of defense team clearance**

The anticipated objection to the anonymous-witness procedure, the planned *Daubert* challenge, and the related discovery requests each implicate potentially sensitive or classified information held by a foreign government. Thus far, the government and the CISO have represented to defense counsel that no classified documents are involved in this case and have turned away defense counsel's request to pursue the security clearance necessary to independently evaluate those representations. The defendant respectfully submits that these representations do not resolve the CIPA questions presented by this case, particularly given that Avi is a current officer of a foreign intelligence and law enforcement agency proposing to testify about his government's counterterrorism activities and document analysis procedures. At the in-person status conference, defense counsel intends to raise with the Court the question of security clearance for the defense team and, to the extent the Court determines CIPA proceedings are warranted, will seek an appropriate order authorizing or directing the initiation of the clearance process.

III.    **The defendant requests a continuance of the current briefing deadlines and June 15, 2026 hearing, and an in-person status conference to address the scheduling order**

The current briefing schedule, which requires the defendant to file his opposition to the Battlefield Documents Motion by May 22, 2026, does not afford the defense sufficient time to address the issues described above. Similarly, proceeding with the June 15, 2026 authentication hearing before the Court has resolved the

threshold questions relating to the anonymous-witness procedure, outstanding discovery, defense team clearance, and Avi's qualifications would not serve the interests of judicial economy or the defendant's right to a fair opportunity to challenge the admissibility of the evidence against him.

The defendant therefore respectfully requests that the Court: (1) continue the May 22, 2026 opposition deadline, the May 29, 2026 reply deadline, and the June 15, 2026 hearing on the Battlefield Documents Motion; and (2) schedule an in-person status conference at the Court's earliest convenience to discuss revising the current scheduling order.

At the status conference, the defendant respectfully proposes that the Court consider restructuring the pretrial schedule to address the following issues: (1) the defendant's anticipated objection to the anonymous-witness procedure; (2) outstanding and anticipated discovery disputes relating to Avi and to the battlefield documents; (3) defense team clearance and any required CIPA proceedings; (4) the defendant's *Daubert* challenge to Avi's proposed expert testimony; and (5) the authentication hearing on the Battlefield Documents Motion following the resolution of the foregoing.

The defendant does not seek a continuance of the November 2, 2026 trial date. The defendant acknowledges that revising the pretrial schedule will require adjustment of various interim deadlines and respectfully submits that the most efficient mechanism for doing so is an in-person status conference at which the parties can work with the Court to establish a workable schedule that, to the extent

6

practicable, preserves the trial date.

## IV.    Conclusion

For the foregoing reasons, Defendant Mahmoud Amin Ya'qub Al-Muhtadi respectfully requests that this Court continue the briefing deadlines and June 15, 2026 hearing on the government's Motion in Limine to Admit Battlefield Evidence [Doc. 45] and schedule an in-person status conference to discuss revising the current scheduling order in a manner that allows the defense to adequately investigate, prepare, and litigate the significant legal and procedural issues raised by the government's May 1, 2026 filings. The government does not oppose this request.

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY:    *s/ Dustin C. Talbot*
       DUSTIN C. TALBOT
       First Assistant / Appellate Chief

       *s/ Aaron A. Adams*
       AARON A. ADAMS
       Assistant Federal Public Defender
       Federal Public Defender's Office
       Middle and Western Districts of Louisiana
       102 Versailles Boulevard, Suite 816
       Lafayette, Louisiana 70501
       Telephone: (337) 262-6336

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 18, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*s/ Dustin C. Talbot*