UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

<u>ORDER</u>

Considering the defendant's Motion for a Bill of Particulars filed under Federal Rule of Criminal Procedure 7(f);

IT IS ORDERED that the motion is **GRANTED**.

IT IS FURTHER ORDERED that the government file a bill of particulars stating the following:

### *Personnel category of Count 1*

1. Identify each individual the government will contend constituted the personnel alleged in Count 1, by name where known and by best available description where the identity is unknown to the grand jury.

2. As to each identified individual, specify whether the government will contend that the individual was (a) working under Hamas's direction or control, or (b) organizing, managing, supervising, or otherwise directing the operation of Hamas.

3. Identify the specific instructions, directions, agreements, or coordination from Hamas, by date and source if known, on which the government will rely to satisfy the requirement that Mr. Al-Muhtadi acted under the direction or control of Hamas.

4. Identify the date, place, and means by which each identified individual was

1

allegedly provided to Hamas.

## *Weapons category of Count 1*

5. Identify by description, model, serial number where known, or other identifying information each weapon the government will contend constituted the weapons alleged in Count 1.

6. Specify the date and place at which each identified weapon was allegedly provided to Hamas.

7. Specify whether the government will contend that any weapon dated before October 7, 2023, including but not limited to (a) the five Kalashnikov rifles and the blank-firing pistol referenced in the January 29, 2017 document attached as Exhibit 4 to the government's motion in limine ([Doc. 45 at 13–14]), and (b) the Russian-made 1984 rifle, serial PS 20592, referenced in paragraph 31 of the complaint affidavit, was itself part of the alleged provision to Hamas.

8. Specify whether the government will contend that the Glock 26 photographed in Tulsa in February 2025 was provided to Hamas.

9. Specify whether the government will contend that ammunition, magazines, bulletproof vests, motorcycles, or other associated items are themselves within the scope of the weapons alleged in Count 1.

## *Services category of Count 1*

10. Identify each service the government will contend constituted the services alleged in Count 1.

11. Specify the date and place at which each identified service was allegedly provided.

12. Specify the alleged recipient of each identified service within Hamas, by name or, where the identity is unknown, by best available description.

13. Specify whether the government will contend that participation in the alleged Joint Operations Room is, in and of itself, a service charged in Count 1, as distinct from a predicate joint venture relied upon for Federal Rule of Evidence 801(d)(2)(E) hearsay purposes.

### *Section 2339B(a)(1) death-resulted enhancement*

14. Identify by description, and by name where known, each death the government will contend resulted from the offense for purposes of the § 2339B(a)(1) enhancement.

15. Specify the date, time, and place of each identified death.

16. Specify the manner in which each identified death is alleged to have resulted from the offense, including the alleged causal chain linking the defendant's conduct to the identified death.

### *Co-conspirators in Count 1*

17. Identify by name, or by best available description where the identity is unknown to the grand jury, each "other" alleged to have conspired with the defendant.

18. Specify the role of each identified co-conspirator in the alleged conspiracy.

### *Count 2 false-statement subparts*

19. Specify, as to Count 2 subpart (b), which of the five enumerated categories of organization (paramilitary unit, vigilante unit, rebel group, guerilla group, or insurgent organization) the government will contend applies to the DFLP and NRB, and the time period during which the government will contend the defendant was a member.

20. Specify, as to Count 2 subpart (c), the precise terrorist activities the government will contend the defendant engaged in.

21. Specify, as to Count 2 subpart (e), the precise extrajudicial killings or other acts of violence the government will contend the defendant committed, ordered, incited, assisted, or otherwise participated in.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____ day of _____, 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

3