UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO.  25-CR-00285-01
                                     JUDGE JOSEPH
v.                                        MAGISTRATE JUDGE WHITEHURST

MAHMOUD AMIN YA'QUB AL-MUHTADI,

     Defendant

_____/

## JOINT OMNIBUS STATUS REPORT AND MOTION TO CONTINUE TRIAL

The United States of America and Defendant Mahmoud Amin Ya'qub Al-Muhtadi, through their undersigned counsel (collectively, the "Parties"), respectfully submit the following Joint Omnibus Status Report and Motion to Continue Trial (this "Report"), which sets forth the Parties' respective motions to continue the trial—the Government requesting one week, the defense more than three months—and their attending proposed briefing schedules. This Report contains three parts, as follows:

In Part One, the Parties explain their differing positions regarding the Government's motion *in limine* to admit battlefield documents (the "Battlefield Motion"), which it filed on May 1, 2026. *See* Doc. 45. For the reasons set forth below, the Government takes the position that the defense should be required to respond to the Battlefield Motion in short order, two weeks after the filing of this Report. The defense's position, consistent with what it represented at the May 27 status conference, *see* Doc. 56, is that it should be able to fully litigate all aspects of the authenticator Avi's testimony before being required to respond to the Battlefield

Motion. The Parties respectfully request that the Court rule on this issue, either by ruling on the Parties' requested scheduling orders or separately in response to this Report's filing.

In Part Two, the Government requests a one-week continuance, setting trial to commence on November 9, and setting forth a proposed scheduling order tracking that new trial date. The Government respectfully submits that the one-week continuance is appropriate because it allows the Parties to fully brief all matters while permitting the trial to conclude before the Thanksgiving holiday and subsequent holiday season.

In Part Three, the defense requests a continuance of the trial date to February 16, 2027, or the earliest following date the Court's calendar permits, and provides a schedule that accords with that later proposed date. In support, the defense explains that the additional time is necessary to litigate the threshold issues that govern the Government's anonymous authentication witness, to complete the outstanding discovery and to retain and consult a qualified defense expert, to address the forthcoming proceedings under the Classified Information Procedures Act ("CIPA"), and to account for the anticipated superseding indictment. The continuance is excludable under 18 U.S.C. § 3161(h)(7) because the complexity of the case and the defendant's waiver of his right to a speedy trial make the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial.

## I.   THE BATTLEFIELD MOTION

### A. *Government Position*

The Battlefield Motion asked this Court to make two pre-trial rulings as to each battlefield document, one approving the authentication process the Government proposes for each document and the other overruling hearsay objections and finding the documents admissible. *See* Doc. 45. On the authentication front, the Government's argument for each document is essentially the same: that the Government witness "Avi," can authenticate the battlefield documents as records identified by him while analyzing devices he received as part of Israel's battlefield document analysis program. In particular, Avi will testify that he is an employee of the Israeli Security Agency ("ISA"), which is an Israeli governmental agency that, as an end user receiving records from the Israeli Defense Force ("IDF"), works with IDF to receive and analyze documents recovered from devices left on the battlefield. As an ISA employee, Avi will further explain that he receives access to an IDF document database that he understands from his personal experience to contain documents recovered from battlefields, and Avi will finally explain that he identified the proposed battlefield document exhibits by searching the contents of this IDF electronic repository.  He in turn determined that they are genuine based on his years of experience analyzing thousands of similar documents in his capacity as an ISA employee. *See* Doc. 45 at 6, 17-19. Through the Battlefield Motion, the Government asks this Court to hold that Avi can authenticate those documents in this manner without, for example, an IDF witness to testify that he or she brought the devices to

3

Avi or an IDF witness to testify about having recovered the devices themselves from the battlefield. The Government's position is that the recovery of the devices and physical delivery to the ISA are chain-of-custody evidentiary matters that impact the weight, not the admissibility, of the evidence. *See* Doc. 45 at 18-19.

On May 18, 2026, the defense moved for its response to the Battlefield Motion to be held in abeyance pending a status conference, *see* Doc. 49, and this Court set the May 27 conference the following day, *see* Doc. 51.[1] Having discussed this motion with the defense at the parties' pretrial conference on May 27, the Government now understands the defense to be taking the position that all aspects of Avi's testimony, including his status as an expert and his anonymity, must be litigated before the defense is able to address the Battlefield Motion's authentication arguments. *See* Doc. 49 at 1-2. As the defense would have it, Avi's anonymity and expertise about HAMAS and the identification of HAMAS documents must be fully litigated and decided before the defense can respond to the Government's Battlefield Motion's authentication argument. The Government opposes the defense position for two reasons.

*First*, the defense position misses the point of the Battlefield Motion entirely by avoiding the narrow authentication question of law that the Motion asks this Court to decide. The reason the Government filed the Battlefield Motion before other

---

[1] The Government did not oppose the defense motion because it did not feel itself in a position to deny a request for status conference given the issues involved and did not fully appreciate the nature of its concerns as reflected in the motion and conference based on the initial conferral.

*in limine* motions here is precisely that it presents a question of law that the Government needs decided early: whether the position Avi occupied as set forth in the Motion is sufficient for him to authenticate the records in question. And like most motions *in limine*, the Battlefield Motion is asking the Court to decide this authentication issue based upon a proffered set of facts—namely, Avi's employment, relationship to the evidence in question, and experience in working with HAMAS documents recovered from the battlefield.[2] If it is sufficient, then the Government will proceed with Avi authenticating the documents at trial as the Battlefield Motion proposes; if not, then the Government will explore whether it is possible to secure further witnesses that may be the subject of further *in limine* litigation.  The defense would have this Court require a full-blown fact-finding hearing before Court rules on this question, going so far as to insert an "authentication hearing" into the Parties' proposed hearing plan, *see* Doc. 49 (turning Government's proposed "Hearing on the motion in limine" into an "authentication hearing"), when that is not at all what the Government contemplated or this Court should require. Rather, this Court should treat the Battlefield Motion like any other motion *in limine* and rule on the issue the Government placed before it, not the collateral issues the defense now raises.

*Second*, the defense position incorrectly lumps the question of authenticity, which is grounded in Avi's work experience, together with his status as an expert

---

[2] By way of example, a motion *in limine* to admit a prior conviction as Rule 404(b) evidence typically asks the Court to rule on the narrow question of whether the prior conviction is sufficient to meet the 404(b) showing, not the issue of whether the conviction occurred at all. To challenge the proof of conviction, the defense would need to either file a separate motion or (more commonly) challenge the proof at trial.

witness and the Government's proposal for his anonymity in testifying when authentication is a discrete issue that this Court should consider separately. The facts set forth in the Battlefield Motion to establish Avi's basis for *authentication*— namely, his employment and his relationship to the battlefield exhibits themselves as the person who reviews them for his agency and his experience in identifying these documents as genuine—are entirely separate from his expertise in *interpreting* these documents. And neither issue has anything to do with his actual name, which the government seeks to protect based on concerns about personal safety. Rather, these issues strike at the second-order issue of Avi's ability to credibly interpret the documents for the jury and present himself to the jury using a pseudonym. In this way, the defense is improperly making Avi's expert status a barrier to ruling on his ability to authenticate the exhibits, which is separate from any testimony interpreting them in the context of this case.

For these reasons, the Government asks this Court to implement a scheduling order that holds the defense to a two-week response deadline as set forth below.

### B. Defense Position

The defense seeks a workable order of decision in which the issues that govern the Government's sole authenticating witness are resolved before the Court reaches the authentication theory those issues control. The Government's two-week response deadline would have the defense respond while the reliability of that witness's method, and the basis and bias materials behind his opinion, remain unlitigated and undisclosed. The Government can treat authentication as a discrete question of law

only by setting aside its own filings, which present authentication here as an expert opinion. The reliability of that opinion, and the defense's ability to test the materials and qualifications behind it, are the merits of the very authentication question the Court must decide.

*First*, the authentication of battlefield documents seized during a foreign war is not a question that can be decided on a bare proffer, because the proffer the Government offers is itself an *expert opinion*. The battlefield documents motion states that, "[b]ased on Avi's training *and expertise*, he will testify that each of the documents below is what it purports to be." Doc. 45 at 19 (emphasis added). The expert disclosure further confirms that "Avi will offer *the opinion* that the documents identified below and cross-referenced to the government's motion in limine on battlefield evidence are authentic." Doc. 46 at 8 (emphasis added). Avi's authentication "*opinion* is based on his extensive experience analyzing and authenticating documents," and that he has "developed *an expertise in authenticating* these materials, including a multi-step process for evaluating and authenticating materials from the battlefield." Doc. 46 at 8-9 (emphasis added).

The Government's proposed authentication method turns on subjective judgment at each step. Avi forms an "initial impression" of a device, runs keyword searches the disclosure illustrates as "10% or above" or "5% or below," weighs his own confidence in the results, and cross-references the contents against databases that have not been disclosed. Doc. 46 at 9-12. The Government has thus elected to establish authenticity through an expert opinion, and whether a method of that kind

7

is reliable enough to support such an opinion is the Rule 702 question the defense has raised. *See* Doc. 49 at 3-4. To rule that Avi may authenticate the documents before deciding whether his method is reliable enough for him to opine at all would answer the authentication question by assuming the answer to the reliability question on which it depends.

*Second*, the reliability of Avi's opinion cannot be tested without materials the Government has withheld. The disclosure states that Avi "confirm[ed] the authenticity of these documents by cross-referencing the identifiers listed in the documents … with other databases," and that "some of the other individuals mentioned in other documents were known to Avi from his other investigations into DFLP." Doc. 46 at 12. None of those databases, documents, or prior investigations has been produced. The defense does not ask the Court, in this Report, to strip the witness of the pseudonym the Government defends; it reserves the identity question for the Classified Information Procedures Act process the Government has said it will initiate. What the defense needs before it can respond is the basis and bias materials behind the opinion, and the retention of a responsive expert, neither of which is possible on the Government's two-week schedule.

*Third*, the discovery record confirms that the authentication issue is not ripe for response. On May 18, 2026, the defense served comprehensive specific discovery requests for the materials needed to test the Government's authentication theory. *See* Doc. 47. They fall into four categories: the forensic images and native files of the seized devices and the six exhibits, with the metadata and hash values that would

confirm the documents are unaltered; the identities of the documents' authors and the metadata tying the documents to the defendant; the materials needed to confront Avi, including his qualifications, prior testimony, compensation, and the databases he relied on; and the materials bearing on reliability, including those held by the cooperating Israeli agencies. This is not an ordinary discovery dispute that can be resolved alongside the briefing, because the Government's motion asks the Court to approve a methodology that can be tested only against the very data and comparators the Government is withholding.

On June 8, 2026, the Government responded by letter. It agreed to provide unredacted copies of two of the six exhibits and to turn over Avi's prior testimony, deferred much of the request to its forthcoming CIPA filings, and otherwise left the core unanswered, stating as to chain of custody only that it had produced what it possesses and as to authorship only that the author appears on the documents. The defense will move to compel. Until that material is produced and any dispute over it resolved, the defense cannot test the methodology on which the authentication theory depends, and a response to the battlefield documents motion would be filed without the materials needed to oppose it.

The authority the Government relies on for Avi's dual role underscores the difficulty. In *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), a separate fact witness, "Major Lior," authenticated the battlefield documents, while Avi testified only as an expert in Hamas financing. *Id.* at 485-86, 490. The court approved Avi's pseudonym there, but only because the defense had received the volumes of material

9

Avi used to form his opinions and that allowed the defense to examine him on his background, training, experience, and bias. *Id.* at 492. None of that has been provided here. The Government now asks one anonymous witness to both authenticate and interpret while withholding the comparable materials and resisting the discovery that would supply them. The predicate that made anonymity workable in *El-Mezain* is absent here, which is why authentication, reliability, and the pseudonym are intertwined in this case.

## II. GOVERNMENT'S PROPOSED ONE-WEEK CONTINUANCE AND BRIEFING SCHEDULE

The Parties have conferred about the timing of this trial and were unable to come to an agreement about an appropriate trial date. In particular, the defense has indicated that its earliest availability is February 16, 2027, which the Government believes is too great a delay given the outstanding issues here. So instead, the Government proposes that this Court reset the trial for November 9, which is the latest date for this two-week trial to proceed without running into the winter holidays. In support, the Government respectfully submits the following:

As noted at the May 27 status conference, war in the Middle East has significantly impacted the Government's ability to travel to Israel to collect records and interview necessary witnesses for its CIPA submission. Specifically, a trip to Israel originally scheduled for March 2026 was delayed to May 2026. That delay impacted the Government's ability to finalize its CIPA submission, which requires securing affidavits from Israeli government officials and working in a secure environment. That said, the Government does believe that it can prepare its CIPA

submission in time for the November trial date as set forth below, which admittedly puts the Court in a position of needing to rule on the submission within a compressed timeline but is appropriate given the fact that the Government takes the position that the CIPA materials here will show that there are no further discovery matters that will arise from that motion. In this respect, the CIPA deadlines may operate independently of and parallel to the rest of the briefing schedule. CIPA aside, the Government is in a position to continue moving forward with all other preparation without impediment.

Provided that the Court grants the Government's one-week motion to continue, the Government respectfully submits the following proposed schedule, with it understood that if the Court rules for the defense on this issue, then the Battlefield Motion response will be continued as provided in Footnotes 3 and 4 below.[3]

| June 17, 2026 | Grand Jury Date for Superseding Indictment |
| June 19, 2026 | Defense to file Motion for Bill of Particulars as to Superseding Indictment, the prior motion having become moot. |
| June 26, 2026 | Defense Response to battlefield documents MIL[4] |

---

[3] Nothing in this schedule is intended to preclude the Government from filing motions before the deadlines provided.

[4] If the Court sides with the defense as to Part One of this Joint Status Report, then this Motion response would be due two weeks after Court ruling on Avi's identity and *Daubert* motion.

| July 3, 2026 | Government Reply to Defense Response[5] |
| July 3, 2026 | Government opposition RE Bill of Particulars Motion |
| July 10, 2026 | Defense reply RE Bill of Particulars Motion |
| July 17, 2026 | Hearing on Battlefield Motion and Bill of Particulars Motion (10 a.m.) |
| July 27, 2026 | First Sixty-Day Status Conference |
| Sept. 4, 2026 | Government's Expert Disclosure Deadline / All other experts |
| Sept. 15, 2026 | Government's CIPA 4 motion, public motion on witness protections, all other motions (suppression, *Daubert,* Motions in Limine, Rule 12, etc.). |
| Sept. 15, 2026 | Government's public motion on witness protections |
| Sept. 23, 2026 | Defendant's ex parte statement on defense re: CIPA |
| Sept. 25, 2026 | Second Sixty-Day Status Conference |
| Sept. 29, 2026 | Opposition Briefs Due RE September 15 motions |
| Sept. 30, 2026 | Defense Expert Disclosure Deadline, Notice Deadline / FRE 404(b) and 902(11), Fed.R.Crim.P. 12.1, 12.2, 12.3 |
| Oct. 7, 2026 | Reply Briefs Due RE September 15 motions; Plea packet deadline |
| Oct. 12, 2026 | Exhibit Lists and Electronic Versions of Exhibits Due |
| Oct. 15, 2026 | Motion Hearing on All Motions |

---

[5] If the Court sides with the defense as to Part One of this Joint Status Report, then this Motion response would be due three weeks after Court ruling on Avi's identity and *Daubert* motion.

| Oct. 19, 2026 | Foreseeable Issues, Proposed Voir Dire, Proposed Jury Instructions, Trial Brief Due |
|---|---|
| Oct. 20, 2026 | Pre-trial Conference |
| Oct. 26, 2026 | Applications for Subpoenas / Fed.R.Crim.P. 17 |
| Nov. 2, 2026 | Bench Books Due (To Court and Defense Counsel) |

NLT Seven Days Prior Hearings and Trial – REAL TIME DEADLINE.  Real-time is available, and arrangements must be made with Court Reporter Beth Delatte at least one week prior to any Court-scheduled evidentiary hearings and prior to trial.

| Nov. 9, 2026 | TRIAL[6] |
|---|---|

## III. DEFENSE'S PROPOSED CONTINUANCE AND BRIEFING SCHEDULE

The defense respectfully requests that the Court continue the trial to February 16, 2027, or to the next available setting on the Court's calendar after that date, and adopt the schedule set out below. February 16, 2027 is the earliest date by which the defense can reasonably complete the work that must precede trial. The Court has already certified this case as complex under the Speedy Trial Act, and the defendant has waived his right to a speedy trial. See Doc. 36; Doc. 38. The additional time is excludable, and the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A), (B)(ii), (B)(iv).

---

[6] To the extent the Court determines that a pre-trial hearing involving Avi testifying is necessary to resolve the defense's motions relating to his expertise and/or anonymity, the Government asks that the hearing be set for the week before trial so that Avi only needs to travel to the United States once.

The continuance is warranted because this prosecution presents an unusual number of substantial and interlocking pretrial issues that cannot be litigated or prepared on the single additional week the Government proposes. The case is built on documents, recordings, and devices seized by a foreign government during an active war, and its central evidentiary questions remain unresolved. The matters set out below are the principal ones, not the whole of the work that remains.

The first set of issues concerns the battlefield documents and the sole authenticating witness. As explained in Part One, those documents cannot be litigated responsibly until the Court resolves the challenges to Avi's reliability and pseudonym, which the defense proposes be heard on October 13, 2026, with the defense's response and the authentication hearing to follow. Those challenges depend on discovery the Government has not produced. The defense's May 18 request sought the chain-of-custody records, native forensic images, device file structures, and comparator databases needed to test the authentication theory, and on June 8 the Government declined to produce that material apart from referring to its forthcoming CIPA filings. Because the Government has produced the exhibits only as scanned images, neither the defense nor any expert it retains can test the keyword-hit method, which can be checked only against the device data from which it was seized. The sequence this requires, a motion to compel, a ruling, production, then retention and analysis by an expert, and only then a response, cannot be compressed into the Government's schedule even if the discovery were produced tomorrow.

The second set of issues lies beyond the battlefield documents. The Government's case also relies on the defendant's telephone calls and on location evidence, and the defense anticipates expert analysis and discovery litigation over the recordings, their translation, and the reliability of that evidence. The Government has not moved to authenticate the recordings or produced discovery on their source or provenance; at the May 27, 2026 status conference it represented that those matters would be addressed within its CIPA filings. See Doc. 56. The Government has asked to defer those CIPA filings to September 2026 because of the war in Israel, and its June 8 response deferred much of the outstanding battlefield documents discovery to the same filings. The gap in the schedule between this summer and the fall is therefore a product of the Government's own requested pace, not the defense's. The defense cannot obtain the CIPA-dependent discovery, retain and direct its experts, or complete the resulting litigation until the Government makes those filings and the Court rules on what classified material exists and what the defense may access.

These issues are compounded by the difficulty of investigating a foreign wartime offense. The charged conduct, the witnesses, and nearly all of the evidence are in Gaza or in the custody of the Israeli military and intelligence services in an active conflict zone the defense cannot enter. Since the Government's May 1, 2026 disclosures the defense has worked to retain an expert qualified to evaluate this material, from a small pool of candidates who face real security considerations, and

15

that expert cannot be meaningfully put to work without the native device data and the recordings the Government has not produced. *See* Doc. 49 at 3.

The parties have already exchanged roughly half a million pages of discovery, see Doc. 49 at 1; Doc. 47 at 1, and the Government intends to seek a superseding indictment on June 17, 2026, which will moot the pending motion for a bill of particulars and require a renewed motion against the new charging instrument. The need for additional time is not the defense's alone. As the Government acknowledges in Part Two, the war delayed its own collection trip to Israel from March to May 2026 and its ability to finalize the CIPA submission. Indeed, the government has asked that its CIPA deadlines be continued more than two months to Sept. 15, 2026.

The Government's propose one-week continuance cannot accommodate any of this. It would require the defense to litigate Avi's reliability and pseudonym, compel and obtain the battlefield discovery, prepare for the telephone and location evidence, and absorb the CIPA proceedings, all on what is effectively the current schedule. A date that lets these issues be resolved in order, rather than briefed at once and prematurely, serves both the defendant's right to prepare and the orderly conduct of the trial. The defense respectfully proposes the following schedule:

| Date | Event |
|---|---|
| June 17, 2026 | Grand Jury Date for Superseding Indictment |
| June 24, 2026 | Defense to file Second Motion for Bill of Particulars as to Superseding Indictment, the prior motion having become moot. |
| June 24, 2026 | Defense First Motion to Compel Discovery re Battlefield Documents |
| July 3, 2026 | Government opposition re Bill of Particulars Motion / Motion to Compel |

| July 10, 2026 | Defense reply re Bill of Particulars Motion / Motion to Compel |
|---|---|
| Sept. 15, 2026 | Government's CIPA 4 motion / public motion on witness protections / motion to authenticate phone recordings |
| Sept. 23, 2026 | Defendant's ex parte statement on defense re: CIPA |
| Sept. 29, 2026 | Opposition briefs due re September 15 motions, including witness protections / "Avi" expert notice |
| Oct. 13, 2026 | Hearings on CIPA / Witness Protections / "Avi" notice |
| Nov. 2, 2026 | Defense Response to battlefield documents MIL |
| Nov. 9, 2026 | Government Reply to battlefield documents MIL |
| Nov. 16, 2026 | Authentication Hearing on Battlefield Documents Motion |
| Dec. 1, 2026 | Substantive Motions and Motions in Limine Deadline (both parties) (suppression, motions in limine, Rule 12, and all other pretrial motions) |
| Dec. 1, 2026 | Government's Expert Disclosure Deadline / all other experts |
| Dec. 18, 2026 | Sixty-Day Status Conference |
| Dec. 22, 2026 | Opposition briefs due re December 1 substantive motions / motions in limine |
| Jan. 1, 2027 | Defense Expert Disclosure Deadline; Notice Deadline / FRE 404(b) and 902(11); Fed. R. Crim. P. 12.1, 12.2, 12.3 |
| Jan. 8, 2027 | Reply briefs due re December 1 motions; plea packet deadline |
| Jan. 11, 2027 | Motion Hearing on All Motions |
| Jan. 19, 2027 | Exhibit Lists and Electronic Versions of Exhibits Due |
| Jan. 22, 2027 | Foreseeable Issues, Proposed Voir Dire, Proposed Jury Instructions, Trial Brief Due |
| Jan. 26, 2027 | Pre-trial Conference |
| Feb. 2, 2027 | Applications for Subpoenas / Fed. R. Crim. P. 17 |
| Feb. 9, 2027 | Bench Books Due (to Court and defense counsel) |
| NLT Seven Days Prior | Hearings and Trial – REAL TIME DEADLINE.  Real-time is available, and arrangements must be made with Court Reporter Beth Delatte at least one week prior to any Court-scheduled evidentiary hearings and prior to trial. |
| Feb. 16, 2027 | TRIAL |

Dated: June 15, 2026                       Respectfully submitted,

CRISTIE GAUTREAUX GIBBENS         ZACHARY A. KELLER
Federal Public Defender                    UNITED STATES ATTORNEY


BY:   *s/ Dustin C. Talbot*              By:   */s/ John W. Nickel*

17

DUSTIN C. TALBOT
First Assistant / Appellate Chief

*s/ Aaron A. Adams*
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of
Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501

Telephone: (337) 262-6336

ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: Zachary.keller@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on June 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ John W. Nickel*
John W. Nickel
Assistant United States Attorney