RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUN 17 2026

DANIEL J. McCOY, CLERK
BY:_____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:-25-cr-00285-01 |
| | JUDGE JOSEPH |
| v. | MAGISTRATE JUDGE WHITEHURST |
| | |
| MAHMOUD AMIN YA'QUB AL-MUHTADI, | |
| a/k/a "Abu Ala," | |
| | |
| Defendant | |

_____/

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      The "Harakat al-Muqawamah al-Islamiyya," which translates from Arabic as "The Islamic Resistance Movement," was known by the acronym "HAMAS."

2.      HAMAS, which was sometimes referred to by its followers as "The Movement," was a terrorist organization based in the West Bank and Gaza Strip that was designated by the United States Secretary of State as both a Foreign Terrorist Organization and a Specially Designated Global Terrorist Organization.

3.      The Secretary of State designated the following as aliases for HAMAS: Islamic Resistance Movement, Harakat al Muqawama al-Islamiya, Students of Ayyash, Students of the Engineer, Yahya Ayyash Units, Izz Al-Din Al-Qassim Brigades, Izz Al-Din Al-Qassim Forces, Izz Al-Din Al Qassim Battalions, Izz al-Din Al Qassam Brigades, Izz al-Din Al Qassam Forces, and Izz al-Din Al Qassam

Battalions.

4. The Democratic Front for the Liberation of Palestine ("DFLP") and its paramilitary wing, the National Resistance Brigades ("NRB"), were Gaza-based organizations that coordinated and cooperated with HAMAS.

5. The DFLP was designated by the Secretary of State as a Specially Designated Global Terrorist.

6. The NRB and other Palestinian militant groups were organized into a HAMAS-led, Gaza-based institution called the Joint Operations Room.

7. On October 7, 2023, HAMAS acted with others, including Gaza-based paramilitary groups DFLP and its NRB subgroup, to perpetrate a terrorist attack in the State of Israel.

8. The Defendant, **MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"** was a member of DFLP and NRB.

**COUNT 1**
**Conspiracy to Provide Material Support to Designated Foreign Terrorist Organization**
[18 U.S.C. § 2339B(a)(1)]

1. The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about October 7, 2023, after the conduct required for the offense occurred and being found and arrested in the Western District of Louisiana after such conduct occurred, and elsewhere, the defendant,

**MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"**

did knowingly combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to provide material support and resources, as defined in Title 18, United States Code, Section 2339B(g)(4), that is, personnel including himself, weapons, and services, to a foreign terrorist organization, namely HAMAS, knowing that HAMAS was a designated foreign terrorist organization as defined in Title 18, United States Code, Section 2339B(g)(6), that HAMAS has engaged and engages in terrorist activity as defined in Title 8, United States Code, Section 212(a)(3)(B), and that HAMAS has engaged in terrorism as defined in Title 22, United States Code, Section 2656f(d)(2), all in violation of Title 18, United States Code, Section 2339B(a)(1).

Pursuant to Title 18, United States Code, Section 2339B(a)(1), it is further alleged that death resulted from the commission of the offense.

## COUNT 2
**Providing Material Support to Designated Foreign Terrorist Organization**
[18 U.S.C. § 2339B(a)(1)]

1.    The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.    On or about October 7, 2023, after the conduct required for the offense occurred and being found and arrested in the Western District of Louisiana after such conduct occurred, and elsewhere, the defendant,

**MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"**

did knowingly provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339B(g)(4), that is, personnel

3

including himself, weapons, and services, to a foreign terrorist organization, namely HAMAS, knowing that HAMAS was a designated foreign terrorist organization as defined in Title 18, United States Code, Section 2339B(g)(6), that HAMAS has engaged and engages in terrorist activity as defined in Title 8, United States Code, Section 1182(a)(3)(B)(iii), and that HAMAS has engaged in terrorism as defined in Title 22, United States Code, Section 2656f(d)(2), in violation of Title 18, United States Code, Section 2339B(a)(1).

Pursuant to Title 18, United States Code, Section 2339B(a)(1), it is further alleged that death resulted from the commission of the offense.

## COUNT 3
### Visa Fraud
[18 U.S.C. § 1546(a)]

1.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about June 26, 2024, in the special maritime and territorial jurisdiction of the United States and being found and arrested in the Western District of Louisiana, and elsewhere, the defendant,

**MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"**

did knowingly make under oath and did knowingly subscribe as true as permitted under penalty of perjury under Title 28, United States Code, Section 1746, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, and did knowingly present any such application, affidavit, and other document which

4

contains any such false statement, that is, a Form DS-260 Immigration Visa and Alien Registration Application, in that the defendant stated in such application that:

a. he did not have specialized skills or training, including firearms or explosives, when in truth and in fact, and as the defendant then and there well knew, he did have specialized skills or training, including firearms or explosives, due to his longtime affiliation with the DFLP and its paramilitary wing, the NRB;

b. he had not ever served in, been a member of, or been involved with a paramilitary unit, vigilante unit, rebel group, guerilla group, or insurgent organization, when in truth and in fact, as the defendant then and there well knew, he had long been a member of DFLP and its paramilitary wing, the NRB;

c. he had never engaged in terrorist activities, when in truth and in fact, as the defendant then and there well knew, he participated in the HAMAS-led attack against Israel on October 7, 2023;

d. he had never intended to provide financial assistance or other support to terrorists or terrorist organizations, when in truth and in fact, as the defendant then and there well knew, he had in fact provided material support to HAMAS, namely, personnel (including himself), weapons, and services by participating in the HAMAS-led attack against Israel on October 7, 2023; and

e. he had not committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of violence, when in truth and in fact, as the defendant then and there well knew, he had committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of

violence through his participation in the HAMAS-led attack against Israel on October 7, 2023,

And aided and abetted in the same, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT 4
### False Statement Within the Jurisdiction of an Agency of the United States
[18 U.S.C. § 1001(a)(2)]

1.     The General Allegations section of this Superseding Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about August 6, 2024, in the special maritime and territorial jurisdiction of the United States and being found and arrested in the Western District of Louisiana, in a matter within the jurisdiction of the United States Department of State, an agency of the executive branch of the United States Government, the defendant,

**MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"**

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in that the defendant represented to an employee of the Department of State that:

a. he did not have specialized skills or training, including firearms or explosives, when in truth and in fact, and as the defendant then and there well knew, he did have specialized skills or training, including firearms or explosives, due to his longtime affiliation with the DFLP and its paramilitary wing, the NRB;

6

b. he had not ever served in, been a member of, or been involved with a paramilitary unit, vigilante unit, rebel group, guerilla group, or insurgent organization, when in truth and in fact, as the defendant then and there well knew, he had long been a member of DFLP and its paramilitary wing, the NRB;

c. he had never engaged in terrorist activities, when in truth and in fact, as the defendant then and there well knew, he participated in the HAMAS-led attack against Israel on October 7, 2023;

d. he had never intended to provide financial assistance or other support to terrorists or terrorist organizations, when in truth and in fact, as the defendant then and there well knew, he had in fact provided material support to HAMAS, namely, personnel (including himself), weapons, and services by participating in the HAMAS-led attack against Israel on October 7, 2023; and

e. he had not committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of violence, when in truth and in fact, as the defendant then and there well knew, he had committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings or other acts of violence through his participation in the HAMAS-led attack against Israel on October 7, 2023,

In violation of Title 18, United States Code, Section 1001(a)(2).

Pursuant to Title 18, United States Code, Section 1001(a), it is further alleged that the offense involves international terrorism as defined in Title 18, United States Code, Section 2331.

7

## FORFEITURE NOTICE

A.    The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for alleging forfeiture to the United States of America of certain property to which the defendant, **MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala,"** has an interest.

B.    Upon conviction of a violation of Title 18, United States Code, Section 2339B(a)(1), as alleged in this Superseding Indictment, the defendant shall forfeit to the United States of America, any property, real or personal, that constitute proceeds of the charged conduct, and any property, real or personal, that was used, involved in, or facilitated, the planning or perpetrating of any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c).

C.    Upon conviction of a violation of Title 18, United States Code, Section 1546(a), as alleged in this Superseding Indictment, the defendant to the United States of America, any property, real or personal, which constitutes or is derived from proceeds of the traceable offense, and/or which was involved in or facilitated the charged conduct, pursuant to Title 18, United States Code, Section 982(a)(6).

D.    If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

A TRUE BILL

**REDACTED**

FOREPERSON

JOHN A. EISENBERG
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

ZACHARY A. KELLER
UNITED STATES ATTORNEY

JOHN W. NICKEL
ASSISTANT UNITED STATES ATTORNEY

ANDREW SIGLER
TRIAL ATTORNEY, NATIONAL SECURITY DIVISION
ELIZABETH J. SHAPIRO
U.S. DEPARTMENT OF JUSTICE

9