# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:25-cr-00285** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MAHMOUD AMIN YA'QUB AL-MUHTADI** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER GRANTING TRIAL CONTINUANCE
## AND AMENDED SCHEDULING ORDER

Considering the JOINT OMNIBUS STATUS REPORT AND MOTION TO CONTINUE TRIAL (the "Joint Motion") filed by the United States of America and Defendant Mahmoud Amin Ya'qub Al-Muhtadi [Doc. 59], and the Superseding Indictment returned by the Grand Jury on June 17, 2026 [Doc. 60];

**IT IS HEREBY ORDERED** that the trial date in this case will be set beyond the 70-day period required by the Speedy Trial Act based on the complexity of the matter and because the ends of justice are best served in doing so as contemplated by 18 U.S.C. § 3161(h)(7)(A) and (B)(ii). *See also*, Speedy Trial Waiver [Doc. 38].

**IT IS FURTHER ORDERED** that all motions deadlines will be set in a manner that will provide the parties a reasonable amount of time to review the voluminous discovery, retain necessary experts, and otherwise prepare the case for trial. Accordingly, such delays, including the setting of this matter for trial, are excluded under the Speedy Trial Act. Neither this Court nor the parties under the circumstances outlined in the Joint Motion can be expected to prepare effectively for

the pretrial and trial proceedings in the time periods as stated in 18 U.S.C. § 3161(c)(1).

**IT IS FURTHER ORDERED** that in order to ensure the accuracy of the record in all pretrial CIPA proceedings and trial involving classified information, each party shall provide a **real-time glossary** to the Court Reporter and to the CISO **no later than seven (7) days prior to Court scheduled evidentiary hearings and prior to trial**. Counsel shall coordinate with the CISO to ensure that the glossary contains **no classified information** and is properly marked.

The glossary, along with the corresponding Witness list and Exhibit List, shall include a glossary of names and unusual terms, and/or word index of terms likely to be stated on the record during hearings and trial that are technical, scientific, medical or otherwise uncommon. The glossary may be updated as necessary throughout the course of this case.

**IT IS FURTHER ORDERED** that the following pre-trial deadlines are entered, along with the corresponding pre-trial conference and trial date:

| | |
|---|---|
| **June 24, 2026** | **Deadline for Defendant to file Motion for Bill of Particulars** |
| **July 7, 2026** | **Response to Defendant's Motion for Bill of Particulars** |
| **July 7, 2026** | **Discovery Motions Deadline** (Fed. R. Crim. P. 16) |
| **July 17, 2026** | **Government's Response to Discovery Motions** |
| **September 4, 2026** | **Government's Expert Disclosure Deadline** |

| | |
|---|---|
| **September 15, 2026** | **Deadline for: (1) Government's CIPA 4 Motion, (2) Public Motion on Witness Protections, and (3) All Other Motions** |
| **September 23, 2026** | **Defendant's Deadline for *Ex Parte* Statement of Defense Re: CIPA to be submitted to Court** |
| **September 29, 2026** | **Opposition Briefs Due for: Public Motion on Witness Protections and All Other Motions** |
| **October 30, 2026** | **Defense Expert Disclosure Deadline, Notice Deadline / FRE 404(b) and 902(11); Fed. R. Crim. P. 12.1, 12.2, 12.3** |
| **November 5-6, 2026 10:00 a.m.** | **Motions Hearing on All Evidentiary Motions** (Fed. R. Crim. P. 12) |
| **December 18, 2026** | **Foreseeable Issues, Proposed Voir Dire, and Proposed Jury Instructions Due[1]** |
| **December 18, 2026** | **Deadline to submit plea packet.[2]** |
| **December 21, 2026 10:00 a.m.** | **Pre-Trial Conference** |
| **January 4, 2027** | **Applications for Writ of Habeas Corpus ad testificandum** (*i.e.* to produce witnesses who are currently incarcerated). Such applications must describe specifically why the testimony is necessary. |
| **January 11, 2027** | **Applications for Subpoena(s)** (Fed. R. Crim. P. 17) |
| **NLT Seven (7) Days Prior to Hearings and Trial** | **Real-Time Deadline.** Real-time is available, and arrangements <u>MUST</u> be made with Judge Joseph's Court Reporter, Beth Delatte, <u>at least one week</u> prior to any Court scheduled evidentiary hearings and prior to trial. |

---

[1]   For instructions regarding these documents, *see* Appendix, § I.
[2]   *See* Appendix, § IV.

| | |
|---|---|
| **NLT Seven (7) Days Prior to Hearings and Trial** | **Real Time Glossary**. By this date, each party shall submit to the court reporter a witness list, glossary of names and unusual terms, and/or word index of terms likely to be stated on the record during trial that are technical, scientific, medical, or otherwise uncommon. |
| **January 20, 2027** | **Witness Lists** (with witnesses designated as "fact" or "expert," and expected length of testimony). |
| **January 20, 2027** | **Exhibit Lists AND Electronic Versions of Exhibits Due.** To be provided to the Court and opposing parties.[3] Witnesses or evidence called/offered solely for impeachment need not be included. |
| **January 20, 2027** | **Bench Books Due** (To court and Defense Counsel) |
| **January 22, 2027** | **Jencks Act Disclosures Due** |
| **January 25 – February 5, 2027 9:00 a.m.** | **TRIAL** |

THUS, DONE AND SIGNED in Chambers on this 18th day of June 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[3]    Absent permission, otherwise, counsel must provide 2 sets of bench books to chambers, 1 set to the Courtroom Deputy, and 1 set to each opposing party; counsel must also provide the Courtroom Deputy with a flash drive containing all trial exhibits. Prior to jury selection, counsel must deliver 1 complete set of bench books to the courtroom for the use of testifying witnesses at trial.

## Appendix

### I. Pretrial Conference

#### A. List of Foreseeable Issues

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing include, but are not limited to:

1. Extrinsic evidence questions under *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978);
2. Voluntariness of statements under 18 U.S.C. § 3501;
3. Admissibility questions; and/or
4. Any other issue resolvable by a pretrial hearing.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;
3. Waivers of foundation of documents where possible;
4. Exchange of *curriculum vitae* of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
7. Jury instructions/*voir dire* problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

#### B. Proposed Voir Dire

The Court will conduct voir dire and allow counsel 10 minutes for any follow up questions. Counsel may submit proposed voir dire questions specific to a party or the case for the Court's consideration.

#### C. Jury Instructions

Fifth Circuit Pattern Jury Instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction must be accompanied by a brief stating the statutory and/or jurisprudential authority for the

instruction.  Fifth Circuit authority is preferable.  A simple case citation will not be sufficient.

## II.    <u>Continuances</u>

Any request for a continuance of the trial setting or a pretrial deadline **<u>MUST</u>** include the specific reasons why the scheduled trial date or pretrial deadlines do not afford sufficient time, the exact amount of additional time requested and, if the party is requesting a trial continuance, the motion **<u>MUST</u>** include the relevant provision(s) of 18 U.S.C. § 3161 authorizing the continuance.  Continuance requests **<u>MUST</u>** comply with the Court's Standing Order regarding timely filing motions to continue. *See* Standing Order at **<u>www.lawd.uscourts.gov</u>** – under Chambers tab for Judge David C. Joseph.

## III.    <u>Other Requirements</u>

A courtesy copy of all material required by this Scheduling Order should be submitted directly to chambers in order to facilitate prompt attention to all matters. Courtesy copies should be e-mailed to <u>joseph_motions@lawd.uscourts.gov</u>.  All electronic submissions should be in Microsoft Word format.

## IV.    <u>Guilty Plea and Sentencing Procedures</u>

### A. <u>Guilty Pleas</u>

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

1. The plea agreement;
2. An affidavit of understanding of maximum penalty and constitutional rights;
3. The elements of the offense;
4. A stipulated factual basis for the guilty plea[4]; and
5. A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

---

[4]    The Court may accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

**B. <u>Sentencing</u>**

Presentencing memoranda must be filed by counsel under seal **at least seven (7) days** prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office. *See* LCrR 32.2. Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least **three (3)** days prior to the scheduled sentencing date. The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen (14) days from the day of disclosure. *See* Fed. R. Crim. P. 32(f); LCrR 32.1.