UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:25-cr-00285-01 |
| | JUDGE JOSEPH |
| v. | MAGISTRATE JUDGE WHITEHURST |
| MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala," | |
| Defendant | |
| _____/ | |

## UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION FOR A BILL OF PARTICULARS [Doc. 68]

**TABLE OF CONTENTS**

I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ......................... 1

    A.  Case History ...................................................................................... 1

    B.  The Superseding Indictment Challenged by the Motion................................. 2

II.    LAW AND ARGUMENT.................................................................................. 3

    A.  The Superseding Indictment Contains All Elements of the Charged Offenses and Fairly Apprises the Defendant of His Charged Crimes, and the Motion Fails to Establish an Exception Applies. ........................................................ 5

        1. Co-conspirators, "Personnel," and Aiding and Abetting............................... 8

        2. Weapons and Services.................................................................................. 9

    B.  The Government's Extensive Reverse Proffer, 44-Page Criminal Complaint, and Discovery Weigh Further Against the Motion.......................................... 11

III.    CONCLUSION.............................................................................................. 14

# TABLE OF AUTHORITIES

**CASES**

*Abram v. McConnell,*
   3 F.4th 783 (5th Cir. 2021) ............................................................... 7

*Hamling v. United States,*
   418 U.S. 87 (1974) .............................................................................. 4

*United States v. Davis,*
   53 F.4th 833 (5th Cir. 2022).......................................................... 4, 6, 7

*United States v. Barnes,*
   158 F.3d 662 (2d Cir. 1998) .............................................................. 12

*United States v. Barrentine,*
   591 F.2d 1069 (5th Cir. 1979)............................................................ 8

*United States v. Beebe,*
   792 F.2d 1363 (5th Cir. 1986)............................................................ 4

*United States v. Bortnovsky,*
   820 F.2d 572 (2d Cir. 1987) .............................................................. 11

*United States v. Burgin,*
   621 F.2d 1352 (5th Cir. 1980)...................................................... 10, 12

*United States v. Carrillo-Morones*
   564 F. Supp. 2d 703 (W.D. Tex. 2008)............................................... 8

*United States v. Davis,*
   582 F.2d 947 (5th Cir. 1978)............................................................ 12

*United States v. Davis,*
   53 F.4th 833 (5th Cir. 2022) ...................................................... 4, 6, 7

*United States v. Drones,*
   218 F.3d 496 (5th Cir. 2000)............................................................. 9

*United States v. Duffey,*
 456 F. App'x 434 (5th Cir. 2012)........................................................................ 9

*United States v. Franco,*
 632 F.3d 880 (5th Cir. 2011) .............................................................................. 6

*United States v. Foreman,*
 986 F.2d 1418 (5th Cir. 1993) ............................................................................ 9

*United States v. Gonzalez,*
 436 F.3d 560 (5th Cir. 2006) .............................................................................. 7

*United States v. Gordon,*
 780 F.2d 1165 (5th Cir. 1986)............................................................................. 7

*United States v. Hawkins,*
 661 F.2d 436 (5th Cir. 1981) .............................................................................. 9

*United States v. Haynes,*
 No. 24-cr-00206, 2025 U.S. Dist. LEXIS 161170 (W.D. La. Aug. 19, 2025)
 (Joseph, J.)......................................................................................................... 8

*United States v. Kirkham,*
 129 F. App'x 61, 72 n.42 (5th Cir. 2005)......................................................... 12

*United States v. Lavergne,*
 805 F.2d 517 (5th Cir. 1986) ............................................................................ 12

*United States v. Miranda,*
 494 F.2d 783 (5th Cir. 1974) .............................................................................. 5

*United States v. Morgan,*
 690 F.Supp.2d 274 (S.D.N.Y. 2010)................................................................. 12

*United States v. Osadzinski,*
 No. 19-cr-00869, 2021 U.S. Dist. LEXIS 141637 (N.D. Ill. Jul. 29, 2021) ...... 13

*United States v. Patino,*
 962 F.2d 263 (2d Cir. 1992) ............................................................................... 9

*United States v. Perez,*
 489 F.2d 51 (5th Cir. 1973) .............................................................................. 14

*United States v. Sattar,*
        314 F. Supp. 2d 279 (S.D.N.Y. 2004) ................................................................ 11

*United States v. Sullivan,*
        421 F.2d 676 (5th Cir. 1970) ........................................................................ 13

*United States v. Sweet,*
        107 F.4th 944 (10th Cir. 2024) ...................................................................... 6

*United States v. Thomas,*
        348 F.3d 78 (5th Cir. 2003) .......................................................................... 4

*United States v. Vasquez,*
        867 F.2d 872 (5th Cir. 1989) ........................................................................ 13

*United States v. Warsame,*
        537 F. Supp. 2d 1005 (D. Minn. 2008) ........................................................... 10

*United States v. Williams,*
        679 F.2d 504 (5th Cir. 1982) ............................................................... 4, 5, 6, 7

## STATUTES

18 U.S.C. § 2 ................................................................................................................ 3
18 U.S.C. § 922(g) ...................................................................................................... 7
18 U.S.C. § 924(c)(1) ................................................................................................ 10
18 U.S.C. § 1001(a)(2) ................................................................................................ 2
18 U.S.C. § 1546 ......................................................................................................... 1
18 U.S.C. § 1546(a) ............................................................................................... 2, 3
18 U.S.C. § 2339A(b) ................................................................................................ 10
18 U.S.C. § 2339B ................................................................................................. 1, 2

## RULES

Fed. R. Crim. P. 7 ..................................................................................................... 11
Fed. R. Crim. P. 7(c) ............................................................................................... 5, 6
Fed. R. Crim. P. 1946 ................................................................................................. 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB
AL-MUHTADI,
    a/k/a "Abu Ala,"

        Defendant

_____/

6:25-cr-00285-01
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

## UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION FOR A BILL OF PARTICULARS [Doc. 68]

NOW INTO COURT, the United States of America, by and through Zachary A. Keller, United States Attorney for the Western District of Louisiana, who files this opposition to the Defendant's Second Motion for a Bill of Particulars [Doc. 68] and respectfully represents as follows:

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Case History

On October 6, 2025, the Government charged the Defendant with two crimes via criminal complaint: one count of visa fraud, in violation of 18 U.S.C. § 1546, and one count of conspiring to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. [Doc. 1]. In support of the complaint, the Government attached a forty-four-page affidavit, [Doc. 1-1], which Magistrate Judge Ayo had read via interpreter to the Defendant in its entirety at his initial appearance on October 17, 2025. [*See* Doc. 10].  The affidavit alleges that the Defendant was an

1

operative for the Democratic Front for the Liberation of Palestine's ("DFLP") military wing, the National Resistance Brigade ("NRB")—a Gaza-based paramilitary group that participated in the Hamas-led terrorist attack against Israel on October 7, 2023. [Doc. 1-1, ¶ 6]. The affidavit goes on to detail the Defendant's role in the October 7th attacks, as well as how the Government became aware of his role in said attacks.

A federal grand jury returned an indictment charging the Defendant with the same two crimes as the complaint two weeks later. [Doc. 16]. On May 26, 2026, the Defendant filed a First Motion for Bill of Particulars that was later stricken after the Government informed the defense team that it would be seeking a superseding indictment, thus mooting the original motion. [Doc. 54].

## B. The Superseding Indictment Challenged by the Motion

On June 17, 2026, the same grand jury returned the four-count Superseding Indictment. The Superseding Indictment charges one count of conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 1), one count of providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 2), one count of visa fraud, in violation of 18 U.S.C. § 1546(a) (Count 3), and one count of false statement within the jurisdiction of an agency of the United States, in violation of 18 U.S.C. § 1001(a)(2) (Count 4). [Doc. 60]. Both Count 1 and Count 2 allege death resulted from the commission of the offense. [*Id.*].

The charging language in Counts 1 and 2 are substantially similar beyond the conspiracy (Count 1)-substantive (Count 2) crime distinction. The Superseding

2

Indictment thereby describes the nature of the terroristic conduct at issue in Counts 1 and 2 by using the same clarifying descriptors in the count language along with General Allegations providing further context. The General Allegations define HAMAS as an organization and describe its designated status, *see* [Doc. 60 at 1-2], as well as the DFLP and its paramilitary wing, the NRB, [*id.* at 2]. The General Allegations further clarify that HAMAS was the principal perpetrator of the October 7 attack in Israel, with the DFLP and NRB acting together with HAMAS, and that the Defendant was a member of DFLP and NRB. Counts 1 and 2 then go on to specify the nature of "material support and resources" with "that is, personnel including himself, weapons, and services," to specify the "foreign terrorist organization" as "HAMAS." *See* [Doc. 60 at 3].  As to Count 3, charging visa fraud, the Superseding Indictment tracks the statutory language for Paragraph 4 of 18 U.S.C. § 1546(a) and specifies five false statements that are at issue in this case and the immigration form in which they were made, while also including an aiding and abetting allegation with 18 U.S.C. § 2 alleged in the charging language. Count 4 charges the same false statements when made to a Department of State employee.

## II.    LAW AND ARGUMENT

The Defendant does not dispute that the Superseding Indictment tracks the statutes' plain language for good reason: it unquestionably does. That matters because, as the Supreme Court and Fifth Circuit have long recognized, "an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*,

348 F.3d 78, 82 (5th Cir. 2003); *see also Hamling v. United States*, 418 U.S. 87, 117, (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself…"). And in fact, the Motion does not ask this Court to dismiss the Superseding Indictment, thereby appearing to concede that the Superseding Indictment is sufficient. This matters because where "the indictment [i]s sufficient, [a] district court d[oes] not abuse its discretion when it denie[s] [a defendant's] request for a bill of particulars," *United States v. Beebe*, 792 F.2d 1363, 1366-67 (5th Cir. 1986), with "a defendant possess[ing] no right to a bill of particulars" in general, *United States v. Davis*, 53 F.4th 833 at 845 (5th Cir. 2022).

In that way, the Motion presents a mere wish upon a star, untethered to substantial law, that asks this Court to exercise its discretion to find the Motion's requested information "exception[al]." *United States v. Williams*, 679 F.2d 504 at 508 (5th Cir. 1982) And the defense presents this Court a remarkable wish list: *nineteen* paragraphs spanning two full pages, many of which stretch to a fourth or even fifth line of text to explain the request. [*See* Doc. 68-1, pp. 17-19]. Consider Request 12, which is somehow not even the longest request:

> "Specify whether the government will contend that participation in the alleged Joint Operations Room is, in and of itself, a service charged in Counts 1 and 2, as distinct from a predicate joint venture relied upon for Federal Rule of Evidence 801(d)(2)(E) purposes."

This requested information, the defense apparently contends, should have been in the Superseding Indictment or is at least necessary for it to prepare its defense, such that this Court should order the Government to respond via bill of particulars.

But that is not the law, and this Court should deny the Defendant's requests for two reasons. *First*, the Superseding Indictment squarely complies with Rule 7's requirements, and the defense fails to raise issues placing this case "within an exception to th[e] well-established principle" that statutory language is sufficient. *Williams*, at 679 F.2d at 508. Instead, as explained below, the governing law shows that the Superseding Indictment goes beyond what is required and that the defense therefore has no leg to stand on in asking this Court to require more by proposing its two pages of information requests. *Second*, even were the Superseding Indictment to lack some amount of clarity, the defense's would still fail because the Government has outlined the information it seeks in the criminal complaint affidavit, the discovery it has produced, and the extensive reverse proffer session it has held with the defense team—all channels of information that Fifth Circuit law shows to further obviate the need for a bill of particulars. For these reasons, this Court should deny the Motion without a hearing.

**A. The Superseding Indictment Contains All Elements of the Charged Offenses and Fairly Apprises the Defendant of His Charged Crimes, and the Motion Fails to Establish an Exception Applies.**

To start, the Motion fails because the Superseding Indictment is valid and sufficient on its own terms, containing enough information to apprise the defense of the charges and protect the rights Rule 7 is designed to cover. "The validity of an indictment under [Federal] Rule [of Criminal Procedure] 7(c) is determined by practical, not technical considerations," *United States v. Miranda*, 494 F.2d 783, 788 (5th Cir. 1974), with the indictment's purpose simply to "apprise [a defendant] with

5

reasonable certainty of the charge against him." *Id.* So while Rule 7(c) requires "a plain concise, and definite written statement of the essential facts constituting the offenses charged," the Fifth Circuit has explained that this "does not mean that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense." *Williams*, 679 F.2d at 508.

Rather, the Fifth Circuit has long recognized that "[a]s a general rule, an indictment which alleges an element of the charged offense merely by reciting the words of the applicable statute is valid so long as the indictment alleges each of the requisite elements of the charged offense." *Williams*, 679 F.2d at 508. The Fifth Circuit has also explained that "[t]hese requirements stem directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment." *Davis*, 53 F.4th at 845 (quotations omitted).[1] To that end, "[n]o prescribed set of words are required" for an indictment to be sufficient, *United States v. Franco*, 632 F.3d 880, 885 (5th Cir. 2011), and the indictment "simply needs to allege each element of the crime in a way that allows the

---

[1] This relaxed standard came with the Federal Rules of Criminal Procedure's 1946 enactment, which rejected common law standards that "were notably intricate and demanding, requiring a detailed statement of both the facts and the legal theories underlying a charge." *United States v. Sweet*, 107 F.4th 944, 957 (10th Cir. 2024). Thus "[t]he introduction of Rule 7(c) marked a significant shift toward simplifying criminal indictments," *id.*, and "[t]o require more would return us to the stringent common law pleading standards of another era, which were decisively abandoned with the enactment of the Federal Rules of Criminal Procedure." *Id.* at 960.

accused to prepare his defense and invoke the Double Jeopardy clause in a subsequent proceeding." *United States v. Gonzalez*, 436 F.3d 560, 569 (5th Cir. 2006).

For a charged crime to require more than the statute's plain language, the charge needs to "come[] within an exception to this well-established principle" that a statutory language is sufficient. *Williams*, 679 F.2d at 508. For that to be so, the statute must fail to "contain the elements of the offense charged." *Davis*, 53 F.4th at 845 (quotations omitted). This requirement makes sense for a simple reason: the grand jury must make its probable cause finding as to each element of the crime, with the indictment formally containing the elements. *See id.* While it is possible for a statute to not contain a crime's elements, the circumstance is not a mere matter of a statute's elements involving factual or legal theories, with the Fifth Circuit routinely rejecting defense requests to require more detail for issues relating to interstate commerce, *see Williams*, 679 F.2d at 508-09, as well as wire and mail fraud cases, *see United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986). Rather, the circumstance typically arises as the result of changes to the elements of a crime required by caselaw, such as when the Supreme Court ruled in 2019 that knowledge of felon status was required for defendants to violate 18 U.S.C. § 922(g). *See Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021) (recognizing a "new element of [the] crime" that should be included in an indictment).

Here, the defense's 19 information requests generally fall into five categories of information: (1) the identity of co-conspirators in Count 1, (2) the identity of "personnel" in Counts 1-2, (3) the identity of person(s) the Defendant aided and

abetted in Count 3, (4) the specific "weapons" at issue in Counts 1-2, and (5) the specific "services" at issue in Counts 1-2. But as the following explains, none of these categories of information falls within the type of "exception[al]" circumstances that the Fifth Circuit contemplates, with the law instead weighing against this Court requiring a bill of particulars as to any of them.

**1. Co-conspirators, "Personnel," and Aiding and Abetting.** As to the Defendant's request for the identities of unnamed co-conspirators for Count 1, "personnel" for Counts 1 and 2, and whom he aided and abetted for Count 3, the Fifth Circuit has long recognized that a district court acts within its discretion by ordering a bill of particulars "for discovering the names of unindicted coconspirators who the government plans to use as witnesses," *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (emphasis added).  District courts— including this Court—have correctly understood this to reflect that defendants are "not entitled to the names or identities of unindicted co-conspirators." *United States v. Haynes*, No. 24-cr-00206, 2025 U.S. Dist. LEXIS 161170, at *14 (W.D. La. Aug. 19, 2025) (Joseph, J.) (quoting *United States v. Carrillo-Morones*, 564 F. Supp. 2d 703, 706 (W.D. Tex. 2008) and citing *Barrentine*, 591 F.2d at 1077). These same principles govern the "personnel" and aiding and abetting at issue here because conspiracy, personnel assisting in an attack, and aiding and abetting are all conceptually similar, involving persons acting in concert with a defendant in perpetrating a crime. The Fifth Circuit, like others, follows this commonsense reality in discussing how conspiracies, personnel, and aiding and abetting relate to one another. *See, e.g., United States v. Drones*, 218 F.3d

496, 505 (5th Cir. 2000) ("Typically, the evidence that supports a conspiracy conviction supports an aiding and abetting conviction."); *United States v. Duffey*, 456 F. App'x 434, 441 (5th Cir. 2012) (noting "continuity of personnel" as to two separate conspiracies); *United States v. Hawkins*, 661 F.2d 436, 457 (5th Cir. 1981) (noting "changes in personnel" of conspiracy). For this reason, the Court should deny the Motion as to conspirators, personnel, and aiding and abetting as beyond the scope of what Rule 7 requires.

**2. Weapons and Services.** The same is true of "weapons" and "services" as set forth in the Superseding Indictment: there is no law that supports this Court requiring the Government to go further than it already has to explain this case to the defense. As the defense concedes, the Government's use of "weapons" and "services," along with "personnel," already narrows the charges' scope from the 14 categories of conduct that could constitute "material support." [*See* Doc. 68-1, p. 7 (noting "fourteen categories of conduct" and that "Counts 1 and 2 … track three of those categories…")]. And while the defense now requests additional detail, it does not explain why that information presents an exception to the general rule of an indictment's validity. Not only are specific weapons not required to be listed out in an indictment, *see United States v. Foreman*, 986 F.2d 1418 (5th Cir. 1993), but courts have even recognized that proving different weapons at trial than those listed in the indictment does not constitute an impermissible constructive amendment. *See, e.g., United States v. Patino*, 962 F.2d 263, 266 (2d Cir. 1992) (affirming invoking firearms not listed in the indictment while noting that "courts have rejected claims that the type of firearm

9

alleged in the indictment is an essential element under Section 924(c)(1) and have affirmed convictions where the evidence showed a different type of weapon."). In truth, the defense's seeking to use a bill of particulars to require the Government to list out every fact it intends to elicit is precisely the impermissible "use[] [of a bill of particulars] as a weapon to force the government into divulging its prosecution strategy" that the Fifth Circuit forbids. *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

And while the defense offers one case to support its position, *United States v. Warsame*, 537 F. Supp. 2d 1005 (D. Minn. 2008), it badly misconstrues the case to weigh in its favor when it in fact cuts against them as to weapons and personnel. The *Warsame* district court confronted a superseding indictment that only charged Warsame with "providing material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)," and no more. *See* Doc 93, pp. 7-8 of *United States v. Warsame*, No. 04-cr-00029 (D. Minn. Feb. 16, 2007) (attached as Attachment A). In response, the United States filed a bill of particulars that only listed out the subparts that applied: "personnel," "currency or monetary instruments or financial securities," and "training." *See* Doc. 96, p. 2 of *Warsame*, No. 04-cr-00029 (D. Minn. Feb. 16, 2007) (attached as Attachment B). In that way, the *Warsame* court held the government there to a standard that the Superseding Indictment already meets, in that it specifies the subparts of the material support and resources definition that the Government's evidence covers.

And in any event, the Defendant's case here is more akin to the *Sattar* decision cited by the Defendant. [Doc. 68-1]; *United States v. Sattar*, 314 F. Supp. 2d 279 (S.D.N.Y. 2004).  There, the *Sattar* court recognized that the government cannot be compelled to disclose "the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories." *Id.* at 318.  The *Sattar* court did not say that a bill of particulars is necessary when the indictment itself does not contain enough specific information to prepare a defense.  Rather, it recognized that when the information sought by the defendant is provided in the indictment *or in some acceptable form*, no bill of particulars is required."  *Id. citing United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (emphasis added).  The *Sattar* decision holding is not limited to a situation in which an indictment has enough information to bar a bill of particulars.  Rather, the *Sattar* court's decision bars a bill of particulars when the information sought by the defense is available in some acceptable form.  *Id.* The sum of all this is that the Motion fails to provide reason or law as to why this Court should require the Government to go beyond what Rule 7 requires, and this Court should therefore deny the Defendant's request for a bill of particulars.

### B. The Government's Extensive Reverse Proffer, 44-Page Criminal Complaint, and Discovery Weigh Further Against the Motion.

Yet even were the Superseding Indictment to lack clarity on its own terms, the Motion would still fail because of the extensive discovery, reverse proffer presented to the defense by the Government, and 44-page criminal complaint affidavit all weigh further against this Court exercising its discretion to require a bill of particulars. To

be sure, "[t]he function of a bill of particulars is to enable the defendant to prepare for trial and avoid prejudicial surprise as well as providing protection against a subsequent prosecution for the same offense." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). However, the Fifth Circuit has made equally clear that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *Id*. It is similarly "well established that generalized discovery is not a permissible goal of a bill of particulars," *United States v. Davis*, 582 F.2d 947, 952 (5th Cir. 1978), and that a bill of particulars is not a way for the defense to supplement discovery productions, with the defense responsible for reviewing the evidence and formulating its defense using those materials. *See, e.g., United States v. Lavergne*, 805 F.2d 517 at 521 (5th Cir. 1986)(defendants had not been surprised or prejudiced by facts used to support the government's case because the government had made the evidence used at trial available for inspection and copying by the defendants' attorneys or investigators); *accord United States v. Kirkham*, 129 F. App'x 61, 72 n.42 (5th Cir. 2005).

When determining whether the defendant has been supplied with sufficient particularity regarding the charge against him, the Court may look beyond the indictment and consider the totality of the information that has been provided to the defendant. *United States v. Barnes*, 158 F.3d 662, 665–66 (2d Cir. 1998); *see also United States v. Morgan*, 690 F.Supp.2d 274, 284 (S.D.N.Y. 2010) ("If the information the defendant seeks is provided in the indictment or in some acceptable alternate form, such as discovery or *a criminal Complaint*, no bill of particulars is required.")

12

(emphasis added). And to that end, "[i]t is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989) (*citing United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970)).

Here, the Government filed a 44-page affidavit in conjunction with its criminal complaint in this case, (*see* Doc. 1-1), and held a two-hour reverse proffer providing the defense team with an outline of its case. The Government gave the defense a copy of a PowerPoint following that reverse proffer that provides a roadmap of what the Government intends to prove at trial. *See United States v. Osadzinski*, No. 19-cr-00869, 2021 U.S. Dist. LEXIS 141637, at *18-19 (N.D. Ill. Jul. 29, 2021) (denying motion for bill of particulars in 2339B indictment charging "services" generally based largely on comprehensive complaint affidavit).

Moreover, the defense's 19-paragraph wish list of information is precisely the type of impermissible attempt at a supplemental discovery production that the Fifth Circuit forbids. The Defendant argues that there is no way of knowing whether the acts set out in the criminal complaint are the same ones that support the Superseding Indictment and were considered by the grand jury. What the Government knows about the Defendant's affiliation with DFLP and about his actions on October 7, 2023, are set out in the criminal complaint. There is no alternative set of facts that the Government has relied upon in acquiring the Superseding Indictment. Indeed, the requests made in the Defendant's motion are more akin to civil interrogatories than requests for a bill of particulars. The questions asked by the Defendant—who claims

13

the answers are necessary for his defense—include questions about information that is already clearly stated in the complaint and already produced in discovery. The Defendant's motion for a bill of particulars is nothing more than a thinly veiled attempt to have the Court compel the Government to provide a detailed exposition of its evidence or otherwise have the Government explain the legal theories upon which it intends to rely at trial to secure his conviction.

And while the Defendant claims that it is not asking the Government to disclose its evidence or to explain the theory of its proof, he does just that. [Doc. 68-1, p. 9]. Answering the Defendant's detailed and specific requests would be disclosing in detail the Government's evidence prior to trial—something prohibited in the Fifth Circuit. *United States v. Perez,* 489 F.2d 51 ,71 (5th Cir. 1973). For example, the Defendant's third enumerated request asks the Government to "[i]dentify the specific instructions, directions, agreements, or coordination from Hamas on which the Government will rely to satisfy the requirement that the defendant acted under the direction or control of Hamas." [Doc. 68-1, p. 17]. Here, and in nearly all of his requests, the Defendant is asking the Government how it plans on meeting the elements of each crime. For these reasons, this Court should deny the Motion in its entirety without a hearing.

## III.    CONCLUSION

The Defendant's motion for a bill of particulars impermissibly asks the Government to do the defense's job for them, asking the Government to provide an exposition of the evidence it intends to introduce at trial when Fifth Circuit law

14

clearly weighs against it. For these reasons, the Government respectfully requests

the Court deny the Defendant's motion for a bill of particulars.

Respectfully submitted,

ZACHARY A. KELLER
United States Attorney

*/s/ John W. Nickel*
JOHN W. NICKEL
Assistant United States Attorney
ZACHARY A. KELLER
United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Phone: (337) 262-6618


ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov


D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: andrew.sigler@usdoj.gov

15