# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOHAMED ABDULLAH WARSAME,

Defendant.

Criminal No. 04-29 (JRT)

**MEMORANDUM OPINION AND ORDER**

---

Thomas M. Hollenhorst and William H. Koch, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; and Joseph N. Kaster, **UNITED STATES DEPARTMENT OF JUSTICE**, 10th and Constitution Avenue NW, Room 2649, Washington DC, 20530, for plaintiff.

David C. Thomas, **LAW OFFICES OF DAVID C. THOMAS**, 53 West Jackson Boulevard, Suite 1362, Chicago, IL 60604; and Andrea K. George, Assistant Federal Public Defender, **OFFICE OF THE FEDERAL PUBLIC DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415; for defendant.

Defendant Mohamed Abdullah Warsame ("Warsame") is charged with conspiracy to provide material support and resources to a designated Foreign Terrorist Organization and with providing material support and resources to a designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B. Warsame is further charged with making false statements in violation of 18 U.S.C. § 1001(a)(2). This matter is before the Court on several of Warsame's pre-trial motions. Warsame has filed Motions for Discovery, Motions for a Bill of Particulars, and a Motion for Release from Custody

**ATTACHMENT A**

Pending Trial. He has also filed a Motion to Identify and Produce Alleged Confidential Sources, and a Motion to Compel the Government to Furnish English Language Translations of Audiotaped Conversations Conducted in the Somali Language. For the reasons set forth below, the Court grants in part Warsame's Motions for a Bill of Particulars. The Court denies the remaining motions.

## BACKGROUND

Warsame is a naturalized Canadian citizen. In 2002, Warsame became a lawful permanent resident of the United States. From 2002 until December 2003, he resided in Minneapolis, Minnesota, with his wife and daughter. During this time, Warsame attended the Minneapolis Community and Technical College, working twelve hours per week in a work-study program in addition to his full course load. He earned excellent grades and was recommended for a scholarship by one of his professors. Prior to his arrest in connection with this case, Warsame had never had any trouble with the law, in the United States or in Canada.

Following extensive surveillance of Warsame's email and telephone communications, FBI agents interviewed Warsame in his living room on the morning of December 8, 2003. After this initial interview, the agents told Warsame that the interview should continue in a secure and private location in order to assure his safety and privacy, but told Warsame that his cooperation was voluntary. The agents requested that Warsame pack some belongings and warm clothes. The agents then drove Warsame to Camp Ripley, an Army National Guard military base located in Little Falls, Minnesota.

- 2 -

The agents continued questioning Warsame at Camp Ripley until early evening. Warsame spent the night at the military base, and the agents resumed questioning the following morning, concluding the interview at approximately 11:10 A.M. At that time, the agents drove Warsame to the FBI office in Minneapolis, where he was arrested on the authority of a material witness warrant issued in the Southern District of New York.

The prosecution alleges that Warsame traveled to Afghanistan and Pakistan between 2000 and 2001, attended al Qaeda training camps, and fought with the Taliban against the Northern Alliance. The prosecution also alleges that al Qaeda paid Warsame's travel expenses to return to Canada, and that Warsame maintained communications with individuals associated with al Qaeda after his return. Warsame has been detained in the District of Minnesota since February 2004.

## ANALYSIS

### I. MOTIONS FOR DISCOVERY

Warsame has filed two motions for discovery. Both motions seek access to certain categories of information and documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*

The prosecution has averred that it is familiar with its constitutional obligations to search for and disclose evidence that is materially exculpatory of the charges at issue, and

has stated that it will comply with those obligations. The prosecution has further informed the Court that it has produced the majority of information and documents sought by Warsame that fall within its Rule 16 and *Brady* obligations. Based on the prosecution's representations regarding its Rule 16 and *Brady* obligations, the Court denies Warsame's motions for discovery at this time. However, the Court will continue to monitor discovery to ensure that the prosecution complies with its duty to disclose exculpatory evidence to the defense.

## II.    MOTION TO IDENTIFY AND PRODUCE CONFIDENTIAL SOURCES

Warsame moves for disclosure of two informants, identified as "CS-1" and "CS-2" in the Affidavit of FBI Agent Craig Donnachie in Support of the Material Witness Warrant. The prosecution has a limited privilege to withhold the identity of informants from disclosure. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). In determining whether to compel disclosure, the Court balances the public interest in protecting the flow of information against the defendant's need to prepare an effective defense. *Id.* at 62. Disclosure of an informant's identity, or of the contents of his communication, is required when the information is relevant and helpful to the defense, or is essential to a fair determination of the case. *Id.* at 60-61. Thus, for example, disclosure is required where an informant is instrumental in planning illegal activity and participates directly in that activity, and the disclosure does not threaten the informant or the success of an ongoing investigation. *See, e.g.*, *United States v. Padilla*, 744 F. Supp. 1425, 1426-27 (N.D. Ill. 1990) (requiring disclosure of informants' identities where the informants planned and

- 4 -

participated directly in a drug transaction with defendant, and could provide valuable testimony as to defendant's guilt or innocence). However, a defendant must make a plausible showing of the materiality and favorability of the informant's testimony. *United States v. Bin Laden*, 2005 WL 287404, at *12 (S.D.N.Y. Feb. 7, 2005).

The CS-1 and CS-2 informants provided information that was used by the prosecution to support its application for a warrant to arrest Warsame as a material witness. (*See* Affidavit of FBI Agent Craig Donnachie in Support of the Material Witness Warrant dated December 9, 2003.) The informants allegedly stated that Warsame attended al Qaeda training camps in Afghanistan, that he fought with the Taliban against the Northern Alliance, that al Qaeda paid for Warsame's travel when leaving Afghanistan, and that Warsame remained in contact with al Qaeda after he returned to Canada. The material witness warrant was issued by the United States District Court for the Southern District of New York on December 9, 2003.

At present, the information provided by the informants appears to be utilized only in the material witness warrant. As noted above, the prosecution has represented that it is familiar with its Rule 16 and *Brady* obligations to search for and disclose evidence that is materially exculpatory, and that it has complied, and will continue to comply, with those obligations. Indeed, Warsame has already received extensive discovery from the prosecution and the search for records is continuing. Moreover, Warsame has not demonstrated that disclosure of the informants would be relevant and helpful to the defense, or would be essential to a fair determination of the case. As such, the Court

- 5 -

Case 6:25-cr-00285-DCJ-CBW   Document 72-1   Filed 07/07/26   Page 6 of 11 PageID
#:  429
Case 0:04-cr-00029-JRT-FLN   Document 93   Filed 02/16/07   Page 6 of 11

concludes that the public interest in protecting the flow of information outweighs the defendant's need for disclosure at this time.

The Court notes, however, that if Warsame provides more specific details showing why disclosure could be relevant and helpful to his defense, or essential to a fair determination of the case, the Court can then assess whether the identity of the informants should be disclosed. Additionally, if the prosecution seeks to introduce at trial information provided by the informants, their identities should presumptively be promptly disclosed. Accordingly, the Court denies Warsame's motion to disclose the identity of the informants, but would permit Warsame to bring a similar motion at a later time, as necessary.

## III.   MOTIONS FOR A BILL OF PARTICULARS

Warsame moves for a bill of particulars, seeking information regarding the specific actions the prosecution maintains constitute his provision of material support, the timing and locations of those actions, the identities of his co-conspirators, and the identities of any persons who died as a result of his conduct. Under Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the prosecution to file a bill of particulars when necessary to clarify allegations in the charging instrument. A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United*

*States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002).  A bill of particulars may be unnecessary when an indictment has been supplemented through discovery, such that the defendant is able to prepare his defense and the risk of surprise at trial is minimal.  *Id.*; *see also United States v. Sattar*, 272 F. Supp. 2d 348, 375 (S.D.N.Y. 2003).  However, where a criminal statute uses generic terms to proscribe various activities, "it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition," but it must "descend to particulars."  *Russell v. United States*, 369 U.S. 749, 765 (1962).

Warsame argues that a bill of particulars is necessary to prepare his defense in the case, and requests that the prosecution identify specific actions that it contends constitute the provision of material support and resources.  The prosecution responds that the Superseding Indictment sufficiently complies with Rule 7 of the Federal Rules of Criminal Procedure.  The prosecution further argues that Warsame's motions for a bill of particulars are a veiled attempt to obtain additional discovery.

The Superseding Indictment charges Warsame with, *inter alia*, conspiring to provide and providing "material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, namely al Qaeda."  (Superseding Indictment at 1-2.)  The relevant provision of section 2339A(b) defines "material support and resources" as follows:

> Any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal

substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

18 U.S.C. § 2339A(b)(1).

The language in the Superseding Indictment broadly tracks the relevant statutory language, but it offers no specifics as to the kinds of material support or resources allegedly provided by Warsame in violation of section 2339B. The Court finds that the prosecution's failure to provide specific charges in the Superseding Indictment impedes Warsame's ability to prepare an effective defense. In particular, Warsame's Motion to Dismiss Counts 1 and 2 of the Superseding Indictment is premised on the unconstitutionality of section 2339(B). Warsame's constitutional challenge in turn requires a more precise description under section 2339(A)(b)(1) of the material support and resources allegedly provided by Warsame. *See, e.g.*, *Humanitarian Law Project v. Gonzales*, 380 F. Supp. 2d 1134, 1149-53 (C.D. Cal. 2005) (evaluating section 2339B's prohibitions on "training," "expert advice or assistance," and "service" as set forth in section 2339A in assessing constitutionality of the material support statute); *Sattar*, 272 F. Supp. 2d at 357 (evaluating prohibitions on "personnel" and "communications equipment" in assessing constitutionality of material support statute).

Accordingly, the Court finds that the prosecution must provide a bill of particulars that sets forth the specific charges of material support using the statutory language of section 2339A(b)(1). *Cf. United States v. Awan*, 459 F. Supp. 2d 167, 174-76 (E.D.N.Y. 2006) (dismissing Indictment alleging material support in violation of section 2339(B) because the Indictment merely alleged "material support" and failed to provide a

- 8 -

description of specific conduct as defined in section 2339A(b)(1)). For these reasons, the Court grants Warsame's motions for a bill of particulars specifying the activities that the prosecution maintains constitute provision of "material support and resources." The Court denies the motions in all other respects.

## IV. MOTION FOR RELEASE FROM CUSTODY PENDING TRIAL

Warsame has filed a motion seeking release from custody pending trial, arguing that the conditions of his detention are onerous, and that detention is inappropriate because he has no prior arrests or convictions. The prosecution opposes releasing Warsame from custody, arguing that the previous detention order was correctly decided, and that Warsame has raised no new facts supporting release from custody.

The Court has already determined that detention is appropriate, but the conditions of Warsame's detention have raised concern for the Court as to the punitive nature of the detention. The Court has raised this concern with the United States Marshals Service, and the conditions of detention have been modified accordingly, providing Warsame with increased recreational time, reading materials, and canteen privileges. The Court will continue to monitor Warsame's detention conditions pending trial and order changes when necessary. For these reasons, the Court denies Warsame's motion for release from custody pending trial at this time.

**V.     MOTION TO COMPEL THE PROSECUTION TO FURNISH ENGLISH LANGUAGE TRANSLATIONS OF AUDIOTAPED CONVERSATIONS CONDUCTED IN THE SOMALI LANGUAGE**

Warsame moves to compel the prosecution to furnish English language translations of taped Somali conversations that the prosecution intends to introduce at trial.  The prosecution responds that it has not yet identified any such conversation that it intends to use at trial, but avers that it "will provide a proposed English translation to the defense in advance of offering such a transcript into evidence."  (United States' Mem. in Opp'n to Def.'s Pre-Trial Mots. (Non-FISA) at 64.)   Based on the prosecution's representation that it has not yet identified any foreign-language conversation that it intends to introduce at trial, the Court denies Warsame's motion to compel at this time. If any such conversion is intended to be used at trial, the Court will order an English translation to be provided to the defense with sufficient time to prepare for trial.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant's Motions for Discovery [Docket Nos. 32 and 37] are **DENIED**.

2.     Defendant's Motion to Produce and Identify Alleged Confidential Sources [Docket No. 50] is **DENIED**.

3.     Defendant's Motions for Bill of Particulars [Docket Nos. 39 and 47] are **GRANTED in part** and **DENIED in part,** as follows.  The motions are **GRANTED** as to defendant's request for a bill specifying the particular activities that the prosecution

- 10 -

maintains constitute provision of "material support and resources" using the language of section 2339A(b)(1)).  The prosecution shall provide such a bill of particulars within 30 days of this Order, but may seek permission from the Court to extend that deadline upon a showing of good cause.  The motions are **DENIED** in all other respects.

4.      Defendant's Motion for Release from Custody Pending Trial [Docket No. 49] is **DENIED**.

5.      Defendant's Motion to Compel the Government to Furnish English Language Translations of Audiotaped Conversations Conducted in the Somali Language [Docket No. 51] is **DENIED**.

DATED:    February 16, 2007                          s/ John R. Tunheim          _
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                  United States District Judge

- 11 -