UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:25-CR-00285 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI, a/k/a "Abu Ala" | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM RULING

Before the Court is DEFENDANT'S SECOND MOTION FOR A BILL OF PARTICULARS (the "Motion") filed by Mahmoud Amin Ya'Qub Al-Muhtadi (the "Defendant"). [Doc. 68]. The Government filed an opposition. [Doc. 72]. Having considered the briefs and arguments of the parties, the Motion is GRANTED IN PART and DENIED IN PART as follows.

BACKGROUND

This case arises from the Government's allegations that the Defendant conspired to provide, and did provide, material support to a designated foreign terrorist organization, Hamas, in connection with the Hamas-led October 7, 2023, terrorist attacks in Israel. The Government also alleges that the Defendant thereafter committed related visa fraud and false-statement offenses to gain admission to the United States. On October 6, 2025, the Government filed a criminal Complaint charging the Defendant with one count of visa fraud, in violation of 18 U.S.C. § 1546, and one count of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. [Doc. 1]. In support of the Complaint, the Government submitted a forty-four-page Affidavit (the "Affidavit").

Page 1 of 12

[Doc. 1-1].[1] The Affidavit alleges that the Defendant was an operative in the National Resistance Brigade ("NRB"), the military wing of the Gaza-based Democratic Front for the Liberation of Palestine ("DFLP"), which coordinated with Hamas to participate in the October 7th attacks on Israel. [Doc. 1-1, ¶ 6]. The Affidavit also sets forth in detail the Government's contentions regarding the Defendant's purported role in the October 7th attacks and the investigation that led to the charges. Two weeks later, a federal grand jury returned a two-count Indictment charging the Defendant with the same offenses as the Complaint. [Doc. 16]. On May 26, 2026, the Defendant filed a Motion for a Bill of Particulars.[2] [Doc. 54].

On June 17, 2026, the grand jury returned a four-count Superseding Indictment, which charges the Defendant with the following: (i) conspiracy to provide material support to designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count 1); (ii) providing material support to designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count 2); (iii) visa fraud, in violation of 18 U.S.C. § 1546(a) (Count 3); and (iv) false statement within the jurisdiction of an agency of the United States, in violation of 18 U.S.C. § 1001(a)(2) (Count 4). [Doc. 60]. Counts 1 and 2 each also allege that death resulted from the commission of the offense. *Id.* Trial is currently set for January 25, 2027. [Doc. 66].

---

[1]    The entirety of the Affidavit was read to the Defendant through an interpreter during his initial appearance on October 17, 2025. [Doc. 10].

[2]    The first Motion for a Bill of Particulars was subsequently stricken after the federal grand jury returned the Superseding Indictment, rendering it moot. The Second Motion for a Bill of Particulars pending before the Court was filed thereafter and is considered herein. [Doc. 68].

In the instant Motion, the Defendant seeks a bill of particulars directed to several specific allegations in the Superseding Indictment that he argues are too general to provide adequate notice of the Government's theory of prosecution. As to Counts 1 and 2, he requests particulars identifying the factual bases for the Government's allegations that he provided "personnel," "weapons," and "services" to a designated foreign terrorist organization, as well as the factual basis for the allegation that "death resulted" from those offenses. As to Count 1, he also seeks disclosure of the identities of the unindicted co-conspirators referenced in the alleged conspiracy. As to Count 2, he further requests that the Government identify the conduct it contends constituted the requisite "substantial step" toward the commission of the attempted material-support offense. Finally, as to Count 3, he asks the Government to particularize its aiding-and-abetting theory by identifying the conduct that allegedly forms the basis for his liability under 18 U.S.C. § 2.

The Government responds that a bill of particulars is unwarranted for two independent reasons. First, the Superseding Indictment satisfies Rule 7 by adequately tracking the statutory language and providing sufficient notice of the charged offenses. And second, even if additional details were required, any lack of specificity has been cured through the Affidavit, the Government's discovery productions, and an extensive reverse proffer, all of which provided the defense with ample notice of the factual bases behind the charged conduct.

All issues having been fully briefed by the parties, the Motion is ripe for review.

## LAW AND ANALYSIS

"For an indictment to be sufficient, it must: '(1) contain[] the elements of the offense charged; (2) fairly inform[] the defendant of the charges he must prepare to meet; and (3) enable[] a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same offense.'" *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Boswell*, 109 F.4th 368, 383-84 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 780, 220 L. Ed. 2d 279 (2024). "It is not designed to compel the government to [provide] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Nor is it the function of a bill of particulars to limit the Government's proof to a particular factual theory where the indictment otherwise provides adequate notice of the offenses charged. *Burgin*, 621 F.2d at 1359 (bill of particulars is not designed to compel the government to provide detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial), *citing United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977); *Downing v. United States*, 348 F.2d 594 (5th Cir. 1965), *cert. denied*, 382 U.S. 901, 86 S. Ct. 235, 15 L. Ed. 2d 155 (1965). A motion for a bill of particulars is addressed to the sound discretion of the trial court. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965).

As an initial matter, the Court finds that the Superseding Indictment generally satisfies the requirements of Rule 7(c)(1). The indictment tracks the

language of the applicable statutes, sets forth each essential element of the charged offenses, identifies the approximate time frame of the alleged conduct, and sufficiently apprises the Defendant of the nature of the charges to permit the preparation of a defense, avoid unfair surprise at trial, and plead double jeopardy in any subsequent prosecution. *See, e.g., United States v. Fatty,* 2018 WL 3708660, at *6 (E.D. La. Aug. 3, 2018), *citing United States v. Ramirez,* 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria,* 298 F.3d 367 (5th Cir. 2002) ("'Generally an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged[.]'").

The Court further finds that, when considered together with the Government's extensive discovery and the detailed Affidavit submitted in support of the criminal Complaint, the Defendant has been provided constitutionally adequate notice of the Government's theory of prosecution. *See, e.g., United States v. Carrillo-Morones*, 564 F. Supp. 2d 703, 705 (W.D. Tex. 2008) (even where an indictment fails to provide adequate notice of the charged offense, a bill of particulars is not warranted if the Government has provided "the necessary information in another satisfactory form."); *see also United States v. Kirkham,* 129 F. App'x 61, 72 (5th Cir. 2005) (affirming denial of bill of particulars where the Government provided the defendants "with voluminous discovery."); *United States v. Sattar*, 314 F. Supp. 2d 279, 319 (S.D.N.Y. 2004), *aff'd sub nom.  United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009) (these representations, together with the allegations in the Indictment and the voluminous discovery in this case, give defendant Sattar adequate notice of the charges against

him so that he can prepare for trial, avoid surprise, and interpose a plea of double jeopardy when necessary).

That said, the constitutional adequacy of the notice provided does not end the Court's inquiry.  A bill of particulars remains a discretionary tool designed to ensure that a defendant is sufficiently apprised of the charges he must meet and to promote the fair and efficient administration of justice.  Here, given the extraordinary nature of the allegations, the breadth of the alleged terrorist enterprise, the complexity of the anticipated proof, and the significant consequences attendant to these charges, the Court concludes that additional factual particularization is appropriate in certain limited respects.  Accordingly, to the extent that the factual bases of the charged offenses has not already been disclosed through the Superseding Indictment or the Affidavit, the Court will require limited particularization as set forth herein.[3]

## I.   The Personnel, Weapons, and Services Categories in Counts One and Two

The Defendant argues that the Government has failed to sufficiently particularize the factual bases for its personnel, weapons, and services theories of liability under § 2339B. With respect to personnel, he contends that the Government must identify the individuals it alleges were provided to Hamas and the facts demonstrating that those individuals acted under Hamas's direction or control, particularly where the Affidavit references numerous individuals and organizations. As to weapons, the Defendant maintains that the Affidavit and other disclosures by

---

[3]    To avoid doubt, the Motion is denied to the extent particularization is not expressly directed herein.

the Government identify numerous firearms, ammunition, and other equipment spanning several years and associated with different individuals and groups, but fail to identify which items the Government contends constitute the material support charged in Counts One and Two. Finally, the Defendant argues that the Government has not identified the specific services that he allegedly provided in support of Hamas.

The Court is not persuaded that the Defendant is entitled to the broad disclosures that the Motion requests. The Superseding Indictment, together with the information provided in the Affidavit, sufficiently identifies the nature of the Government's allegations and provides the Defendant with notice of the charges he must defend. Nevertheless, to the extent the Government intends to rely on theories concerning the personnel, weapons, or services that the Defendant used (or conspired to use) to provide material support to Hamas beyond those disclosed in the Affidavit, the Government shall particularize the factual bases of any additional theories. Such disclosure, if necessary, shall be limited to identifying the general factual predicate for the conduct alleged to constitute the Defendant's provision of (or conspiracy to provide) personnel, weapons, or services to Hamas, and does not require a detailed exposition of the Government's anticipated evidence or trial strategy.

## II.    The Death-Resulted Enhancement in Counts One and Two

Next, the Defendant argues that the death-resulting enhancement under § 2339B(a)(1) has not been sufficiently particularized. He contends that, because the enhancement increases the statutory maximum penalty and therefore constitutes an element that must be charged and proved beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Alleyne v. United States*, 570 U.S. 99,

103, 111 (2013), the Government must identify the particular deaths it alleges resulted from the charged offenses. The Defendant maintains that the Superseding Indictment merely alleges that death resulted, without identifying any victim, location, cause of death, or causal connection between the alleged material support and a particular death.

*Apprendi* and *Alleyne* require that charged factual allegations that operate to increase statutory maximum or mandatory minimum penalties are elements of an offense and therefore must be submitted to the jury and proved beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyne v. United States*, 570 U.S. 99, 103, 111 (2013). They do not, however, dictate the degree of specificity required in an indictment or compel the Government to provide evidentiary details through a bill of particulars. Nevertheless, considering the statutory consequences of the alleged "death results" enhancement and the need to ensure that Defendant has adequate notice of the charges against him and can prepare his defense, the Court concludes that a limited bill of particulars is appropriate. The Government shall therefore identify the names of the decedents of which it may offer evidence at trial. This disclosure is limited to identifying the factual basis or bases for the enhancement and does not require the Government to provide a detailed accounting of its anticipated evidence, witnesses, or trial strategy.

## III.   Identities of the Unindicted Co-Conspirators in Count One

The Defendant argues that the Government should be required to identify the unnamed co-conspirators alleged in Count One, arguing that because the Affidavit

references numerous individuals by kunyas, pseudonyms, or generic descriptions only, he cannot adequately evaluate potential defenses.

As a general matter, a defendant is not entitled to the names or identities of unindicted co-conspirators. *United States v. Haynes*, 2025 U.S. Dist. LEXIS 161170, at \*14 (W.D. La. Aug. 19, 2025), *quoting United States v. Carrillo-Morones*, 564 F. Supp. 2d 703, 706 (W.D. Tex. 2008 and *citing Barrentine*, 591 F.2d at 1077). Nevertheless, a bill of particulars is a proper procedure for discovering the names of unindicted co-conspirators who the government plans to use as witnesses, and it is not uncommon for courts to require the government to disclose their names when information is necessary in a defendant's preparation for trial. *Barrentine*, 591 F.2d at 1077; *Will v. United States*, 389 U.S. 90, 99, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967). Here, given the nature and scope of the charges, the breadth of the alleged conspiracy, and the Government's reliance on the acts and statements of alleged co-conspirators to prove its case, the Court finds that limited particularization is warranted. The Government shall identify in its bill of particulars any unindicted co-conspirators whom it intends to call as witnesses at trial or from whom the government anticipates otherwise offering testimony or out-of-court statements at trial.[4]

---

[4] To the extent that the Government has concerns that disclosure of this information may either: (i) expose the person or someone else to a significant risk of bodily harm; or (ii) compromise an ongoing investigation, the Court is amenable to discussing these issues *in camera* with counsel.

## IV.    "Substantial Step" in Count Two

The Defendant argues that Count Two, which alleges both the provision and attempted provision of material support, should be particularized because the Government has not identified the alleged substantial step underlying the attempt theory.  He contends that, because a substantial step is an element of an attempt offense, the Government should be required to identify the conduct it alleges constituted an attempt to provide material support.

The Defendant is correct that an attempt charge requires proof that the Defendant took a substantial step toward commission of the underlying offense – *i.e.,* conduct that is strongly corroborative of the defendant's criminal intent and more than mere preparation.  *United States v. Hernandez-Galvan*, 632 F.3d 192, 198–200 (5th Cir. 2011); *United States v. Sanchez*, 667 F.3d 555, 562–63 (5th Cir. 2012).[5]

Even so, the Court declines to require further particularization of the Government's attempt theory.  Although Count Two alleges both the completed offense of providing material support and an attempt to provide material support, the Superseding Indictment sufficiently alleges the elements of the offense, and the Affidavit provides a detailed factual narrative of the conduct underlying the charge.  To the extent the Defendant seeks identification of the specific act or acts the

---

[5]    As explained in *United States v. Rahim*, a person takes a "substantial step" when he "purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."  860 F. App'x 47, 54 (5th Cir. 2021), *citing United States v. Hernandez-Galvan*, 632 F.3d 192, 198 (5th Cir. 2011).  Although *Rahim* arose in the context of a sufficiency-of-the-evidence challenge following conviction, its discussion of what constitutes a "substantial step" is instructive.

Government contends constituted a substantial step toward the commission of the offense, such a request seeks disclosure of the Government's evidentiary proof and theory of trial rather than clarification of the nature of the charge. Because the Superseding Indictment, considered together with the Affidavit and other disclosures, adequately apprises the Defendant of the attempt allegation and permits the preparation of a defense, no further particularization is warranted.

## V.    Aiding and Abetting Theory in Count Three

Finally, the Defendant urges that Count Three should be further particularized because it newly alleges aiding-and-abetting liability under 18 U.S.C. § 2 without identifying the principal offender or the conduct that the Defendant allegedly aided or facilitated. He contends that although the underlying false statements are pleaded with sufficient specificity, the Government should be required to identify the principal and the acts of assistance upon which it intends to rely in support of its aiding-and-abetting theory. The Defendant does not seek further particularization as to Count Four.

Here, the Superseding Indictment alleges that the Defendant himself made, subscribed, and presented the false statements identified in Count Three, but provides no indication of the factual basis for the additional aiding-and-abetting theory. Under these circumstances, limited particularization is appropriate. The Government shall disclose in its bill of particulars the names of any persons known to the Government that the Defendant is alleged to have aided and abetted in the commission of Count 3.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that DEFENDANT'S SECOND MOTION FOR A BILL OF PARTICULARS AND INCORPORATED MEMORANDUM [Doc. 68] is GRANTED IN PART AND DENIED IN PART, as set forth herein.

IT IS FURTHER ORDERED that the limited bill of particulars described herein shall be filed by the Government within fourteen (14) days.

THUS, DONE AND SIGNED in Chambers on this 15th day of July 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE