UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB AL-MUHTADI,

    Defendant

CASE NO.  6:25-CR-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

_____/

## BILL OF PARTICULARS

The United States of America, through its undersigned counsel, respectfully submits this Bill of Particulars in response to this Court's memorandum order entered on July 15, 2026 (the "Order"). *See* [Doc. 80]. Because the Order sets forth several detailed parameters for the Government's response, this Bill proceeds by outlining each parameter before providing the Government's response.

1. **Theories Concerning Personnel, Weapons, and Services Beyond Those Disclosed in the Affidavit.**

As to the "personnel including himself, weapons, and services" alleged in Counts One and Two, *see* [Doc. 60 at 3-4], the Order requires that the Government provide information via this Bill "to the extent the Government intends to rely on theories concerning the personnel, weapons, or services that the Defendant used (or conspired to use) to provide material support to Hamas beyond those disclosed in the Affidavit." [Doc. 80 at 7].[1] In so ordering, the Court also provides that "[s]uch

_____

[1] This Bill follows the Order in referring to the criminal complaint affidavit entered at Docket Entry 1-1 as the "Affidavit."

disclosure, if necessary, shall be limited to identifying the general factual predicate for the conduct alleged to constitute the Defendant's provision of (or conspiracy to provide) personnel, weapons, or services to Hamas, and does not require a detailed exposition of the Government's anticipated evidence at trial." *Id.*

In response, the Government respectfully submits the following:

The Government does not intend to offer any "theories concerning the personnel, weapons, or services that the Defendant used" that are not contained in the Affidavit. That said, the Government stresses that the Court's Order "does not require a detailed exposition of the Government's anticipated evidence at trial" and that thus the Government reserves the right and ability to offer further evidence not contained in the Affidavit to support the personnel, weapons, and services allegations set forth therein.

### 2. Identities of Decedents of Which We May Offer at Trial as to the Death-Resulted Enhancements in Counts One and Two.

As to the "death resulted" enhancement set forth in Counts One and Two, *see* [Doc. 60 at 3-4], the Order requires the Government to "identify the names of the decedents of which it may offer evidence at trial," [Doc. 80 at 8], with this disclosure being "limited to identifying the factual basis or bases for the enhancement and does not require the Government to provide a detailed accounting of its anticipated evidence, witnesses, or trial strategy," *id*.

In response, the Government respectfully submits the following:

The Government's theory of the case is that all deaths that resulted from the HAMAS-led October 7 attack qualify as deaths that resulted from the Defendant's

*conspiring* to provide material support to HAMAS, as charged in Count One, and that the deaths that occurred in Kfar Aza and Nachal Oz on October 7 as part of this HAMAS-led terrorist attack qualify as deaths that resulted from the Defendant's *substantive* material support and attempted material support, as charged in Count Two.[2] In this, the Government's burden is to prove that any person died as a result of the Defendant's conduct or that of his conspirators or aiders-and-abettors. In addition to the victims specified in the Affidavit, *see* [Doc. 1-1 at 6-10], the Government also intends to offer evidence pertaining to victim J.M., a video of whose slaying is contained in the discovery and will be the subject of future pre-trial litigation, as well as victim R.E. and potentially a witness who will testify to 64 deaths that occurred in Kfar Aza.[3] That said, the Government notes that because this case involves a mass casualty event that was charged in a reactive context, the specific testimony that we intend to elicit, which will always be disclosed to the defense via agency reports as we conduct interviews, will be evolving until we get closer to trial.

---

[2] Because the Government does not intend to introduce evidence proving up all of the approximately 1,200 deaths that resulted from the October 7 attack, our understanding is that such a list is beyond the scope of the Order. Our intention is to offer testimony as to the nature of the attacks perpetrated and the mass casualties that resulted, as well as about specific victims that witnesses may reference during direct testimony.

[3] The Government will, of course, confer further with the defense regarding information known about J.M., including his or her full name, outside the scope of these public filings and subject to the protective order in this case.

3

### 3. Unindicted Co-Conspirators that the Government Intends to Call or Otherwise Offer Evidence as to at Trial as to Count One.

Third, the Court ordered that the Government must "identify in its bill of particulars any unindicted co-conspirators whom it intends to call as witnesses at trial or from whom the government anticipates otherwise offering testimony or out-of-court statements at trial." [Doc. 80 at 9].

In response, the Government respectfully submits the following:

There are no unindicted co-conspirators whom the Government intends to call as a witness or who will otherwise be providing testimony at trial. That said, and as the defense well knows, the Government does intend to offer evidence that it contends contain co-conspirator statements as one basis for admissibility as described in the Government's motion *in limine* regarding battlefield documents, *see* [Doc. 45-1 at 22-33], and also intends to offer evidence containing co-conspirator statements in the form of phone calls between the Defendant and others the morning of October 7 and the statements set forth in the Affidavit.[4] The phone calls will be the subject of future CIPA litigation, and the defense is in possession of the  phone calls and the Government's translations that were featured in the Affidavit, *see* [Doc. 1-1 at 27-30], and discussed in the reverse proffer. The Government does not at this time intend to offer any evidence relating to the identity of the Defendant's interlocutors, nor has it

---

[4] The names of HAMAS co-conspirators also appear on the face of some battlefield documents that were the subject of the Government's earlier motion. The Government may also introduce evidence such as public-facing propaganda and other materials from the organizations to which the Defendant belonged that qualify as co-conspirator statements.

withheld any information in its possession regarding the identity of those interlocutors beyond information that will be addressed in the Government's CIPA litigation.

### 4. Persons Aiding and Abetting the Defendant as to Visa Fraud

Fourth, the Court ordered "limited particularization" as to the Government's aiding-and-abetting theory for Count Three, *see* [Doc. 60 at 6], with the Order requiring the Government to "disclose in its bill of particulars the names of any persons known to the Government that the Defendant is alleged to have aided and abetted in the commission of Count 3." [Doc. 80 at 11].

In response, the Government respectfully submits the following:

The person whom the Defendant could be proved to have aided and abetted in violating Title 18, United States Code, Section 1546(a), as charged in Count Three of the Superseding Indictment, is his wife Nieama Hsnein Al-Ghazzawi.[5]

[Remainder of Page Intentionally Left Blank]

---

[5] The Government notes for clarity that the Government's added Section 2 allegation is "an alternative theory to liability, not a separate crime," *United States v. Medel-Guadalupe*, 9679 F.3d 1019, 1023 n.2 (5th Cir. 2020), and thus does not affect the Government's ability to proceed in presenting evidence and arguing that the Defendant directly committed this crime as well. In this respect, nothing in the Superseding Indictment or this Bill should be interpreted to limit the Government's ability to present alternative theories of how the Defendant violated Section 1546(a).

The Government reserves the right to amend this Bill of Particulars as necessary pursuant to Federal Rule of Criminal Procedure 7(f).

Dated: July 22, 2026                              Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

By:      */s/ Zachary A. Keller*

ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: Zachary.keller@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2026, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

/s/ Zachary A. Keller
Zachary A. Keller
United States Attorney