## REVISED EXHIBIT A

### Request-by-request schedule — revised demonstrative aid

*United States v. Al-Muhtadi, No. 6:25-cr-00285 (W.D. La.)*

This revised schedule restates Exhibit A to reflect the government's response to the motion to compel (Doc. 82), its June 8 and July 6, 2026 discovery letters, and the productions the government has made since the original schedule, including the FBI 302 memorializing the interview of the witness "Maya" (FBI-535725). For each enumerated request in the First Request (Doc. 47) and the Second Request (Doc. 70), it lists what the defense requested, the government's position, and the current status: no longer live, live (in whole or in part) for the August 4 hearing, or deferred to CIPA. This schedule is a demonstrative aid, not evidence; nothing in it concedes the discoverability of any item, and for every CIPA-deferred category the defendant preserves his entitlement.

**First Request for Specific Discovery (Doc. 47) — battlefield documents and expert-witness materials**

| # | What the defense requested | Government's position (Doc. 82 and the June 8 / July 6 responses) | Status |
|---|---|---|---|
| A. Chain-of-custody documentation for each exhibit | | | |
| 1 | Chain-of-custody records for each device; AMSHAT intake and processing logs with the analyst's identity; IDF/ISA-to-FBI transfer certificates. | "All chain of custody documents in its possession" (Ex. B at 2); AMSHAT logs, bypass method, and transfer certificates not produced; AMSHAT records deferred to CIPA § 4 (Doc. 82 at 17). | CIPA-deferred |
| 2 | Military unit, date, and location of seizure; field and after-action reports; seizure footage. | Not separately addressed; treated as part of the Doc. 45–46 narrative. | Live — Aug. 4 hearing |
| B. Identity of the declarants | | | |
| 3 | Identity of the authors of Exhibits 2, 3, and 4. | "No further information on this point" (Doc. 82 at 15), though the Bill of Particulars offers the documents as co-conspirator statements (Doc. 85 at 4). | Live — Aug. 4 hearing |
| 4 | Identity of the compiler of the Exhibit 1 ledger and the database custodian. | "No further information on this point" (Doc. 82 at 15). | Live — Aug. 4 hearing |
| 5 | Identity of each person in Exhibits 2 and 3; biographical and intelligence records. | Photographs now visible, but identifying fields (ID numbers, dates of birth, phone numbers) remain redacted. | Live — Aug. 4 hearing |

| | | | |
|---|---|---|---|
| **C. Complete and native-format production of each exhibit** | | | |
| 6 | Complete forensic image, extraction, and hash of each device in native format. | Deferred to a CIPA § 4 motion (Doc. 82 at 14). | CIPA-deferred |
| 7 | Native digital file for each of the six exhibits with file-system metadata and hash values. | One native file produced (FBI-535688); no metadata or hash values; forensic image deferred to CIPA. | Live in part |
| 8 | Complete file directory and folder structure of each device. | Deferred to a CIPA § 4 motion (Doc. 82 at 14). | CIPA-deferred |
| 9 | Device-user identification records (accounts, logins, call, message, and application data). | Not addressed; bears on device attribution. | Live — Aug. 4 hearing |
| 10 | Complete, unredacted Exhibit 1 spreadsheet in native format; schema and export. | New native version (FBI-535688) still redacts the ID Number, Cell Phone Number, and Government Employee columns. | Live — Aug. 4 hearing |
| **D. Translation and interpreter materials** | | | |
| 11 | Credentials and certification of each FBI linguist. | Future FBI-linguist expert notice promised (Ex. B at 2). | No longer live |
| 12 | Communications between Avi and the FBI translators. | "No interactions between Avi and the interpreters" (Ex. B at 2). | No longer live |
| 13 | Original Arabic native file for each exhibit. | Original Arabic provided; native originals for all six not confirmed. | Live — Aug. 4 hearing |
| **E. Expert-witness materials — "Avi"** | | | |
| 14 | Real name and full identifying information of "Avi." | Deferred to CIPA (Doc. 82 at 10 n.3). | CIPA-deferred |
| 15 | Unredacted CV and bibliography; prior public statements. | Addressed in the expert notice, Doc. 46 at 2–3 (Doc. 82 at 16). | No longer live |
| 16 | Materials reflecting hostility or interest. | "No such information in its possession" (Doc. 82 at 16). | Live — Aug. 4 hearing |
| 17 | Transcripts of prior testimony; list of proceedings; prior reports. | HLF transcripts produced (FBI-534217–535680); list and prior reports per Doc. 46. | No longer live |
| 18 | Methodology, validation, and error-rate materials; databases and rosters. | Addressed in Doc. 46 (Doc. 82 at 16). | Live in part |
| 19 | Selection and retention; compensation and benefits. | Not compensated; travel, lodging, and per diem only (Doc. 82 at 16). | No longer live |

| 20 | Communications with Israeli officials, prosecutors, or advocacy groups. | Not addressed; overlaps Giglio. | Live — Aug. 4 hearing |
| 21 | Materials reflecting motive, bias, or institutional loyalty. | "No such information in its possession" (Doc. 82 at 16). | Live — Aug. 4 hearing |
| 22 | References in intelligence-abuse or IHL reports. | Aware of none; none in possession (Doc. 82 at 17). | Live — Aug. 4 hearing |
| 23 | War-crimes, torture, or evidence-manipulation allegations. | Aware of none; none in possession (Doc. 82 at 17). | Live — Aug. 4 hearing |
| 24 | Comparator and base-rate materials; prior erroneous attributions. | Not addressed. | Live — Aug. 4 hearing |
| **F. AMSHAT procedures and personnel** | | | |
| 25 | AMSHAT written protocol or SOP for processing seized devices. | Deferred to a CIPA § 4 motion (Doc. 82 at 17). | CIPA-deferred |
| 26 | Identity of each AMSHAT analyst who handled each device. | Deferred to a CIPA § 4 motion (Doc. 82 at 17). | CIPA-deferred |
| **G. Materiality and reliability of specific exhibits** | | | |
| 27 | Reports or communications reflecting doubt about authenticity. | "No such information in its possession" (Doc. 82 at 17). | Live — Aug. 4 hearing |
| 28 | Geolocation and EXIF metadata for Exhibit 5 (map) and Exhibit 6 (photograph). | Not addressed. | Live — Aug. 4 hearing |
| 29 | Prior versions or comparison exemplars for Exhibits 2 and 3. | Not addressed. | Live — Aug. 4 hearing |
| **H. Brady, Giglio, and residual disclosure** | | | |
| 30 | Materials, including Israeli-held materials, showing fabrication, alteration, or exculpation. | "No such information in its possession"; categorically rejects fabrication (Doc. 82 at 17). | Live — Aug. 4 hearing |
| 31 | FBI, DOJ, and Israeli-agency communications about the documents. | Not addressed. | Live — Aug. 4 hearing |
| **I. Investigative predication and Israeli legal process** | | | |
| 32 | First-subject date and the predicating information and source. | Complaint affidavit and related serials; source detail not separately provided (Ex. B at 2). | Live in part |
| 33 | FISA, Title III, or other surveillance product. | "Not been the subject of FISA collections or Title III surveillance" (Ex. B at 2). | No longer live |

| 34 | Cooperating-witness statements bearing on identity, including non-recognition. | Undercover interactions produced; non-recognition or contradiction statements not addressed. | Live — Aug. 4 hearing |
| 35 | Israeli judicial or administrative authorization for each seizure. | Deferred to a CIPA § 4 motion (Doc. 82 at 17). | CIPA-deferred |
| | Doc. 47 § III — foreign-custody accounting for Israeli-held materials. | Not provided. | Live — Aug. 4 hearing |

**Second Request for Specific Discovery (Doc. 70) — audio recordings and cell-site location data**

| # | What the defense requested | Government's position (Doc. 82 and the June 8 / July 6 responses) | Status |
|---|---|---|---|
| **II. Audio recordings** | | | |
| 1 | Every additional recording beyond the six, to or from the same identifiers, October 7–14, with metadata and call-detail data. | "All audio recordings in its possession" (Ex. C at 2); the government's own engineer report (FBI-464246) and Israeli records (FBI-463126) reference calls not produced; the Maya interview (FBI-535725) confirms roughly fifty records across both lines on October 7, filtered to six. | Live — Aug. 4 hearing |
| 2 | Every recording from any other attributed device; a non-retention statement for any device that yielded none. | Covered by "all audio recordings in its possession"; no attribution or non-retention statement. | Live — Aug. 4 hearing |
| 3 | For each of the six: how, when, and by whom captured; agency; start time and duration. | The 302 for "Maya" is now produced (FBI-535725), identifying the Israeli Security Agency and reflecting monitoring from August 2023 and roughly fifty October 7 records filtered to six; per-call capture detail otherwise deferred to CIPA (Doc. 82 at 18). | Live in part |
| 4 | Legal authority for the interception of each call. | Deferred to CIPA (Doc. 82 at 18). | CIPA-deferred |
| 5 | Numbers and device identifiers, and the identity of every participant on each call. | Not addressed; the Bill of Particulars offers the calls as co-conspirator statements (Doc. 85 at 4). | Live — Aug. 4 hearing |

| 6 | Complete chain-of-custody for each recording. | Bare .mp3 files produced; chain of custody deferred to CIPA (Doc. 82 at 18). | Live in part |
|---|---|---|---|
| 7 | Native file and codec; master versus .mp3; hash values; edits or gaps. | Only the six .mp3 files; no masters, hashes, or transcoding records. | Live — Aug. 4 hearing |
| 8 | Line sheets, monitor logs, and calibration documentation for the six. | Not addressed. | Live — Aug. 4 hearing |
| 9 | Whether the six are the complete set or a selection; the criteria; who selected; and the complete set. | Deferred to a classified, ex parte CIPA § 4 motion (Doc. 82 at 17); the defense presses that completeness is unclassified, and the Maya interview (FBI-535725), produced in ordinary discovery, confirms the six were a filtered selection. | Live — Aug. 4 hearing |
| 10 | Any communication in which the defendant was not identified or was excluded; inconsistent communications. | Deferred to a classified, ex parte CIPA § 4 motion (Doc. 82 at 17); the defense presses that the existence and exculpatory character of excluded communications are unclassified facts. | Live — Aug. 4 hearing |
| III. Cell-site and location data | | | |
| 11 | FBI-463126 author, system, and original versus derivative status; underlying raw records. | Data produced, including FBI-463126 (Ex. C at 2); author, system, and raw native records not provided. | Live — Aug. 4 hearing |
| 12 | Unredacted FBI-464246 engineer's report; the automated process; system and version; export. | Report produced; only the Israeli official's name redacted; "nothing else in its possession" (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 13 | Each item the report identifies as a basis for the opinion, in native format. | Report produced; "nothing else in its possession" (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 14 | Cell and sector engineering data (coordinates, azimuth, height, power, band). | Other than the report and data produced, none in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 15 | Coverage, propagation, drive-test, and predictive-modeling data. | Other than the report and data produced, none in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 16 | Maps, plots, and overlays with the underlying data intact. | None in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 17 | Cellcom roaming and registration records and Jawwal home-network call-detail records. | None in possession; foreign private carrier (Doc. 82 at 18). | Live — Aug. 4 hearing |

| 18 | The Jawwal–Cellcom roaming and interconnection agreement. | None in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
|----|----|----|----|
| 19 | Data behind the priority and roaming-steering assertions. | None in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 20 | Jawwal subscriber, registration, IMSI, and IMEI records; single versus multiple users. | None in possession (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 21 | FBI CAST report or analyst work, the analyst's identity, and any derived exhibit. | CAST expert disclosure promised no later than September 4, 2026 (Ex. C at 2). | No longer live |
| 22 | Records reflecting inconsistent location or the accuracy limits of the evidence; analyst doubt. | "No favorable location evidence" contradicting what was produced (Doc. 82 at 18). | Live — Aug. 4 hearing |
| 23 | Any Israeli fabrication, alteration, or destruction of evidence. | Categorically rejects any fabrication suggestion (Doc. 82 at 18). | Live — Aug. 4 hearing |
|  | Doc. 70 § IV — foreign-custody accounting for materials held by a foreign government or carrier. | Not provided. | Live — Aug. 4 hearing |