UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB AL-MUHTADI,

Defendant

CRIMINAL NO. 6:25-CR-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**USA'S MOTION *IN LIMINE* TO COMPEL DEFENSE PRODUCTION OF TRANSCRIPTS AND TRANSLATIONS FOR MATERIALS INTENDED FOR USE AT TRIAL**

Complexities abound in this case, ranging from classified information and evidence collected from war-torn areas to presenting a large volume of Arabic-language evidence. Yet for last of those, apparent complexity can resolve into simplicity with good-faith pre-trial conferral.

This Motion seeks to begin that process: through it, the Government asks this Court to set parameters for the parties to produce stipulated transcripts, as the Fifth Circuit contemplates for cases such as these. More specifically, this Motion asks this Court to use the December 21 pre-trial conference to hold a hearing as to the translations and transcripts the parties intend to introduce at trial. To facilitate this hearing, this Court should further order that the Government to produce transcripts and translations to be used at trial to the defense by November 30, 2026, and the defense to produce any competing transcripts and translations to the Government by December 14, 2026. And by attaching 21 proposed transcripts and translations the Government intends to use at trial (subject to further formatting),[1] the Government is initiating this process in hopes that the parties can resolve this evidentiary issue before trial. In support, the Government submits the following:

---

[1] Each exhibit contains the Arabic text or audio recording followed by the proposed translation.

## Relevant Background

The Defendant, a Palestinian citizen operating from Gaza City, was part of a terrorist militia who contributed to the October 7 attack in Israel. After that, he fled to Egypt, lied his way into the United States, and lived amongst us until arrested. And for those acts, he stands charged with conspiring to provide material support to a designated foreign terrorist organization and substantively doing the same, as well as visa fraud and lying to a federal employee while under oath. We proceed to trial on January 25, 2027, and the Government is diligently preparing its evidence for that date.

Unsurprisingly given this context, the Government's case-in-chief will involve a substantial volume of Arabic-language records. And in addition to its large volume, this evidence is also extremely important—indeed, essential—to the Government's case. In particular, this investigation and the Government's case-in-chief involves Arabic communications that range from intercepted phone calls and battlefield documents that have been the subject of much litigation to email and social media account information and communications. The Government intends to use much of this at trial, which will necessarily involve entering transcripts and translations into evidence. On September 15, 2026, the Government produced the transcripts attached as Exhibits 1-21 to the defense in anticipation of trial.

## Legal Standard

The Fifth Circuit has made clear that the use of transcripts and translations at trial should be a collaborative process involving the district court and parties. Time and again it has reiterated the same "procedure" that it favors, so many times that it bears block-quoting:

> Initially, the district court and the parties should make an effort to produce an "official" or "stipulated" transcript, one which satisfies all sides. If such an "official" transcript cannot be produced, then each side should produce its own version of a transcript or its own version of the disputed portions. In addition, each

> side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version.

*United States v. Onori*, 535 F.2d 938, 947-49 (5th Cir.1976); *United States v. Wilson*, 578 F.2d 67, 69-70 (5th Cir. 1978); *United States v. Llinas*, 603 F.2d 506, 509 (5th Cir. 1979). The Fifth Circuit has further observed that "[t]his procedure is well suited to cases such as that … where the transcript is an English translation of a foreign language conversation." *Llinas*, 603 F.2d at 509-10, while also explaining that "if there is a dispute as to the contents of a foreign language recording[,] the burden will lie with the respective parties to present transcripts or other evidence to support their version of the conversation," *id*.

## Argument

The Fifth Circuit endorses pre-trial collaboration on transcripts for a reason: transcribing and translating evidence is among the most time-consuming aspects of trial preparation, and there is no reason for parties to be bickering in the days before trial, much less at the trial itself, over what translations will be admitted as evidence. That is especially true in a case like this, where the Government's case consists *primarily* of foreign-language documents and recordings translated from Arabic to English. And the Government has made no secret of the evidence that it intends to use, producing the 21 proposed transcripts and translations attached to this Motion more than six months before trial, in the name of having a smooth, orderly trial presentation.

Through this Motion, the Government asks this Court to push this aspect of the case ahead in a manner the Fifth Circuit contemplates by giving the defense a reasonable deadline for either producing competing transcripts and translations or identifying the disputed portions. The Government asks that this hearing be set well before trial, before the turn of the year, to avoid surprise and delay in an area where the Fifth Circuit rightly recognizes there to be no need for any. While the Government continues to develop its trial exhibits and settle upon the evidence it intends

to introduce, it will continue to promptly confer with the defense to ensure adequate time for them to confer with linguists. But the Government asks for the Court to be involved in this process to the extent that the Fifth Circuit contemplates by setting the hard deadlines of November 30 for the Government and December 14 for the defense in anticipation of the Court's December 21 pre-trial conference.

## CONCLUSION

For all these reasons, the Government respectfully submits that this Court should enter an order setting a hearing for December 21, 2026, at which the Court will hear from both parties as to the potential for stipulated transcripts and translations, with the Government having produced its transcripts and translations to the defense on or before November 30 and the defense having produced its own on December 14.

Dated: September 15, 2026

Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

By: *_/s/ Zachary A. Keller_*

ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: Zachary.keller@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005

Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that on August 18, 2026, I conferred with Assistant Federal Public Defenders Dustin Talbot and Aaron Adams about another pre-trial motion in this matter, and on August 21, AFPD Talbot advised that the defense would not be stipulating to any matters at this time. As a result, the Government understands this Motion to be opposed.

*/s/ Zachary A. Keller*
Zachary A. Keller
United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Zachary A. Keller*
Zachary A. Keller
United States Attorney