UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB AL-MUHTADI,

Defendant,

_______________________________________/

CRIMINAL NO. 6:25-CR-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS THE FRUITS OF THE GOOGLE GEOFENCE WARRANTS AND TO COMPEL DISCLOSURE OF THE ORIGIN OF THE IDENTIFICATION**

The United States respectfully submits the following Response to the Defendant's Motion to Suppress the Fruits of the Google Geofence Warrants and to Compel Disclosure of the Origin of the Identification. [Doc. 111]. For the following reasons, the Defendant's motion should be denied and the Court need make no findings as to the myriad issues raised in the defense motion.

A geofence warrant allows law enforcement to obtain information that technology companies collect about their users' cell-phone locations. *Chatrie v. United States*, 609 U.S. ___, 146 S. Ct. 2193, 2199 (2026) (vacating Fourth Circuit's *en banc* decision affirming the denial of defense motion to suppress geofence warrant evidence).[1] This tool allows law enforcement officials to draw a "geofence"—a virtual perimeter—around the crime scene and get a warrant compelling a company to hand

---

[1] *See also United States v. Smith,* 110 F.4th 817, 840 (5th Cir. 2024) (holding, as a matter of first impression, that geofence warrants are "modern-day general warrants and are unconstitutional under the Fourth Amendment").

over data about the cell phones located in that area near the time of the crime." *Id.* The warrants typically lay out a multi-step process, in which the company will turn over data to the government and eventually identify by name one or more of the users in the disclosed location. *Id.*

Following the HAMAS-led attacks on Israel on October 7, 2023, the United States Justice Department and the Federal Bureau of Investigation immediately began to investigate the murder and hostage-taking of dozens of American citizens. This eventually led to the formation of the "Joint Task Force 10-7," which then-Attorney General Pamela Bondi announced on her first day in office. The Joint Task Force focused on targeting, charging, and securing for prosecution in the United States perpetrators of the attacks. In the course of the investigation and to help identify perpetrators of the attacks, the FBI obtained five geofence warrants covering geographic areas in the "Gaza envelope," that is, the region in southern Israel surrounding the Gaza strip.

In his motion, the defendant seeks a declaration or assertion from the United States regarding whether the fruits of any of the five geofence warrants discussed above provided evidence of Al-Muhtadi's participation in the 10/7 attacks. To the extent the answer to that question is "yes," the defendant seeks suppression of that evidence under any of a variety of theories, including standing, the prohibition on general warrants, and lack of the good-faith exception. [Doc. 111-1, p. 2]. Alternatively, he seeks disclosure of Israeli sources used to confirm his participation.

The Court need not address the issues and arguments raised in the defendant's motion. The United States asserts that the Al-Muhtadi's email address and/or associated account recovery cellphone number did not appear in any of the geofence returns, and accordingly, no fruits from any geofence warrants played a role in identifying Al-Muhtadi as a participant in the October 7 attacks. Accordingly, the defendant's speculative motion is based on a false premise. It is moot, and this Court need not resolve any of the legal arguments raised in the defendant's motion.[2]

For all these reasons, the Court should deny the Motion without a hearing.

Dated: September 29, 2026

Respectfully submitted,
ZACHARY A. KELLER
UNITED STATES ATTORNEY

By: *__/s/ John W. Nickel__*
JOHN W. NICKEL
ZACHARY A. KELLER
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: john.nickel@usdoj.gov

---

[2] If the Court should conclude that an evidentiary hearing is necessary, an FBI agent with knowledge of the geofence warrants will testify categorically that geofence warrants played no part whatsoever in the identification of the defendant.

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/John W. Nickel*
John W. Nickel
Assistant United States Attorney