UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

**DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE PRECLUDING IMPROPER DEFENSES AND ARGUMENT**

[Page intentionally left blank]

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. THE DEFENSE DOES NOT CONTEST THE PROPOSITIONS OF LAW THE MOTION RECITES .......... 2

III. FOUR OF THE REQUESTS WOULD DECIDE MOTIONS THAT ARE SEPARATELY PENDING .......... 2

- A. Request 6 rests on a premise that was incorrect when the motion was filed, and seeks relief that *Crane* forbids .......... 2
- B. Request 4(3) rests on a ruling the cited document does not contain .......... 4
- C. Requests 4(1) and 7 reach litigation that is pending or has not begun .......... 6

IV. REQUEST 2 SEEKS A PRECLUSION ORDER BEFORE THE DEADLINE IT ASSUMES WILL BE MISSED .......... 7

V. REQUEST 1 WOULD PRECLUDE WHAT THE GOVERNMENT CONCEDES MUST BE EXPLAINED .......... 8

VI. CONCLUSION .......... 10

CERTIFICATE OF SERVICE .......... 11

# TABLE OF AUTHORITIES

## CASES

*Crane v. Kentucky*, 476 U.S. 683 (1986) .......... 2-4

*Taylor v. Illinois*, 484 U.S. 400 (1988) .......... 8

*United States v. Bond*, 87 F.3d 695 (5th Cir. 1996) .......... 1

*United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011) .......... 9

*United States v. Montos*, 421 F.2d 215 (5th Cir. 1970) .......... 4

*United States v. Svete*, 556 F.3d 1157 (11th Cir. 2009) .......... 1

## CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. I .......... 2

U.S. CONST. amend. IV .......... 3

## STATUTES

8 U.S.C. § 1189(a)(8) .......... 2

18 U.S.C. § 1001(a)(2) .......... 6

18 U.S.C. § 1546(a) .......... 6

18 U.S.C. § 2339B .......... 2

## RULES

FED. R. CRIM. P. 12(b)(3)(B)(v) .......... 6

FED. R. CRIM. P. 12.1 .......... 7-8

FED. R. CRIM. P. 15 .......... 7

FED. R. EVID. 104(e) .......... 4

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

**DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE PRECLUDING IMPROPER DEFENSES AND ARGUMENT**

NOW INTO COURT, through undersigned counsel, comes the defendant, Mahmoud Al-Muhtadi, who files this opposition to the government's motion in limine to preclude various defense arguments at trial. Doc. 98.

## I. INTRODUCTION

The government's motion seeks eight orders. Doc. 98 at 2.[1] The defense does not contest most of the law the motion recites, and Part I states plainly what the defense will not argue at trial. The difficulty is with the rest. Four of the eight requests are not evidentiary rulings at all. They would decide, in advance and on a motion in limine, questions that are the subject of motions now pending, a deadline

[1] Two citations in the motion appear to contain typographical errors that may slow retrieval. *United States v. Svete* is reported at 556 F.3d 1157, and the pinpoint given as "1665" appears to be 1167. Doc. 98 at 15. The pinpoint for *United States v. Bond*, 87 F.3d 695, is given as "699-670." *Id.* at 22.

that has not run, and a CIPA process that has produced no ruling to enforce.

The Court should deny requests 1, 2, 4(1), 4(3), 6, and 7, accept the concessions in Part I in lieu of an order on requests 3 and 5, and defer request 8.

## II. THE DEFENSE DOES NOT CONTEST THE PROPOSITIONS OF LAW THE MOTION RECITES

Much of this motion can be resolved by concession. The defense will not ask the jury to disregard the law, to acquit out of sympathy, or to decide this case on bias or prejudice of any kind. It will not argue for acquittal because the charged conduct occurred abroad, and it will not refer to punishment. It will not challenge the designation of *Hamas* as a foreign terrorist organization. *See* 8 U.S.C. § 1189(a)(8). It will not present a public-authority or insanity defense; counsel so advised the Court on August 4, Doc. 114 at 89:19-23, and confirms it here without qualification. It does not contend that religious compulsion or a First Amendment right of association is a defense to 18 U.S.C. § 2339B. And it does not oppose request 3, which asks that the defense not argue necessity, justification, or duress "without proffering facts it intends to prove that meet all required elements of the defenses." Doc. 98 at 2.

Put plainly, the defense intends to follow the law and no Court order is needed to compel that compliance.

## III. FOUR OF THE REQUESTS WOULD DECIDE MOTIONS THAT ARE SEPARATELY PENDING

### A. Request 6 rests on a premise that was incorrect when the motion was filed, and seeks relief that *Crane* forbids

Section E states that "the defense has not filed a motion to suppress any materials collected," and that "if it does then it will need to do so by this Court's

September 15 pre-trial motions deadline." Doc. 98 at 16. It did. On September 15 the defense moved to suppress the products of Israeli warrantless surveillance, Doc. 109, and the fruits of the Google geofence warrants, Doc. 111. Both are set for the November 3 hearing. No order should rest on their absence.

Section E seeks more than that. It would preclude the defense from "casting doubt or aspersions upon the Government or its evidence." Doc. 98 at 16. If that means counsel may not tell the jury the Fourth Amendment was violated, no order is needed; the defense does not presently intend that argument. Constitutional violations are for the Court not the jury to decide. If it means counsel may not show the jury how the government's evidence was gathered, it is contrary to the very case the government cites.

*Crane v. Kentucky*, 476 U.S. 683 (1986), holds both halves of the proposition, and the page the Government cites holds nearly the opposite of what it is offered for. A pretrial voluntariness ruling, the Court said, "does not undercut the defendant's traditional prerogative to challenge the confession's reliability during the course of the trial," because "questions of credibility, whether of a witness or of a confession, are for the jury." *Id.* at 688. The Court continued: "regardless of whether the defendant marshaled the same evidence earlier in support of an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant's case may stand or fall on his ability to convince the jury that the manner in which the confession was obtained casts doubt on its credibility." *Id.* at 689. That "simple

insight," the Court explained, "is reflected in . . . the Federal Rules of Evidence, FED. RULE EVID. 104(e) . . . ." *Id.* The "blanket exclusion of the proffered testimony about the circumstances of petitioner's confession deprived him of a fair trial." *Id.* at 690. *Crane* arose from a confession, but its rationale concerns the credibility of the Government's proof and applies with equal force to intercepted communications whose provenance the defense disputes.

*United States v. Montos*, 421 F.2d 215 (5th Cir. 1970), supplies no contrary rule. The sentence the motion quotes begins with a word the quotation omits: "*Ordinarily*, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial." *Id.* at 220 (emphasis added). The opinion then states that "[o]ccasions will arise, however, when a pretrial denial of a motion to suppress is not binding upon the trial judge," and that "[i]f new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *Id. Montos* is about relitigating suppression before the judge. It says nothing about what the jury may hear concerning where the Government's evidence came from — a question of weight, not legality.

**B. Request 4(3) rests on a ruling the cited document does not contain**

Section D.3 would preclude any suggestion that the government acted "at the behest of, or in concert with, the State of Israel," because "the Court has found that

the State of Israel was not a part of the prosecution team, *see* Doc. 89 (denying defense motion to compel because, among other things, the Israeli government is not part of the prosecution team)." Doc. 98 at 14. Document 89 contains no such finding. It is a two-page minute entry recording that Document 74 was "DENIED in part . . . as stated on the record," with no reasons given; the words "Israel" and "prosecution team" do not appear in it. The Court's oral ruling was not docketed until September 17, two days after this motion was filed. Doc. 114.

That ruling, now available, is narrower than the motion's description of it. The Court did not find that Israel was outside the prosecution team; it declined to find that Israel was inside it. Its words were: "Based on the testimony today and the documents that I have seen, I do not find that Israeli intelligence or police forces were part of the prosecution team based on the manner of investigation by the FBI of this case," and it completed the thought this way: "so I do not find that the Government's discovery obligations include anything in the possession of Israeli agencies." Doc. 114 at 87:13-20. The ruling fixed the scope of the duty to produce, at the close of a hearing the Court described as being about "what you want from the Government in discovery." *Id.* at 82:5-6. It did not decide what the jury may be told about where the government's evidence came from — and it found that the documents the government intends to use at trial were obtained from Israeli agencies "in accordance with established protocols." *Id.* at 87:16-19.

The Court addressed the point directly. When counsel pressed the

government's reliance on materials assembled by an Israeli task force, the Court asked: "Isn't that something you will want to ask the Government's witnesses at trial? I mean, isn't that all stuff that you would ask at trial?" *Id.* at 81:25-82:2. Government counsel agreed, explaining that "our only burden at trial is to show that the document purports to be what it is and anything behind that goes to weight, not admissibility," and that "the jurors can say in the jury room, well, we don't know where those came from. They can decide to discount them." *Id.* at 84:6-11. That concession cannot be squared with request 4(3). Neither can the government's companion motion to authenticate six intercepted calls on the certificate of an Israel Security Agency supervisor identified only as "Maya." Doc. 99. Granting both would admit foreign intelligence product on an anonymous certificate while forbidding the jury to learn where it came from.

**C. Requests 4(1) and 7 reach litigation that is pending or has not begun**

Request 4(1) would preclude arguing "that a crime being extraterritorial makes it inappropriate to prosecute here." Doc. 98 at 2. As an argument to the jury, the defense does not intend to make it. But whether 18 U.S.C. §§ 1546(a) and 1001(a)(2) reach the conduct charged in Counts 3 and 4 is the subject of a pending motion under Rule 12(b)(3)(B)(v). Doc. 105. Any order should state expressly that it does not reach that motion.

Request 7 would preclude reference to "the existence or non-existence of classified, non-discoverable evidence covered by" CIPA. *Id.* The defense does not

dispute that CIPA, once applied, ordinarily forecloses comment on what it protects. But the government's public CIPA filing is a one-page caption sheet stating no grounds, Doc. 103, no section 4 submission has been ruled on, and nothing has yet been lawfully withheld as part of the CIPA process, Doc. 98 at 19 (section heading). The request should be taken up when there is a ruling to enforce.

## IV. REQUEST 2 SEEKS A PRECLUSION ORDER BEFORE THE DEADLINE IT ASSUMES WILL BE MISSED

Section B asks the Court to preclude alibi, public authority, and insanity. Doc. 98 at 8-9. The latter two are conceded above, so no order is needed. As to alibi, the request is that "if the defense fails to provide its alibi defense by October 30, then this Court should enter an order precluding all three defenses at trial." *Id.* at 9.

The defense will serve its Rule 12.1 notice by October 30. That is the date this Court set, Doc. 66 at 3, the date the defense proposed, Doc. 75, and the date the Court confirmed on August 4 when it denied the Government's motion to compel — a disposition the motion does not mention. Doc. 89 ("DENIED [73] Motion to Compel Rule 12 Defenses by the USA and confirmed the Defendant's October 30, 2026, deadline"). Counsel told the Court, "We will provide the notice," Doc. 114 at 89:25, and the Court observed that the government would "still have November, December, and January to respond," *id.* at 90:1-3. Potential alibi witnesses will in any event be identified sooner, in the Rule 15 deposition motions the Court ordered filed by September 23. Doc. 89 at 2. And the Government already holds statements describing the Defendant as "claiming to be at home during the October 7 attacks." Doc. 98 at

22.

Nothing supports a conditional, self-executing sanction. Rule 12.1(d) permits the Court to excuse "any requirement of Rule 12.1(a)-(c)" for good cause, and an order entered now would commit the Court in advance on facts that do not yet exist. Rule 12.1(e) authorizes exclusion only of "the testimony of any undisclosed witness," and provides that the rule "does not limit the defendant's right to testify," so an order precluding "alibi" as such would sweep in testimony the rule protects. Preclusion is the "severest sanction," reserved for "willful misconduct." *Taylor v. Illinois*, 484 U.S. 400, 417 (1988). There has been no violation here, let alone a willful one. And no authority permits a missed Rule 12.1 deadline to trigger preclusion of "all three defenses," Doc. 98 at 9, two of which are governed by different rules and have already been disclaimed.

## V. REQUEST 1 WOULD PRECLUDE WHAT THE GOVERNMENT CONCEDES MUST BE EXPLAINED

Request 1 would bar the defense from raising "Middle Eastern wars, Israeli-Palestinian relations, American-Israeli relations, or any other geopolitical dynamic . . . in either argument or cross examination." Doc. 98 at 2. The motion concedes the premises that defeat it. The Defendant and his associates in the DFLP "hold views about Israel's relationship with Gaza that color the conduct at issue here. And some explanation of that will be necessary." *Id.* at 6. "[T]he Government's case-in-chief will inherently involve proving up political ideology to show the Defendant's motive and intent." *Id.* at 7. By separate motion the government seeks leave to prove exactly that.

Doc. 100; *see* Doc. 98 at 1, 6 n.1.

The motion limits its concession, but not in a way that saves request 1. The full sentence adds that the government's ideology proof "does not open the door to the defense justifying or explaining the reasons the Defendant holds that ideology." *Id.* at 7. The defense does not propose to justify anyone's ideology. But some account of the groups operating in Gaza, the reasons they exist, and their conflict with Israel is unavoidable in a trial about whether this Defendant supported *Hamas*, and request 1 is not drawn to permit it. The request removes "Israeli-Palestinian relations, American-Israeli relations, or any other geopolitical dynamic" from argument and from cross-examination altogether. *Id.* at 2. The Government's own authority does not reach that far. *United States v. El-Mezain*, 664 F.3d 467, 509-11 (5th Cir. 2011), affirmed a Rule 403 ruling under a deferential standard of review; it did not hold that this subject belongs to one party. A defendant may not be barred from cross-examining on a subject the government has put in issue in its case-in-chief.

The point is concrete. Counts 1 and 2 charge material support to *Hamas*, but much of the Government's proof concerns the DFLP and the National Resistance Brigades, and the government's own request for judicial notice states that the DFLP was a designated foreign terrorist organization only from 1997 to 1999. Doc. 96 at 1. Whether those organizations operated as the joint venture the government alleges bears on an element of Counts 1 and 2, and the defense cannot cross-examine on that question without the history request 1 would forbid. Meanwhile, "any other

geopolitical dynamic" is not a standard counsel can apply at sidebar; an order in those terms would put counsel to a choice between abandoning cross-examination and risking contempt.

## VI. CONCLUSION

The defense respectfully requests that the Court deny requests 1, 2, 4(1), 4(3), 6, and 7; accept the concessions in Part I in lieu of an order on requests 3 and 5; and defer request 8 until the Government identifies the statements at issue.

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: *s/ Dustin C. Talbot*
DUSTIN C. TALBOT
First Assistant / Appellate Chief

*s/ Aaron A. Adams*
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 29, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*s/ Dustin C. Talbot*