UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN
YA'QUB AL-MUHTADI

Defendant
_______________________________/

CRIMINAL NO. 6:25-cr-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT DUE TO INABILITY TO INVESTIGATE AND PRESENT A DEFENSE**

The United States submits the following Opposition to Defendant's Memorandum of Law and Motion to Dismiss Superseding Indictment Due To Inability To Investigate And Present A Defense. [Doc. 116]. This opposition is filed along with the Government's Opposition to the Defendant's Motion for Rule 15 Depositions of Witnesses. [Doc. 117].

As explained herein, the Motion should be denied because dismissal, in the absence of the slightest allegation of government misconduct, would be an unprecedented exercise of the Court's authority. Additionally, the Defendant has not established prejudice because (1) destruction of evidence of which he complains is a direct result of the crime in which the Defendant participated; (2) the defense was dilatory in waiting 11 months after arrest to seek Rule 15 depositions, creating a crisis of its own making four months before the scheduled trial date, and (3) the facts

do not establish impossibility that the Defendant cites as a basis for dismissal of the Superseding Indictment.

## I. Relevant History and the Instant Motion

The Court and the parties are certainly familiar with the allegations against the Defendant. In simplest terms, the Government is prepared to prove that on the morning of October 7, 2023, the Defendant Al-Muhtadi heard the HAMAS call to arms to join the attack against Israel, and he answered. As documented in a series of intercepted phone calls, the Defendant gathered men, weapons, and ammunition, prepared to cross the border, and then did so at a place called Malaka near kibbutz Nahal Oz. Al-Muhtadi had trained for this for years as a member of the Democratic Front for the Liberation of Palestine's National Resistance Brigades, which operates under the auspices of the HAMAS-led Joint Operations Room with many other militant factions in Gaza.

On September 23, 2026, the defense filed a motion to depose four purported alibi witnesses who are all family members of the Defendant. [Doc. 117.] While simultaneously seeking Rule 15 depositions, the defense filed the instant motion to dismiss the Superseding Indictment, arguing before it even attempted to obtain depositions that the very assistance it seeks from the Court is impossible. [Doc. 116].

Subsequent events have affected the representations in the pending Motion to Dismiss. A status conference was held on September 29, 2026. The Court directed the parties to explore what options may be available to secure deposition testimony, perhaps at the U.S. Embassy Branch Office in Tel Aviv, or the U.S. Embassy in

Jerusalem. The defense noted that the purported witnesses wanted to testify. The prosecution team asked for identifiers for the four individuals including full name, date of birth, Palestinian ID number, and a copy of the witness's Palestinian travel document. The government also noted that Israel may refuse any such request to facilitate depositions altogether, but the Government would of course abide by the Court's directives.

## II. LEGAL STANDARD

Dismissal of an indictment is the ultimate sanction against the government in a criminal case. It is typically reserved for defects in instituting the prosecution or defects in the indictment itself. *See* Fed.R.Crim.P. 12(b)(3)(A) and (B). Even in such circumstances, dismissal is warranted "only where the government's misconduct has prejudiced the defendant." *United States v. Welborn,* 849 F.2d 980, 985 (5th Cir. 1988); *United States v. Fulmer,* 772 F.2d 1192, 1195 (5th Cir. 1983) ("a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant."); *United States v. Strouse,* 286 F.3d 767, 773 (5th Cir. 2002) ("we refuse to adopt the proposition that, absent perjury or government misconduct, an indictment is flawed simply because it is based on testimony that later may prove to be questionable"), *quoting United States v. Sullivan,* 578 F.2d 121, 124 (5th Cir. 1978); *United States v. Mancia-Perez,* 331 F.3d 464, 468 ("A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act.").

## III. Argument

In his motion, the Defendant does not allege defects in instituting the proceeding. He does not allege a flaw in the Superseding Indictment, and he does not allege government misconduct. Where none of these factors are alleged, much less established to a degree that actually prejudices the Defendant, dismissal of the Superseding Indictment would be both unwarranted and unprecedented.[1] On this basis alone, the motion to dismiss is due to be denied. *See United States v. Morrison,* 449 U.S. 361, 364 (1981) ("[W]e have implicitly recognized the necessity for preserving society's interest in the administration of criminal justice. Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests."). Even so, several of the defense allegations of prejudice are of its own making, and they warrant discussion.

### *A. Destruction of evidence is a direct consequence of the HAMAS attacks.*

In his motion, the Defendant attempts to establish prejudice by representing that it is impossible to conduct a routine investigation or collect evidence in Gaza, because it is a war zone overseas. [Doc. 116, pp. 5-8.] In these representations, the Defendant complains about the consequences of his own crime. It is the HAMAS-led attacks—in which the Defendant participated in—of October 7th that are directly responsible for the Israeli military response in Gaza. To accept a showing of prejudice based on circumstances which the Defendant helped cause would reward him for his

[1] "Admittedly, counsel can find no reported decision that has dismissed an indictment because the defense could not investigate abroad." [Doc. 116 at 2].

own crime and, by extension, confer immunity on similarly situated defendants found in the United States. Any such request to dismiss the Superseding Indictment on this basis should be rejected.

*Beyle* is directly on point. The defense in *United States v. Beyle* filed a motion to dismiss the indictment based on its inability to investigate or corroborate a duress defense. 782 F.3d 159, 165 (5th Cir. 2015). In *Beyle*, the two defendants were convicted of twenty-six criminal counts arising from the armed abduction and murder of four U.S. citizens off the coast of Somalia. *Id.* at 161. The defendants were part of a group of nineteen pirates who seized a yacht and captured four Americans on board. *Id.* The pirates headed for Somalia but were intercepted by the United States Navy. *Id.* During a confrontation with the Navy, the defendants and another pirate shot and killed the four American hostages. *Id.*

The district court denied the defendant's motion to dismiss for inability to investigate a duress defense, and the Fourth Circuit affirmed. *Id.* at 170. The Fourth Circuit reasoned that a criminal defendant's right to compulsory process is not unlimited. "Few rights," to be sure, "are more fundamental than that of an accused to present witnesses in his own defense," *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). But the right to compulsory process does not scorn practicality. *Beyle*, 782 F.3d at 170. Crucially, the "Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of *any* and *all* witnesses." *United States v. Valenzuela*, 458 U.S. 858, 867 (1982).

Those practical limits are significant for the transactional context in the Defendant's claims arise. It is a "well[-]established and undisputed principle that the process power of the district court does not extend to foreign nationals abroad." *United States v. Moussaoui*, 382 F.3d 453, 463–64 (4th Cir. 2004). A conviction does not become unconstitutional simply because the federal courts lack power to secure the appearance of a foreign national located outside the United States. *Id.* *See also* 28 U.S.C. § 1783(a) (providing for subpoenas of "a national or resident of the United States who is in a foreign country," but not referencing foreign nationals abroad). After all, "the Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it." *United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962).

In *Beyle*, the court noted that the defendant's inability to access the proffered witnesses arose primarily from the security situation in Somalia—a matter beyond the control of the U.S. government. *Beyle*, 782 F.3d at 171. The same is true here. The government security situation in Gaza is a matter beyond the control of the U.S. government. The *Beyle* court went on to reasons that "the domestic troubles within Somalia may complicate independent investigations or a potential service of process, but *such exogenous difficulties need not halt the operations of the criminal justice system in the United States. This is especially the case where the immediate obstacles are not of the government's making*." *Id.* (emphasis added).

The same is true in this case. The immediate obstacles that the defense faces are not of the government's making. Rather, these obstacles that exist arise out of

conflict in the Middle East that has existed for almost a century. As made evident by *Beyle*, dismissal of indictment is not the cure.

*B. The defense motion for Rule 15 depositions should have been filed months ago.*

At the initial appearance on October 17, 2025, the criminal complaint was read in its entirety to the Defendant in Arabic by a court interpreter. From that moment, the Defendant knew what he was facing. More than eleven months later, on September 23, 2026, the defense filed a motion to conduct Rule 15 depositions of four purported alibi witnesses. [Doc. 117.] The witnesses cited in the defense motion were not discovered by the defense investigator. Rather, they are all close relatives of the defendant—his father, his brother, his sister-in-law, and his nephew—all named Al-Muhtadi, whose names could or should have been shared with defense counsel early in these proceedings. *Id.*

With all the complexities involved in seeking a Rule 15 deposition, even more so when the witnesses live in Gaza, there is no explanation why the defense waited until four months before trial to seek Rule 15 depositions. The timeliness of the Rule 15 motion prejudices the Government, which has orchestrated complex logistics to prepare for trial on January 25, 2027. Because the defense was dilatory in filing the motion for Rule 15 depositions, he cannot now complain of alleged prejudice from his own inaction. The motion should be denied on that basis.

*C. The facts have not established impossibility regarding Rule 15 depositions.*

Even as he filed his motion for Rule 15 depositions, the Defendant filed the pending motion to dismiss the Superseding Indictment concluding that such

depositions are impossible. *Cf.* [Docs. 116, 117]. The facts do not bear out this assertion. At the September 29 status hearing, the Court signaled its willingness to order Rule 15 depositions, and it directed the parties to make preliminary efforts to set the process in motion. While formally opposing the motion for Rule 15 depositions, the government has nevertheless complied with the Court's directives. At this time, it is unknown if Israel will cooperate in the defense efforts to secure depositions. Because the allegation of impossibility regarding depositions is not established in fact, much less any prejudice stemming therefrom, the motion to dismiss should also be denied.

## IV. Conclusion

For the reasons stated, the Defendant's motion to dismiss the Superseding Indictment due to inability to investigate and present a defense should be denied.

Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

*s/ John W. Nickel*
ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: john.nickel@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 514-0849
Email: Andrew.sigler@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 7, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*s/ John W. Nickel*
JOHN W. NICKEL
Assistant United States Attorney