UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB AL-MUHTADI,

Defendant

CRIMINAL NO. 6:25-CR-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE PRECLUDING IMPROPER DEFENSES AND ARGUMENT**

The United States respectfully submits the following Reply to Defendant's Opposition to the United States' Motion in Limine Precluding Improper Defenses and Argument. [Doc. 127] (Opp.). The original Motion was filed at Doc. 98. (Mot.).

The government's overarching concern in its Motion is that the defense will distract the jury from their responsibility, that is: deciding whether the government has proven each of the elements of the crimes charged beyond a reasonable doubt. This case will be lengthy, but this Court can take steps to ensure that it is heard expeditiously, fairly, and unprejudicial. Fifth Circuit District Judges Association, Committee on Pattern Jury Instructions, Pattern Jury Instructions (Criminal Cases) § 1.01 (2024); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant

evidence."). Evidence admitted solely to encourage nullification is by definition irrelevant, and thus inadmissible, regardless of what other evidence might be introduced at trial. *See* Federal Rule of Evidence ("FRE") 401–02; *Shannon v. United States*, 512 U.S. 573, 579 (1994).

The government accepts the Defendant's concessions. The points that the defense takes issue with are prohibiting (1) arguments that the Defendant's rights were violated by the securing of any evidence presented by the government, (2) arguments claiming that the Israeli government was part of the prosecution team, (3) arguments implying that a crime being extraterritorial makes it inappropriate to prosecute in the United States, (4) arguments that reveal the existence or non-existence of classified, non-discoverable evidence covered by the Classified Information Procedures Act, (5) presenting an alibi defense, and (6) arguments concerning geopolitical dynamics in the Middle East in front of the jury. Each outstanding issue will be discussed below.

1. ARGUMENTS THAT THE DEFENDANT'S RIGHTS WERE VIOLATED BY THE SECURING OF EVIDENCE PRESENTED BY THE GOVERNMENT.

The government acknowledges that motions to suppress the intercepted phone calls and geofence warrants have been filed. As stated in its Response to Defendant's Motion to Suppress the Fruits of the Google Geofence Warrants and to Compel Disclosure of the Origin of the Identification [Doc. 120], the government does not plan to introduce any evidence concerning the returns of the geofence warrants. The motion seeking to suppress the calls remains. [Doc. 109]. If granted, this issue is moot. The government would not be able to use the calls. If denied, the calls come in.

If so, the government simply asks that the defense not make reference to the Defendant's rights being violated by capturing the calls. The defense acknowledges this limitation in their opposition. Opp. at 6. If this Court rules that no constitutional rights were violated in the capturing of these calls, the defense should not be able imply the calls were collected using illegal or suspect means. Arguments that the calls were collected by any government overreach is irrelevant to any element of the charged crimes, but it is highly prejudicial. *See* FRE 402. It is an argument sounding in nullification, which the defense acknowledges is improper. Arguments casting doubt on the reliability of the calls is of course fair game, but the government is weary of those arguments sounding in nullification rather than lack of reliability. Irrelevant testimony is not necessary for an adequate defense. *United States v. Romano*, 482 F.2d 1183, 1195 (5th Cir. 1973).

2. ARGUMENTS CLAIMING THAT THE ISRAELI GOVERNMENT WAS PART OF THE PROSECUTION TEAM

The defense is, of course, allowed to make arguments concerning the weight of admissible evidence. The government anticipates that the defense's cross-examination on the weight of the evidence will be extensive and rigorous. However, any mention that the State of Israel or any foreign government acted as an arm of the prosecution team is improper. As stated throughout this litigation, the government did not become aware of the Defendant's role in the October 7, 2023, attacks until May of 2025—approximately a year and a half after the events of October 7, 2023. [Doc. 82 at 10; Doc. 1-1 at 16 ¶ 28]. The government anticipates the defense will argue that the government could have gotten anything it wanted from

Israel. That is not true and is explained in detail in the United States' Response to Omnibus Motion to Compel. [Doc. 82]. The defense's interpretation of the government's argument on this point is overbroad. The defense is welcome to ask where evidence in this case came from—within the parameters of CIPA—but implying that the prosecution team worked hand-in-hand with Israel is improper and against the previous ruling of this Court. The government had to and did go through the proper protocol to receive evidence, which consisted of issuing Mutual Legal Assistance Treaty ("MLAT") requests that it could only hope would be honored by Israel or the receiving State.

3. ARGUMENTS IMPLYING THAT A CRIME BEING EXTRATERRITORIAL MAKES IT INAPPROPRIATE TO PROSECUTE IN THE UNITED STATES

The government accepts the defense's concession that it will not argue "that a crime being extraterritorial makes it inappropriate to prosecute here." [Doc. 127, p. 9]. The defense has filed a motion seeking to dismiss counts three and four of the superseding indictment under an extraterritorial jurisdiction argument. [Doc. 105]. If denied, the counts remain. What the government believes is improper is any argument along the lines of stating, "this is Israel's problem, they are the proper party to deal with Mr. Al-Muhtadi's actions." Such arguments are improper and inadmissible. Arguments that sound in nullification divert the jury from its sole duty: deciding whether the defendant is guilty of the specific charges presented based strictly on the evidence. *See United States v. Mix*, 791 F.3d 603, 609 (5th Cir. 2015); *see also United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020) ("Evidence admitted solely to encourage nullification is by definition irrelevant, and thus inadmissible,

regardless of what other evidence might be introduced at trial.") (internal citations omitted).

4. ARGUMENTS THAT REVEAL THE EXISTENCE OR NON-EXISTENCE OF CLASSIFIED, NON-DISCOVERABLE EVIDENCE COVERED BY THE CLASSIFIED INFORMATION PROCEDURES ACT

The parties agree that CIPA protects discussion or reference to classified materials. The government's CIPA motion remains pending with this Court. The government agrees that this point is moot until the Court enters an order concerning the government's CIPA motion. However, to meet this Court's motions deadline, the government filed its motion in anticipation of the CIPA motion being granted, and some areas of discussion at trial being off-limits.

5. PRESENTING AN ALIBI DEFENSE

The government maintains its position that an alibi defense is no defense at all. [Doc. 135]. However, the defense has until October 30, 2026, to state whether they are opting for an alibi defense or not. In the interim, this Court should enter a ruling stating that the defense is prohibited from referencing a public authority defense or an insanity defense at trial based on the defense's representations.

6. ARGUMENTS CONCERNING GEOPOLITICAL DYNAMICS IN THE MIDDLE EAST IN FRONT OF THE JURY

The government's request on this issue is narrower than the defense has interpreted it to be. "Moral disapprovals of a law are not defenses to violating the law." *United States v. Sprong*, 287 F.3d 663, 665 (7th Cir. 2002). The parties agree that some explanation of the history of geopolitical dynamics in the Middle East is necessary to explain the political and terrorist groups at play in this case. What is

improper is any argument that the Defendant's actions were justified because of any geopolitical dispute between Israel and Gaza. Furthermore, references to the living conditions in Gaza justifying the Defendant's actions are improper. In essence, any matters that do not tend to prove or disprove anything about the Defendant's conduct should be prohibited in this trial as improper and irrelevant.

## **Conclusion**

The government asks that its Motion be GRANTED. The government's principal concern is that the defense will make arguments at trial sounding in jury nullification. The events in this case happened thousands of miles away in a region that many jurors may be unfamiliar with. The defense may be tempted to argue that the Defendant's actions should not considered by the jury, and that Israel is the proper place for this case. But such arguments are improper. Likewise, any arguments to inflame the jury over political turmoil are improper. Granting the motion will set clear parameters of what is and what is not off-limits at trial, which would avoid jury confusion, delay, and improper prejudice as necessary to conduct a fair and impartial trial.

Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

*s/ John W. Nickel*
ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)

LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: john.nickel@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 514-0849
Email: Andrew.sigler@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 13, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*s/ John W. Nickel*
JOHN W. NICKEL
Assistant United States Attorney