**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**UNITED STATES OF AMERICA** **CRIMINAL NO. 25-00285-1**

**VERSUS** **JUDGE JOSEPH**

**MAHMOUD AMIN YA'QUB AL-MUHTADI**

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE DEATH-RESULTING ALLEGATIONS IN COUNTS 1 AND 2**

---

NOW INTO COURT comes the defendant, Mahmoud Al-Muhtadi, through undersigned counsel, who respectfully submits this reply in support of his motion to strike the death-resulting allegations in Counts 1 and 2 of the superseding indictment (Doc. 107).

## I. INTRODUCTION

The government "does not contest that but-for causation applies." (Doc. 125 at 8 n.4). But the rest of the government's opposition defends a different standard. The government says § 2339B "specifically criminalizes precisely contributing to terroristic conduct," which in its view makes the rule of *Burrage v. United States*, 571 U.S. 204 (2014), "incompatible" with the statute. (*Id.* at 10). And it says that participants in a coordinated attack "are responsible for the deaths that result from the actions of their conspirators and compatriots." (*Id.* at 12). That is the contribution

theory *Burrage* rejected, and it is the theory the government's bill of particulars disclosed. (Doc. 85 at 2-3).

The government's procedural objection does not change the question. It identifies no fact that a trial would supply. Instead, it asks the Court to decide the causation standard later, when "these issues are litigated through the jury instructions." (Doc. 125 at 7 n.3). The causation standard is a question of law now, as it will be then. The Court should strike the death-resulting allegations.

## II. Argument in Reply

### A. The government concedes that but-for causation governs, and the theory it defends is the contribution theory *Burrage* rejected

The government first asks the Court to "hold that *Burrage* doesn't apply to Section 2339B at all." (Doc. 125 at 8). It then concedes in a footnote that "but-for causation applies." (*Id.* at 8 n.4). The concession is correct. *Burrage* held that a death "results from" an offense only if it would not have occurred but for the defendant's conduct, and that the phrase is not satisfied by "a combination of factors to which drug use merely contributed." 571 U.S. at 211, 216, 218-19.

The government's own authorities apply that rule to § 2339B. The court in *United States v. Sharifullah* found "no meaningful way to distinguish between the penalty enhancement language in Section 2339B and that in Section 841(b)(1)(C)." 831 F. Supp. 3d 387, 390 (E.D. Va. 2026). The pattern instructions the government invokes (Doc. 125 at 10 n.6) point the same way. The hostage-taking statute uses the very words the government says set § 2339B apart from § 841, "if the death of any

person results" (Doc. 125 at 9), yet the instruction's note advises that "further instruction may be warranted to ensure the jury is informed as to the 'but-for' causation requirement," citing *Burrage*. Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.55 note (2024). The instruction's fourth element asks whether "the defendant's actions resulted in the death of any person," *id.* § 2.55, and the kidnapping instruction asks whether "the defendant's actions caused a person's death," *id.* § 2.54.

*Camacho v. English*, 872 F.3d 811 (7th Cir. 2017), does not support a different rule. It was a 28 U.S.C. § 2241 appeal that rested independently on the fact that the petitioner was sentenced under a Guidelines cross-reference rather than the statute's death clause. *Id.* at 814-15. Its statement that "but-for causation is incompatible" with § 1201(a), *id.* at 814, rejects the very standard the government concedes. *Cf. United States v. Hayes*, 589 F.2d 811, 820 (5th Cir. 1979) (holding that § 242's "if death results" clause requires "that death ensued as a proximate result" of the violation); *United States v. Covington*, 180 F.4th 576, 584, 587 (4th Cir. 2026) (following *Hayes* and holding that bodily injury "results from" a § 242 violation only if the defendant's conduct was "both the but-for and proximate cause" of the injury).

The government is right that § 2339B criminalizes contributing to terrorism. (Doc. 125 at 10). But that is the base offense, which carries twenty years whether or not anyone dies. The death clause adds a result to that conduct, and a result element is what *Burrage* construed. 571 U.S. at 210-11. If contributing to terrorism satisfied

the clause, every § 2339B offense connected to a lethal attack would carry life, and the clause would do no work.

The government's Fifth Circuit cases do not help it. It quotes *Gaspar-Felipe* for the point that a result can have many but-for causes, and *Salinas* for the statement that but-for causation is "not a difficult burden to meet." (Doc. 125 at 11-12, 14, 15). Both cases applied a Sentencing Guidelines enhancement, and both asked whether the defendant's own conduct caused an identified death. *United States v. Salinas*, 918 F.3d 463, 467 (5th Cir. 2019) ("No criminal conduct, no running. No running, no death. The defendants' conduct was the but-for cause of Martinez's death . . . ."); *United States v. Gaspar-Felipe*, 4 F.4th 330, 343-44 (5th Cir. 2021) (applying the Guidelines death enhancement because, absent the defendant's guiding the decedent from Mexico to Texas, the decedent would not have been in the car where he was killed). In *United States v. Thompson*, 945 F.3d 340 (5th Cir. 2019), the jury found that the victim was injured by "heroin distributed by Michael Deon Thompson," and the court held that Thompson need not "be the final link in the causal chain" and that the heroin need not have been the only cause of the injury. 945 F.3d at 343, 345. That is the standard the motion asks the Court to apply: an identified death and the defendant's own conduct. The bill of particulars does not allege that any identified person would have lived but for Mr. Al-Muhtadi's conduct. (Doc. 85 at 2-3).

### B. Conspirator liability cannot supply the causal link the statute requires

The government's alternative is that people who join a coordinated attack "are

responsible for the deaths that result from the actions of their conspirators and compatriots." (Doc. 125 at 12). Its standard, it says, "permits both the type of conspirator liability and causal chain that the Government's evidence will prove." (*Id.* at 15). That theory fails on both counts. Count 1 charges only a conspiracy. (Doc. 60 at 2-3). In this circuit, "*Pinkerton* liability arises only when a conspirator is charged with a substantive offense arising from the actions of a co-conspirator, not where, as here, a conspirator is charged solely with conspiracy." *United States v. Alvarado-Casas*, 715 F.3d 945, 951 n.6 (5th Cir. 2013). Count 2 charges both providing and attempting to provide support (Doc. 60 at 3-4), and support that was never delivered cannot be the but-for cause of a death. As to the completed offense, *Pinkerton* and aiding-and-abetting liability attribute another person's conduct to the defendant; neither establishes that the defendant's conduct caused a death. (Doc. 107-1 at 12-13). The government does not address these points. In opposing the companion motion, the government told the Court that Mr. Al-Muhtadi "is being charged for his conduct on the morning of October 7, 2023," and that "[t]he charge does not depend on the group to which the Defendant belongs, but on his own actions in support of HAMAS." (Doc. 126 at 12-13). A charge that depends on his own actions cannot carry a death element that depends on everyone else's.

The government's principal authority for measuring causation by the conspiracy is the Rule 29 ruling in *Sharifullah*. (Doc. 125 at 12-13). The court there denied the defendant's Rule 29 motion, holding that a rational jury could find that

the conspiracy in which he participated was the but-for cause of the Abbey Gate deaths. *United States v. Sharifullah*, No. 1:25-cr-00143, Doc. 237 at 14, 23 (E.D. Va. Aug. 25, 2026). But the ruling differs from this case in each respect that matters. The jury "deadlocked" on whether death resulted, and the court held that the government "cannot as a matter of law retry the Defendant on the death-results element, absent the reversal and vacation of the conspiracy conviction." *Id.* at 1, 3 n.2. The indictment named Victims 1 through 13 and charged the deaths from a single bombing at Abbey Gate. *Id.* at 2. The evidence traced the defendant's scouting report through an ISIS-K leader to the bomber. *Id.* at 13-14. The court tied its reasoning to the fact that the defendant "was not charged with the substantive offense of providing material support in violation of Section 2339B, only a conspiracy to provide that support," *id.* at 11-12; *see id.* at 14 (asking "whether the charged conspiracy in which he participated had that effect"), so it says nothing about Count 2. And in applying the corroboration rule, the court rejected the government's argument that the attack alone corroborated the defendant's account of his part in it, because the attack, "without more, does not prove anything about Sharifullah's participation in the conspiracy that resulted in that attack and therefore does not sufficiently corroborate Sharifullah's statements of his participation in that conspiracy." *Id.* at 20. The court found corroboration elsewhere in the record, *id.* at 20-23, but it would not let the attack itself stand in for proof of what the defendant did. To the extent *Sharifullah* measured causation by the conspiracy rather than the defendant, it adopted the

conspiracy-wide rule the Sixth Circuit has refused to apply to a death element. *United States v. Hamm*, 952 F.3d 728, 741, 747 (6th Cir. 2020).

*Kandic* does not help the government either. (Doc. 125 at 13-14). The Second Circuit did not discuss causation. It held that "if a statute provides for a 'death results' element, the government should ordinarily specify the set of possible resulting deaths, either in the indictment itself or in a subsequent bill of particulars." *United States v. Kandic*, 134 F.4th 92, 101 (2d Cir. 2025). And the named decedent was a recruit Kandic himself brought to ISIS and encouraged to become a suicide bomber. *Id.* at 97. The district court footnote that the government reads as a ruling on *Pinkerton* (Doc. 125 at 14) says that the legal issues about the conspiracy's scope "are not new in the abstract" and notes that *Pinkerton* has generated many opinions. It does not decide whether *Pinkerton* can supply the death element. *United States v. Kandic*, 2022 WL 1406946, at *4 n.3 (E.D.N.Y. May 4, 2022). That same court referred to "the applicable but-for causation standard that attaches to the death results element." *Id.* at *4.

Finally, the government says this case is easier because it concerns "one single incident." (Doc. 125 at 14). That is the problem, not the answer. The October 7 attack caused approximately 1,200 deaths (Doc. 85 at 3 n.2), and under the government's theory every participant caused every one of them. The government's own affidavit reports that a Hamas paraglider crossed into Kfar Aza by approximately 6:40 a.m. and that Victim 1 "was shot and killed inside the house." (Doc. 1-1 at 8). It places Mr.

Al-Muhtadi's group across the border at approximately 9:33 a.m. (*Id.* at 6). The government's theory would count Victim 1's death without asking when it occurred or whether anything Mr. Al-Muhtadi did came before it.

### C. The motion presents a question of law, and the government identifies no fact that a trial would supply

The government says the motion asks the Court to weigh evidence. (Doc. 125 at 4-8). It does not. The motion accepts every allegation in the indictment and every representation in the bill of particulars. (Doc. 107-1 at 6). *United States v. Korn*, which the government quotes twice, states that pretrial resolution "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact," and adds, in the next sentence, that "[i]f a question of law is involved, then consideration of the motion is generally proper." 557 F.2d 1089, 1090 (5th Cir. 1977) (first quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974); then citing *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976)). The government's own district court decision says the same thing: "If the motion presents a purely legal question, then the district court can consider the motion." *United States v. deBerardinis*, 2021 WL 1680478, at *3 (W.D. La. Apr. 28, 2021). In two of the government's district court cases, the defense disputed the facts. *United States v. Dillon*, 2026 WL 1831755, at *2 (W.D. La. June 25, 2026); *United States v. Williams*, 2016 WL 10704732, at *2 (W.D. La. Jan. 14, 2016). In the third, the defense accepted the indictment's allegations, but the court found a fact question embedded in the element itself: whether the wire transfers furthered the scheme to defraud.

*deBerardinis*, 2021 WL 1680478, at *2-3. No comparable fact question exists here, because the theory the government has disclosed cannot satisfy the causation standard no matter what the evidence shows. The government even agrees that "a pre-trial determination of the law" is available, though in its view through "an entirely different motion," citing *Sharifullah*. (Doc. 125 at 7). The label does not matter. *Sharifullah* decided the § 2339B element before trial because "courts may decide the elements of an offense pretrial pursuant to Rule 12." 831 F. Supp. 3d at 388.

Nor does the government identify anything a trial would add. It says the bill is not "all there is" and that its testimony "will be evolving." (Doc. 125 at 6). But the Court ordered the government to identify "the factual basis or bases for the enhancement" (Doc. 80 at 8), and the bill answered with "[t]he Government's theory of the case." (Doc. 85 at 2). More evidence about the attack would not change a theory under which no death need be traced to Mr. Al-Muhtadi, and the government does not say it will offer a different one. Instead, it asks the Court to defer ruling on the causation standard "until after the Government has put on its case or these issues are litigated through the jury instructions." (Doc. 125 at 7 n.3). A question the Court would decide at the charge conference is a question of law. And because the bill states the only theory the government has disclosed, and that theory cannot satisfy the element, the allegation should not go to trial under a life maximum. The request to defer also supports the alternative relief of precluding proof by aggregate

contribution.

The government does not respond to the grand jury and variance arguments or to the alternative request for in camera review of the grand jury instructions. (Doc. 107-1 at 16-22). Its remaining arguments are answered in the opening memorandum. (*Id.* at 5-22).

## III. CONCLUSION

For these reasons and those in the opening memorandum, Mr. Al-Muhtadi respectfully asks the Court to strike the death-resulting allegations from Counts 1 and 2. In the alternative, he asks the Court to strike those allegations as surplusage under Federal Rule of Criminal Procedure 7(d), to preclude the government from proving the element by aggregate contribution to the October 7 attack, or to direct the government to produce for in camera review the portions of the grand jury transcript reflecting the instructions given on the death-resulting allegations in Counts 1 and 2.

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: ***s/ Dustin C. Talbot***
DUSTIN C. TALBOT
First Assistant / Appellate Chief

***s/ Aaron A. Adams***
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana

102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Dustin C. Talbot***