UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD AMIN YA'QUB AL-MUHTADI,

Defendant

CRIMINAL NO. 6:25-CR-00285
JUDGE JOSEPH
MAGISTRATE JUDGE WHITEHURST

**GOVERNMENT'S SECOND NOTICE**
**OF INTENT TO OFFER SELF-AUTHENTICATING RECORDS**

The United States of America hereby notifies the defense of its intent to introduce evidence subject to authentication procedures set forth in Title 18, United States Code, Section 3505 and Federal Rule of Evidence ("FRE") 902(13), as well as the hearsay exceptions set forth in FRE 803(6) and 807. The Government attaches the certifications to this Second Notice and will notify the defense of the trial exhibits subject to these authentication procedures and hearsay exceptions at the time it discloses its exhibit list.

This Notice concerns (1) the six phone calls intercepted by the Israeli Security Agency ("ISA"), headquartered in the State of Israel, and subject to motion practice at Docket Entry 99, with the certification attached as **Exhibit A**,[1] and (2) subscriber information provided by Telegram Messenger Inc. ("Telegram"), headquartered in the

[1] The defense has already objected to this evidence's introduction via Section 3505. *See* [Doc. 109] (opposition to Government's motion to admit pursuant to Section 3505). The Government includes the ISA records in this notice as a formality.

British Virgin Islands, attached as **Exhibits B** (unredacted) and **C** (redacted).[2]

**RELEVANT BACKGROUND**

The Defendant is being prosecuted for his role in the October 7 terrorist attacks in Israel and the visa fraud he perpetrated to enter the United States, *see* [Doc. 60], with the Defendant's participation described in the criminal complaint affidavit, *see* [Doc. 1-1]. We proceed to trial before this Court on January 25, 2027. *See* [Doc. 66].

While investigating the Defendant, the Government secured search warrants and issued subpoenas for records relating to a variety of business entities, with the investigation continuing after his arrest and ongoing still. At trial, the Government intends to introduce documents secured through these forms of process, with the records subject to self-authentication and hearsay exception as set forth herein. This Second Notice concerns intercepted phone calls and the Defendant's Telegram subscriber information, with Telegram one of the primary channels used by HAMAS to communicate with its associated groups and members.

**NOTICE**

As a general matter, "valid Rule 902(11) certificates are sufficient for admissibility," *United States v. Age*, 136 F.4th 193, 226 (5th Cir. 2025), and business records "are not testimonial because they were created in the ordinary course of business, not for the purpose of establishing or proving some fact at trial," *id.* (quotations omitted). The same is true of foreign certified records pursuant to 18

[2] The Government attaches Exhibit B as the certification and Exhibit C as the evidence the Government would enter at trial, which redacts extraneous information.

U.S.C. § 3505. Section 3505(a)(1) provides that foreign records of a regularly conducted activity "shall not be excluded as evidence by the hearsay rule if a foreign certificate attests" (1) that the record was made "at or near the time of the occurrence," (2) that it was "kept in the course of a regularly conducted activity," (3) that "the business activity made such a record as a regular practice," and (4) that the record "is a duplicate of the original." Section 3505(a)(2) further provides that "[a] foreign certification under this section shall authenticate such record or duplicate," and Section 3505(b) permits a party to offer "a foreign record of regularly conducted activity [with] written notice of that intention to each other party." 18 U.S.C. § 3505(b).

***1. The ISA's Six Intercepted Phone Calls.*** As the Government sets forth in its motion to admit these calls, *see* [Doc. 99], the Government's introduction of documents provided by the Israeli entity ISA is governed by 18 U.S.C. § 3505, and the "Maya Certificate" attached as Exhibit A fulfills the criteria set forth therein.

***2. Telegram Subscriber Records.*** The Government submits the certificate attached as Exhibit B, submitted from Telegram in response to a court order issued pursuant to 18 U.S.C. § 2703(d), as certifying the subscriber information for the Defendant's Telegram account. The Government intends to enter Exhibit C at trial as the record itself. This Second Notice provides two bases of self-authentication:

*First*, the subscriber information provided by Telegram is self-authenticating pursuant to FRE 902(13) as "[a] record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that

complies with the requirements of Rule 902(11) or (12)."[3] In the certificate Telegram provided, it expressly states that the subscriber information provided was "generated by Telegram's electronic process or system that, in the reasonable course of events, produces an accurate result." Ex. B. The certification further provides that "[t]he information provided are true duplicates of the original records in the custody of Telegram" and further provides that "the records were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters." Ex. B. It further notes that the subscriber records "were kept in the ordinary course of the regularly conducted business activity of Telegram, and they were made by Telegram as a regular practice." Ex. B.

In this, and in light of the fact that the Defendant's own visa application identifies the same Telegram subscriber number as Telegram maintained, which also matches the international telephone number he lists in the visa application as well, *see* **Exhibit D**,[4] Telegram's FRE 902(13) meets the requirements for FRE 803(6) because the Telegram certification meets the criteria set forth in FRE 803(6)(A)-(D) and the defense could not plausibly claim a lack of trustworthiness given Telegram responded to a court order on its official letterhead and provided identical subscriber information to that which the Defendant provides in his visa application. Alternatively, this evidence would be admissible under FRE 807's residual exception,

[3] FRE 902(13) also requires that "[t]he proponent must also meet the notice requirements of Rule 902(11)," which the Government does by filing this Second Notice as to this evidence.

[4] Exhibit D is a one-page excerpt from the Defendant's visa application, which was produced to the defense as the FBI serial numbered FBI-463150.

*see* [Doc. 203 at 27-31, attached as **Exhibit E**] of *United States v. Adam Stafford King*, No. 24-cr-153 (N.D. Ill. May 8, 2026) (holding an email from Telegram, without any type of certification, meets FRE 807's standards), and particularly so here given the Defendant corroborates the information himself, *see United States v. Hamama*, No. 08-20314, 2010 U.S. Dist. LEXIS 64956, at *19 (E.D. Mich. Jun. 30, 2010) (admitting documents via FRE 807 while finding that "the corroboration of the documents by Defendant's statements to the FBI and the Comerica bank records further supports a finding of trustworthiness" (citing *United States v. Dumeisi*, 424 F.3d 566, 576 (7th Cir. 2005)); *United States v. Burgess*, 99 F.4th 1175, 1184 (10th Cir. 2024) (finding trustworthiness based upon, among other things, prior consistent statement); FRE 807 (permitting hearsay where there is "sufficient guarantees of trustworthiness" in light of "evidence, if any, corroborating the statement").

*Second*, this certification is subject to Section 3505 because of Telegram's lack of a domestic United States presence, with Telegram maintaining its legal headquarters in the British Virgin Islands, its corporate headquarters in Abu Dhabi, and refusing to acknowledge being subject to U.S. jurisdiction. *See* Ex. B (Telegram stating that it does "not conced[e] that we are subject to U.S. jurisdiction for this or any other request or any purpose."). The Government submits that its compliance with Section 3505 makes it admissible under the same hearsay exceptions as under FRE 902(13). *See United States v. Anekwu,* 695 F.3d 967, 976 (9th Cir. 2012) (applying FRE 902(11) principles to Section 3505); *see also, Al-Imam*, 382 F. Supp. 3d 51, 59 (D.D.C. 2019) ("Every court that has addressed this issue has concluded that admission of certifications provided pursuant to Rule 803(6)—including § 3505 and its analogs in Rules 902(11) and (12)—does not

pose Confrontation Clause problems."); *United States v. Foster*, No. 20-186, 2024 U.S. Dist. LEXIS 8123, at *5-6 (N.D. Ohio Jan. 17, 2024) (applying FRE 902(11) principles to Section 3505).

## CONCLUSION

With this Second Notice, the defense is now apprised of records the Government intends to use that are subject to self-authentication parameters as set forth above. The Government respectfully requests that the defense should inform the Government of any objection relating to the Telegram certificate promptly. The Government reserves the right to supplement this disclosure with subsequent notices concerning other self-authenticating records.

Dated: October 15, 2026

Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

By: */s/ Zachary A. Keller*
ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: Zachary.keller@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER

Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Zachary A. Keller*
Zachary A. Keller
United States Attorney