UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | |

---

# NOTICE OF SERVICE OF RULE 12.1 NOTICE OF ALIBI DEFENSE AND INVOCATION OF THE GOVERNMENT'S RECIPROCAL DISCLOSURE OBLIGATIONS

---

NOW INTO COURT comes the defendant, Mahmoud Al-Muhtadi, through undersigned counsel, who gives notice that on October 30, 2026, he served his written notice of alibi defense under Federal Rule of Criminal Procedure 12.1(a)(2) on counsel for the government. The government requested that notice on June 22, 2026 (Doc. 67), and the Court's amended scheduling order set October 30, 2026, as the deadline for the defense's Rule 12.1 notice (Doc. 66 at 3). The Court confirmed that deadline on August 4, 2026 (Doc. 89 at 1). Mr. Al-Muhtadi served his notice in compliance with the Court's scheduling order.

Rule 12.1(a)(2) calls for service of the notice on an attorney for the government and does not require that the notice be filed. Because the notice contains confidential witness information, Mr. Al-Muhtadi has served it on counsel for the government and

has not filed it in the record. He will submit a copy under seal if the Court directs.

Mr. Al-Muhtadi's service of his notice triggers the government's reciprocal disclosure obligations under Rule 12.1(b), and he formally invokes them. The government must disclose in writing "the name of each witness—and the address and telephone number of each witness other than a victim—that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense," and "each government rebuttal witness to the defendant's alibi defense." FED. R. CRIM. P. 12.1(b)(1)(A)(i)-(ii). Unless the Court directs otherwise, the government must make that disclosure within 14 days after the defendant serves his notice, and no later than 14 days before trial. FED. R. CRIM. P. 12.1(b)(2). Because Mr. Al-Muhtadi served his notice on October 30, 2026, the government's Rule 12.1(b) disclosure is due on or before November 13, 2026.

Mr. Al-Muhtadi also invokes the government's continuing duty to disclose promptly, in writing, each additional witness it learns of before or during trial who should have been disclosed under Rule 12.1(b). FED. R. CRIM. P. 12.1(c)(1). If a party fails to comply with the rule, "the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." FED. R. CRIM. P. 12.1(e); *see United States v. Myers*, 550 F.2d 1036, 1041-43 (5th Cir. 1977) (holding that the government violated Rule 12.1(b) and (c) when it failed to disclose, before trial, witnesses it called to discredit the testimony of the defendant's alibi witness).

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: *s/ Dustin C. Talbot*
DUSTIN C. TALBOT
First Assistant / Appellate Chief

*s/ Aaron A. Adams*
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*s/ Dustin C. Talbot*