UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:25-cr-00285-01<br>JUDGE JOSEPH |
| v. | MAGISTRATE JUDGE WHITEHURST |
| MAHMOUD AMIN YA'QUB<br>AL-MUHTADI | |
| Defendant | |

**SUPPLEMENTAL EXPERT WITNESS DISCLOSURE AS TO**
**FBI SPECIAL AGENT KEVIN P. HOYLAND**

The United States of America, through undersigned counsel, respectfully submits the following supplemental expert notice (the "Supplemental Notice") as to FBI Special Agent Kevin P. Hoyland's expert testimony. This Supplemental Notice is an addition to SA Hoyland's expert notice concerning cell site location information, *see* [Doc. 93], and incorporates SA Hoyland's CV and prior testimony by reference, *see* [Docs. 93-1 & 93-2]. The Government submits this Supplemental Notice concerning geofence location information to "meet" the defense's proposed evidence, *see* [Doc. 160], pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C)(ii). It intends to present this evidence in its case-in-chief. *See United States v. Amirov*, No. 22 Cr. 438, 2025 U.S. Dist. LEXIS 35700, at *9-10 (S.D.N.Y. Feb. 27, 2025) (Rule 16(b)(1)(C)(ii) "provides that disclosure of the defendant's expert's opinions must be made … but 'sufficiently before trial to provide a fair opportunity for the government to meet the

defendant's evidence' Fed. R. Crim. P. 16(b)(1)(C)(ii) — presumably, if it wishes to do so, in its case in chief.").[1]

Agent Hoyland's qualifications, training, professional experience, and prior expert testimony supporting his ability to testify as to Google Location History is described in his curriculum vitae. In addition to the previously disclosed fields of expertise, Agent Hoyland would provide the following testimony concerning Google Location History:

1. The Structure and Methodology of Geofence Location Searches. As to the general parameters of a Google geofence search, SA Hoyland will explain a variety of topics relating to how Google collects data that it uses to generate geofence warrant responses, the mechanics for Google producing that data in terms of the form it takes, and how that data is then reviewed for possible matches with known persons. More specifically, SA Hoyland will testify that only certain types of cellular devices can support Google Location History.

SA Hoyland will testify that there is a requirement that the user of a cellular device manually opt-in to sharing Google Location History for that device to be captured within a geofence area. Google Location History is a service that Google account holders may choose to use to keep track of locations they have visited while in possession of their compatible mobile devices. Google Location History is not available to users who do not have a Google account. Users must explicitly opt in to

[1] Undersigned counsel conferred with defense counsel who does not object to the timeliness of this supplemental expert notice.

the service. For Google Location History to function and save information about a user's location, the user must take several steps—some tied to the mobile device, some tied to the Google account. Google Location History functions and saves a record of the user's travels only when the user opts into Google Location History as a setting on their Google account, enables the "Location Reporting" feature for at least one mobile device, enables the device-location setting on that mobile device (and for iOS devices provides the required device-level application locations permissions), powers on and signs into their Google account on that device, and then travels with it.

2. <u>The Limits of Geofence Location History, Including Smartphone Accessibility.</u> SA Hoyland will testify that geofence location history is limited to those cellular devices that have Google Location History manually enabled on the device. SA Hoyland will testify that even with Google Location History enabled, there is no guarantee that a cellular device will be within a geofence. SA Hoyland will testify that he agrees with Mr. McInvaille's proposed testimony, including that inclusion in a geofence production does not, by itself, establish presence at a particular address or inside a particular building; and why the absence of a responsive record does not, by itself, establish absence from an area.

3. <u>SA Hoyland's Conclusions for the Instant Case.</u> SA Hoyland will testify that the cellular device mentioned in his previous expert report in use on October 7, 2023, does not support Google applications and in turn does not support Google Location History. Consistent with this expert report, SA Hoyland will testify that this device was a Nokia 230 Dual Sim. SA Hoyland will testify that this type of device does not

have Google application capabilities. Therefore, this devices presence within a geofence would not be shown in the Google geofence returns.

The United States reserves the right to offer additional testimony by this expert, or other expert witness(es), and for the experts to amend or adjust their opinions and bases therefore, based on information perceived by or made known to the experts before or during trial.

Pursuant to FRCrP 16(a)(1)(G)(v), SA Hoyland has reviewed the above and by his signatures approve the disclosure on this the _24th day of November, 2026.

Respectfully,

ZACHARY A. KELLER
United States Attorney

___________________________
FBI SA Kevin P. Hoyland

___*s/ John W. Nickel*___________
JOHN W. NICKEL
Assistant United States Attorney
Western District of Louisiana